# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE SEMCRUDE, L.P., et al., | Case No. 08-11525 (BLS) |
| | Chapter 11 |
| Debtors. | (Jointly Administered) |
| LUKE OIL COMPANY, | |
| C & S OIL/CROSS PROPERTIES, INC., | |
| WAYNE THOMAS OIL AND GAS, | Adv. Proc. No. 08-_____ (BLS) |
| WILLIAM R. EARNHARDT CO., | |
| | CLASS ACTION |
| Plaintiffs, | |
| v. | |
| SEMCRUDE, L.P., | |
| CHEMICAL PETROLEUM | |
|     EXCHANGE, INCORPORATED, | |
| EAGLWING, L.P., | |
| GRAYSON PIPELINE, L.L.C., | |
| GREYHAWK GAS STORAGE | |
|     COMPANY, L.L.C., | |
| K.C. ASPHALT, L.L.C., | |
| SEMCANADA II, L.P., | |
| SEMCANADA, L.P., | |
| SEMCRUDE PIPELINE, L.L.C., | |
| SEMFUEL TRANSPORT, L.L.C., | |
| SEMMATERIALS VIETNAM, L.L.C., | |
| SEMGAS GATHERING, L.L.C., | |
| SEMKAN, L.L.C., | |
| SEMFUEL, L.P., | |
| SEMMANAGEMENT, L.L.C., | |
| SEMGAS STORAGE, L.L.C., | |
| SEMMATERIALS, L.P., | |
| SEMGAS, L.P., | |
| SEMTRUCKING, L.P., | |
| SEMGROUP ASIA, L.L.C., | |
| SEMSTREAM, L.P., | |
| STEUBEN DEVELOPMENT | |
|     COMPANY, L.L.C., | |
| SEMGROUP, L.P., | |
| SEMOPERATING G.P., L.L.C., | |
| SEMGROUP FINANCE CORP. | |
| Defendants. | |

## PLAINTIFFS' ADVERSARY COMPLAINT SEEKING CLASS ACTION CERTIFICATION AND FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, ACCOUNTING AND TURNOVER OF TRUST FUNDS

Pursuant to Federal Rule of Civil Procedure 23, made applicable hereto by Rule 7023 of the Federal Rules of Bankruptcy Procedure, Plaintiffs Luke Oil Company, C & S Oil / Cross Properties, Inc., Wayne Thomas Oil and Gas, and William R. Earnhardt Co., individually and on behalf of all other persons similarly situated (collectively, the "Plaintiffs" or "Class"), by and through their undersigned counsel, hereby submit this Complaint Seeking Class Action Certification and for Declaratory Relief, Injunctive Relief, Accounting and Turnover of Trust Funds (the "Complaint"), and in support thereof aver as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (2).

2. Venue of this adversary proceeding is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

### PARTIES

3. Plaintiff Luke Oil Company is an oil and gas interest owner with its principal place of business located in Bristow, Oklahoma.

4. Plaintiff C & S Oil / Cross Properties, Inc. is an oil and gas interest owner with its principal place of business located in Tulsa, Oklahoma.

5. Plaintiff Wayne Thomas Oil and Gas is an oil and gas interest owner with its principal place of business located in Bristow, Oklahoma.

2

6. Plaintiff William R. Earnhardt Co. is an oil and gas interest owner with its principal place of business located in Bristow, Oklahoma.

7. The Plaintiffs' wells were all located within the State of Oklahoma.

8. Defendants SemCrude, L.P., Chemical Petroleum Exchange, Incorporated, Eaglwing, L.P., Grayson Pipeline, L.L.C., Greyhawk Gas Storage Company, L.L.C., K.C. Asphalt, L.L.C., SemCanada II, L.P., SemCanada, L.P., SemCrude Pipeline, L.L.C., SemFuel Transport, L.L.C., SemMaterials Vietnam, L.L.C., SemGas Gathering, L.L.C., SemKan, L.L.C., SemFuel, L.P., SemManagement, L.L.C., SemGas Storage, L.L.C., SemMaterials, L.P., SemGas, L.P., SemTrucking, L.P., SemGroup Asia, L.L.C., SemStream, L.P., Steuben Development Company, L.L.C., SemGroup, L.P., SemOperating G.P., L.L.C., SemGroup Finance Corp. ("Defendants" or "SemCrude" or "Debtors") are debtors in the above-referenced Chapter 11 case. SemCrude filed petitions for voluntary relief in this Court on July 22, 2008 ("Petition Date"), and continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1008 of the Bankruptcy Code.

9. Defendants purchased the entire oil and gas production of each Plaintiff since at least 2006.

## INTRODUCTION

10. On the Petition Date, the Debtors filed a voluntary petition under Chapter 11 of Title 11, United States Bankruptcy Code. No trustee has been appointed in this case and the Debtors continue to operate as debtors-in-possession.

11. Plaintiffs are the owners of interests in oil and gas production from various wells located in the State of Oklahoma. Plaintiffs were authorized to sell and market the oil and gas production from such wells.

12. Defendants purchased from Plaintiffs the oil and gas produced from the wells since, at least, 2006.

13. Pursuant to the agreements between the parties, Defendants agreed to remit to Plaintiffs the purchase price for all oil purchased by Defendants on or before the 20th day of the month following delivery of the oil or gas to SemCrude.

14. Defendants purchased oil and gas from Plaintiffs on credit during June and July 2008 for which SemCrude has not issued payment. Based on information provided to each Plaintiff by SemCrude, Plaintiffs Luke Oil Company, C & S Oil / Cross Properties, Inc., Wayne Thomas Oil and Gas, and William R. Earnhardt Co. are owed $114,506.53, $34,405.85, $6,085.83, and $262,748.24, respectively, from SemCrude's purchase of Plaintiffs' production.

15. Pursuant to Title 52 §570.10 of the Oklahoma Production Revenue Standards Act, all revenue and proceeds from the sale of production (hereinafter "Trust Proceeds") are regarded as separate and distinct from all other funds until they are paid to the owners legally entitled thereto. Any person holding Trust Proceeds from the sale of production is required to hold such Trust Proceeds for the benefit of the owners legally entitled thereto.

16. Under Section 570.10, all Trust Proceeds received by Defendants resulting from the sale of the oil purchased by Defendants from Plaintiffs are separate and distinct

from all other funds of Defendants, and are required to be held in trust for the benefit of Plaintiffs.

17. The Oklahoma Production Revenue Standards Act §570.10(A) provides:

> All proceeds from the sale of production shall be regarded as separate and distinct from all other funds of any person receiving or holding the same until such time as such proceeds are paid to the owners legally entitled thereto. Any person holding revenue or proceeds from the sale of production shall hold such revenue or proceeds for the benefit of the owners legally entitled thereto. Nothing in this subsection shall create an express trust.

52 Okl. St. Ann. §570.10(A).

18. Thus, all revenue and proceeds derived from the sale of Plaintiffs' oil and gas must, under Oklahoma law, be held in trust until the Debtors have remitted full payment for Plaintiffs' June and July product.

19. Pursuant to 11 U.S.C. §541(d) and Bankruptcy Rule 7001(2), the Trust Proceeds held by the Debtors do not constitute property of the estate. As such, the Trust Proceeds are not subject to any lien rights asserted against or within the estate. *See, In re Bake-Line Group, LLC*, 359 B.R. 566, 571-72 (Bankr. D. Del. 2007) (Walsh, J.) (holding that property held by a debtor in constructive trust for another party never entered the debtor's bankruptcy estate).

## **CLASS ACTION ALLEGATIONS**

20. Plaintiffs bring this action individually and on behalf of all persons or entities similarly situated and seek certification of a Class, pursuant to Bankruptcy Rules 7023 and 9014 and Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure, consisting of all Oklahoma "owners," as defined in 52 Okl. St. Ann. §570.2, from whom

5

SemCrude purchased oil and gas production on credit and for which payments have not been issued.

21. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is currently unknown to Plaintiffs, according to the affidavit of Michael E. Terry, President of the Oklahoma Independent Petroleum Association ("OIPA"), there are approximately 116,000 oil and natural gas wells in Oklahoma, and the average oil well in Oklahoma produces only about 2.2 barrels of oil per day. (*See*, Docket No. 866, Exhibit A at Para. 10). SemCrude was a large buyer of oil and natural gas in Oklahoma, and was headquartered in Tulsa, Oklahoma. Upon information and belief, there are hundreds of putative Class members. SemCrude is in sole possession of the names and addresses of all putative class members.

22. The Plaintiffs are members of the Class as defined above, and their claims are typical of the claims of other Class members. Plaintiffs have sustained damages that arose out of SemCrude's failure or refusal to remit Trust Proceeds due to them for the sale of their oil and/or natural gas, and SemCrude holds those funds in trust for the benefit of all Class members.

23. There are numerous and substantial questions of law and fact common to all class members that will predominate over any questions that may affect only individual members, including but not limited to:

*      the applicability of 52 Okl. St. Ann. §570.10(A) to the Debtors' estate; and

*      whether Trust Proceeds collected by SemCrude from third parties derived from the sale of Oklahoma oil and/or natural gas owned by Class members are property of the bankruptcy estate.

24. Plaintiffs are representative parties who will fully and adequately protect the interests of the other Class members. Plaintiffs have retained counsel that are experienced and competent in class action and complex civil litigation and corporate bankruptcy matters. Plaintiffs have no interests adverse to the interests of the Class they seek to represent.

25. A Class action would be superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a Class action.

26. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, which could establish incompatible standards of conduct for SemCrude.

27. This Court has recently determined that an adversary proceeding is the only proper means to decide disputed property interests (such as those provided by 52 Okl. St. Ann. §570.10(A)) pursuant to 11 U.S.C. §541(d). *See In re Whitehall Jewelers Holdings, Inc.*, 2008 WL 2951974, Case No. 08-11261 (KG) (Bankr. D. Del. July 28, 2008).

28. Plaintiffs seek only Class certification pursuant to 52 Okl. St. Ann. §570.10(A), recognizing that other Oklahoma or federal remedies may exist or arise. This adversary complaint does not divest any Class member from separately seeking, effecting, raising, defending or otherwise pursuing any claim.

## COUNT I

## DECLARATORY RELIEF

29. The allegations of paragraphs 1-28 are incorporated herein by reference.

30. Plaintiffs would show that pursuant to 52 Okl. St. Ann. §570.10(A), SemCrude holds the funds derived from the sales of Plaintiffs' production in trust solely for the benefit of Plaintiffs, and that SemCrude may not use those Trust Proceeds for any purpose other than payment to Plaintiffs.

31. Plaintiffs would show that pursuant to 11 U.S.C. §541(d), the Trust Proceeds derived from Plaintiffs' production is not property of the estate.

32. Plaintiffs request that the Court segregate and sequester the Trust Proceeds and declare that all Trust Proceeds received by the Debtors be remitted to Plaintiffs.

33. Plaintiffs further request that this Court declare that pursuant to 52 Okl. St. Ann. §§570.10(A) and 570.10(D)(1), the Trust Proceeds "not timely paid [to Plaintiffs] shall earn interest at the rate of twelve percent (12%) per annum to be compounded annually, calculated from the end of the month in which such production is sold until the day paid."

## COUNT II

## INJUNCTIVE RELIEF

34. The allegations of paragraphs 1-33 are incorporated herein by reference.

35. Upon information and belief, SemCrude has commingled the unremitted Trust Proceeds with its other cash, and perhaps with the cash of the other Debtors, who now possess Trust Proceeds of Plaintiffs.

8

36. As a result, and due to the fact that SemCrude has failed and/or refused to remit the Trust Proceeds to Plaintiffs, Plaintiffs' Trust Proceeds are being rapidly depleted or threatened with depletion, thereby causing Plaintiffs substantial, immediate and irreparable injury.

37. The identity of each "owner" as defined in 52 Okl. St. Ann. §570.2 is known only to SemCrude, making an analysis of the size of all Trust Proceeds known only to them.

38. Plaintiffs will continue to suffer substantial, immediate and irreparable injury if the Debtors are not immediately restrained and enjoined from using, transferring, spending, taking possession of or otherwise diminishing Plaintiffs' property in any manner.

39. Plaintiffs have no adequate remedy at law to prevent Debtors from using, transferring, spending, taking possession of or otherwise diminishing Plaintiffs' property.

40. The unremitted Trust Proceeds are not property of the Debtors' bankruptcy estates; therefore, they will suffer no harm as a result of the injunctive relief sought herein. The benefit to the Plaintiffs from restraining and enjoining the Debtors from using, transferring, spending, taking possession of or otherwise diminishing Plaintiffs' property, thereby ensuring that Plaintiffs' property is not further depleted, vastly outweighs any harm to the Debtors as a result of the requested injunctive relief.

41. Plaintiffs are likely to succeed on the merits of this action because the Oklahoma statute is unambiguous that the unremitted funds are held in trust for the benefit of Plaintiffs.

42. The relief sought herein is in the public interest.

43. To prevent further harm to Plaintiffs, it is reasonable for the Court to issue an injunction requiring the Debtors to (i) segregate and sequester an amount equal to the Trust Proceeds along with interest at the rate of twelve percent (12%) per annum beginning from the end of the month in which such production is sold until the day paid; (ii) account for all Trust Proceeds on the sale of the Plaintiffs' oil and /or natural gas in June and July 2008; (iii) to identify each "owner" as defined in 52 Okl. St. Ann. §570.2; and (iv) promptly pay to Plaintiffs an amount equal to all Trust Proceeds plus interest as required by 52 Okl. St. Ann. §570.10(D)(1).

## COUNT III

### CONVERSION AND UNLAWFUL RETENTION OF TRUST PROCEEDS

44. The allegations of paragraphs 1-43 are incorporated herein by reference.

45. All Trust Proceeds are Plaintiffs' property, to which Plaintiffs have an immediate right of possession

46. The Debtors' possession of Plaintiffs' property and its withholding, converting or applying all or any part of the Trust Proceeds for its own use and benefit, or for the use and benefit of any person other than Plaintiffs, constitutes conversion.

47. The Debtors' continued interference with the Plaintiffs' right to possession of the Trust Proceeds, and its continued exercise of dominion and control over the Trust Proceeds, constitutes conversion.

48. Any use by the Debtors of the Trust Proceeds has the effect of reducing and/or destroying Plaintiffs' property and constitutes conversion.

49. As a direct and proximate result of the foregoing, Plaintiffs have suffered damages in an undetermined amount including the amount of the unremitted Trust Proceeds and interest thereon.

## COUNT IV

## ACCOUNTING

50. The allegations of paragraphs 1-49 are incorporated herein by reference.

51. The Debtors are in possession of Trust Proceeds belonging to the Plaintiffs.

52. The Debtors have exclusive control over its books, records, documents, computer information and other financial data regarding the Trust Proceeds.

53. Without a full, fair and complete accounting, Plaintiffs cannot accurately determine the amount of the Trust Proceeds. The Trust Proceeds are Plaintiffs' property, and as such the Debtors have an obligation to account to Plaintiffs for all such Trust Proceeds.

## COUNT V

## TURNOVER OF TRUST PROCEEDS

54. The allegations of paragraphs 1-53 are incorporated herein by reference.

55. Plaintiffs hereby request the Court to enter an order requiring the Debtors to turn over to Plaintiffs all property in the possession of the Debtors which represents the Trust Proceeds, including any account receivable, any cash, cash equivalents, funds on deposit, or other proceeds in any form related thereto, including any accounts which may hold Trust Proceeds.

WHEREFORE, Plaintiffs request the Court to enter an Order:

A. Declaring that pursuant to 52 Okl. St. Ann. §570.10(A), funds held by the Debtors derived from the sale of oil and gas produced in Oklahoma is held in trust for the Oklahoma owners, and declaring that pursuant to 11 U.S.C. §541(d) those Trust Proceeds do not constitute property of the estate.

B. Requiring the Debtors to segregate and sequester an amount equal to all Trust Proceeds collected by Debtors, but not remitted to Plaintiffs, derived from the sale of oil and gas production within the State of Oklahoma, along with interest at the rate of twelve percent (12%) per annum beginning from the end of the month in which such production is sold until the day paid.

C. Requiring the Debtors to provide Plaintiffs with an accounting of all Trust Proceeds collected but not remitted by Debtors from the sale of oil and gas production within the State of Oklahoma;

D. Requiring the Debtors to turn over to Plaintiffs an amount equal to all Trust Proceeds collected but not remitted by Debtors derived from the sale of oil and gas production within the State of Oklahoma, along with interest at the rate of twelve percent (12%) per annum beginning from the end of the month in which such production is sold until the day paid.

D. Granting the Plaintiffs such other and further relief as has been requested herein, and as the Court deems just and proper.

WERB & SULLIVAN

/s/ Duane D. Werb (#1042)
Duane D. Werb (#1042)
Regina A. Iorii (#2600)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899
(Courier 19801)
Tel.:  (302) 652-1100
Fax:  (302) 652-1111
dwerb@werbsullivan.com
riorii@werbsullivan.com

and

MARTYN & ASSOCIATES
Hartley B. Martyn
  Ohio Bar I.D. No. 0037421
820 Superior Avenue, N.W.
Tenth Floor
Cleveland, OH 44113
Tel.:  (216) 861-4700
Fax:  (216) 861-4703
hmartyn@martynlawfirm.com

Dated: September 8, 2008