IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| SEMCRUDE, et al., | ) | |
| | ) | Case No. 08-11525 (BLS) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |
| ARROW OIL & GAS, INC.; DC ENERGY, INC.; HUNTINGTON ENERGY, LLC; LCS PRODUCTION CO.; LOREN GAS, INC.; SAMSON CONTOUR ENERGY E&P, LLC; SAMSON LONE STAR, LLC; SAMSON RESOURCES COMPANY; ST. MARY LAND & EXPLORATION, INC.; TEMPEST ENERGY RESOURCES, L.P.; TITAN ENERGY, INC.; and WINSTAR ENERGY I, L.P.; | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Adversary No. 08-_____ |
| v. | ) | (Texas Producers |
| | ) | Adversary Complaint) |
| SEMCRUDE, L.P.; CHEMICAL PETROLEUM EXCHANGE, INCORPORATED; EAGLWING, L.P.; GRAYSON PIPELINE, L.L.C.; GREYHAWK GAS STORAGE COMPANY, L.L.C.; K.C. ASPHALT, L.L.C.; SEMCANADA II, L.P.; SEMCANADA, L.P.; SEMCRUDE PIPELINE, L.L.C.; SEMFUEL TRANSPORT, L.L.C.; SEMFUEL, L.P.; SEMGAS GATHERING, L.L.C.; SEMGAS STORAGE, L.L.C.; SEMGAS, L.P.; SEMGROUP ASIA, L.LC.; SEMGROUP FINANCE CORP.; SEMGROUP, L.P.; SEMKAN, L.L.C.; SEMMANAGEMENT, L.L.C.; SEMMATERIALS VIETNAM, L.L.C.; SEMMATERIALS, L.P.; SEMOPERATING G.P., L.L.C.; SEMSTREAM, L.P.; SEMTRUCKING, L.P.; STEUBEN DEVELOPMENT COMPANY, L.L.C.; AND BANK OF AMERICA, N.A., Individually and as Agent for Pre-Petition and Post-Petition Lenders, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

67847v1

# COMPLAINT FOR DECLARATORY JUDGMENT AND ANCILLARY RELIEF
## (Texas Law)

Arrow Oil & Gas, Inc.; DC Energy, Inc.; Huntington Energy, LLC; LCS Production Co.; Loren Gas, Inc.; Samson Contour Energy E&P, LLC; Samson Lone Star, LLC; Samson Resources Company; St. Mary Land & Exploration, Inc.; Tempest Energy Resources, L.P.; Titan Energy, Inc.; and Winstar Energy I, L.P.; (hereinafter, "Texas Producers"), in accordance with the provisions of the Order entered by this Court on or about September 17, 2008, establishing procedures for the filing of Complaints respecting the status of liens and trust claims by oil and gas producers [Docket No. 1425], bring this adversary complaint against SemCrude, L.P.; Chemical Petroleum Exchange, Incorporated; Eaglwing, L.P.; Grayson Pipeline, L.L.C.; Greyhawk Gas Storage Company, L.L.C.; K.C. Asphalt, L.L.C.; SemCanada II, L.P.; SemCanada, L.P.; SemCrude Pipeline, L.L.C.; Semfuel Transport, L.L.C.; SemFuel, L.P., SemGas Gathering, L.L.C.; SemGas Storage, L.L.C.; SemGas, L.P.; SemGroup Asia, L.LC.; SemGroup Finance Corp.; SemGroup, L.P.; SemKan, L.L.C.; SemManagement, L.L.C.; SemMaterials Vietnam, L.L.C.; SemMaterials, L.P.; SemOperating, G.P., L.L.C.; SemStream, L.P.; SemTrucking, L.P.; Steuben Development Company, L.L.C. (collectively, "SemGroup" or "the Debtors"), and Bank of America, N.A., on its own behalf and as administrative agent for itself and certain other banking and financial institutions as pre-petition and post-petition lenders to SemGroup (collectively "Bank of America"). This adversary complaint seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9). In support of this adversary complaint, the Texas Producers allege the following:

## The Parties

1. Arrow Oil & Gas, Inc. is an Oklahoma corporation, with its principal place of business in Oklahoma. Arrow Oil & Gas, Inc., is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

2. DC Energy, Inc., is an Oklahoma corporation with its principal place of business in Oklahoma. DC Energy, Inc. is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

3. Huntington Energy, LLC is a Texas limited liability company with its principal place of business in Oklahoma. Huntington Energy, LLC is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

4. LCS Production Co. is a Texas corporation with its principal place of business in Texas. LCS Production Co. is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

5. Loren Gas, Inc. is a Texas corporation, with its principal place of business in Texas. Loren Gas, Inc., is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

6. Samson Contour Energy E&P, LLC is a Delaware limited liability company with its principal place of business in Tulsa, Oklahoma, and is a wholly-owned subsidiary of Samson's parent company, Samson Investment Company. Samson Contour Energy E&P, LLC, is a creditor of Eaglwing, L.P., and SemStream, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

7. Samson Lone Star, LLC is a Texas limited liability company with its principal place of business in Texas, and is a wholly-owned subsidiary of Samson's parent company,

Samson Investment Company. Samson Lone Star, LLC, is a creditor of Eaglwing, L.P., and SemGas, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

8.  Samson Resources Company is an Oklahoma company with its principal place of business in Oklahoma, and is a wholly-owned subsidiary of Samson's parent company, Samson Investment Company. Samson Resources Company is a creditor of Eaglwing, L.P., and SemGas, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

9.  St. Mary Land & Exploration Company is a Delaware corporation with its principal place of business in Colorado. St. Mary Land & Exploration Company is a creditor of SemCrude, L.P., and Eaglwing, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

10. Tempest Energy Resources, L.P. is a Texas limited partnership with its principal place of business in Texas. Tempest Energy Resources, L.P. is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

11. Titan Energy, Inc. is a corporation organized under the laws of Texas with its principal place of business in Austin, Texas. Titan Energy, Inc. is in the business of producing, storing, and delivering crude oil products in Texas for itself and as agent for interest and equity owners of oil and gas wells and related services. Titan Energy, Inc. is the operator of certain wells in Texas and, as operator, has contracted with SemCrude, L.P. to deliver crude oil product to SemCrude, L.P. for storage or delivery to aggregators or refiners.

12. Winstar Energy I, L.P. is a Texas limited partnership with its principal place of business in Texas. Winstar Energy I, L.P. is a creditor of SemCrude, L.P., as the term "creditor" is defined by 11 U.S.C. § 101(10).

13. SemCrude, L.P. is a debtor-in-possession in Case No. 08-11525, pending in the Bankruptcy Court for the District of Delaware.

14. Chemical Petroleum Exchange, Inc. is a debtor-in-possession in Case No. 08-11526, pending in the Bankruptcy Court for the District of Delaware.

15. Eaglwing, L.P. is a debtor-in-possession in Case No. 08-11527, pending in the Bankruptcy Court for the District of Delaware.

16. Grayson Pipeline, L.L.C. is a debtor-in-possession in Case No. 08-11528, pending in the Bankruptcy Court for the District of Delaware.

17. Greyhawk Gas Storage Company, L.L.C. is a debtor-in-possession in Case No. 08-11529, pending in the Bankruptcy Court for the District of Delaware.

18. K.C. Asphalt, L.L.C. is a debtor-in-possession in Case No. 08-11530, pending in the Bankruptcy Court for the District of Delaware.

19. SemCanada II, L.P. is a debtor-in-possession in Case No. 08-11531, pending in the Bankruptcy Court for the District of Delaware.

20. SemCanada, L.P. is a debtor-in-possession in Case No. 08-11532, pending in the Bankruptcy Court for the District of Delaware.

21. SemCrude Pipeline, L.L.C. is a debtor-in-possession in Case No. 08-11533, pending in the Bankruptcy Court for the District of Delaware.

22. SemFuel Transport, L.L.C. is a debtor-in-possession in Case No. 08-11534, pending in the Bankruptcy Court for the District of Delaware.

23. SemFuel, L.P. is a debtor-in-possession in Case No. 08-11538, pending in the Bankruptcy Court for the District of Delaware.

24. SemGas Gathering, L.L.C. is a debtor-in-possession in Case No. 08-11536, pending in the Bankruptcy Court for the District of Delaware.

25. SemGas Storage, L.L.C. is a debtor-in-possession in Case No. 08-11540, pending in the Bankruptcy Court for the District of Delaware.

26. SemGas, L.P. is a debtor-in-possession in Case No. 08-11542, pending in the Bankruptcy Court for the District of Delaware.

27. SemGroup Asia, L.LC. is a debtor-in-possession in Case No. 08-11544, pending in the Bankruptcy Court for the District of Delaware.

28. SemGroup Finance Corp. is a debtor-in-possession in Case No. 08-11549, pending in the Bankruptcy Court for the District of Delaware.

29. SemGroup, L.P. is a debtor-in-possession in Case No. 08-11547, pending in the Bankruptcy Court for the District of Delaware.

30. SemKan, L.L.C. is a debtor-in-possession in Case No. 08-11537, pending in the Bankruptcy Court for the District of Delaware.

31. SemManagement, L.L.C. is a debtor-in-possession in Case No. 08-11539, pending in the Bankruptcy Court for the District of Delaware.

32. SemMaterials Vietnam, L.L.C. is a debtor-in-possession in Case No. 08-11535, pending in the Bankruptcy Court for the District of Delaware.

33. SemMaterials, L.P. is a debtor-in-possession in Case No. 08-11541, pending in the Bankruptcy Court for the District of Delaware.

34. SemOperating, G.P., L.L.C. is a debtor-in-possession in Case No. 08-11548, pending in the Bankruptcy Court for the District of Delaware.

35. SemStream, L.P. is a debtor-in-possession in Case No. 08-11543, pending in the Bankruptcy Court for the District of Delaware.

36. SemTrucking, L.P. is a debtor-in-possession in Case No. 08-11546, pending in the Bankruptcy Court for the District of Delaware.

37. Steuben Development Company, L.L.C. is a debtor-in-possession in Case No. 08-11546, pending in the Bankruptcy Court for the District of Delaware.

38. Bank of America, N.A. ("Bank of America") is a national banking association that is chartered under the laws of the United States of America, with its principal place of business in Charlotte, North Carolina. Bank of America is administrative agent for itself and certain other banking and financial institutions which provided secured and unsecured loans and credit facilities to the Debtors, Pre-petition.

39. On July 22, 2008 (the "Petition Date"), SemGroup filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. On July 23, 2008, the Court entered an order directing the procedural and joint administration of these Chapter 11 cases and others under Case No. 08-11525. SemGroup is currently operating as debtors-in-possession, with all rights, powers, and duties of a trustee in bankruptcy pursuant to 11 U.S.C. §§ 1107 and 1108.

40. On September 17, 2008, the Court entered a final order pursuant to §§ 105, 361, 362, 363(c), 364(c)(1) and 364(e) and Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014 authorizing the Debtors to obtain post-petition financing, use cash collateral, and granting adequate protection to pre-petition secured parties (the "Final DIP Order") (Docket No. 1420). Paragraph 3 of the Final DIP Order contains numerous admissions, stipulations, and releases between the Debtors and Bank of America, as agent for the pre-petition lenders, regarding the validity, nature, extent, and priority of the claims, liens, and security interests of the pre-petition lenders.

41. On September 17, 2008, the Court entered an order establishing procedures for the resolution of liens, pursuant to producers' statutory liens or similar statutes (the "Procedures Order") (Docket No. 1425). This Complaint is being filed pursuant to the terms of the Procedures Order.

## Jurisdiction

42. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Reference to the Court of this adversary proceeding is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

## General Allegations

43. The Texas Producers[1] are the operators of and/or owners of production from numerous wells pursuant to operating agreements with non-operating working interest owners and pooling orders issued by state regulatory agencies, and have produced the oil and gas subject to this complaint. The Texas Producers represent or are the owners of working interests, royalty interests, and overriding interests in oil and gas produced in various wells located in the State of Texas.

44. As operators, the Texas Producers are generally authorized to deliver, market, and/or sell oil and gas produced from the wells they operate attributable to the owners of production from such wells, including their own working interests and for the interests of non-operating interest owners, royalty interest owners, and overriding interest owners. In addition, the Texas Producers own non-operating interests in numerous wells that are operated by other

---

[1] Certain producers in other states who are not named plaintiffs, contend that their claims may be subject to Texas law by virtue of choice of law provisions in certain contracts with SemGroup, and some producers may allege that the sale of their production should be treated as the Texas Producers.

parties who the Texas Producers anticipate sold production to SemGroup for which the Texas Producers are entitled to their share of the sales proceeds.

45. In the course of its business, SemGroup entered into various agreements with the Texas Producers to purchase, and did purchase production from wells located in Texas (hereinafter collectively, "Texas Wells"). That production included crude oil and gas products. The oil and gas produced from the Texas Wells and sold to SemGroup (the "Texas Production") was owned by the working interest owners, royalty interest owners, and overriding interests owners in each of the Texas Wells ("the Interest Owners"). In most instances, the Texas Production was sold to SemGroup by the operators of the Texas Wells, as the party authorized to market and sell the production from the Texas Wells, or, in certain instances, directly by the Interest Owners.

46. The Texas Producers, individually or through the operators of the Texas Wells, sold Texas Production to SemGroup during the period of June 1, 2008 to July 22, 2008, for which SemGroup has not made payment. Pursuant to the industry practice, and/or contracts between the parties, SemGroup was required to pay for the oil production purchased in one month on the 20th day of the following month, and was required to pay for the gas product purchased in one month on the 25th day of the following month.

47. With respect to the Texas Production sold by the Texas Producers to SemGroup during the period of June 1, 2008 to July 22, 2008, as of the Petition Date SemGroup held or possessed:

    (i) Oil and gas product representing the Texas Production which SemGroup had not yet sold ("Texas Product");

    (ii) Accounts receivable representing accounts generated from the sale of the

Texas Production by SemGroup ("Texas Accounts"); and

(iii) Cash and Cash Equivalents representing proceeds paid to SemGroup from the sale of the Texas Production by SemGroup ("Texas Cash").

48. Since the Petition Date, SemGroup continued to sell some or all of the Texas Product generating additional accounts receivable and has collected various of the accounts receivable resulting in additional cash collected by SemGroup.

49. Pursuant to Title 1, Section 9.343 of the Texas Business & Commerce Code (hereinafter "§ 9.343"), the Texas Producers constitute an "interest owner" and SemCrude is a "first purchaser." The statute further provides that a security interest arises in favor of the interest owner to secure the obligations of the first purchaser to pay the purchase price for oil and gas. The security interest arises automatically, without the need for filing a financing statement or any other recordation. If the interest of the owner is evidenced by a deed, mineral deed, reservation in either, oil or gas lease, assignment, or any other such record recorded in the real property records of the county clerk, the filing is as effective as the filing of a financing statement under Chapter 9 of the Texas Uniform Commercial Code.

50. Pursuant to § 9.343, based upon the agreement and the interests filed of record on behalf of the Texas Producers and their respective royalty, overriding royalty, and working interest owners, the Texas Producers and the other Interest Owners, have perfected purchase money security interests in the oil and gas production delivered, sold, or marketed to the Debtors. In the event the oil and gas have been sold to a second purchaser, the Texas Producers and other Interest Owners have continuing purchase money security interests in the proceeds.

51. Bank of America, on its own behalf and as administrative agent for itself and certain other banking and financial institutions as pre-petition and post-petition lenders to

SemGroup, has asserted that it has valid, perfected security interests in all inventory, accounts receivable, and proceeds that is superior to the security interests, liens, and other rights of the Texas Producers and other Interest Owners.

52. The Final DIP Order contain admissions, stipulations, and releases between the Debtors and Bank of America, as agent for the Prepetition Lenders, regarding the validity, nature, and extent of the security interests and liens of Bank of America.

53. The Texas Producers contest the validity, nature, extent, and priority of the Bank of America security interests and liens in and to the Texas Product, Texas Accounts, and Texas Cash.

54. The Texas Producers assert that any security interest or lien in the Texas Production, Texas Accounts and Texas Cash, if any, held by Bank of America is subordinate to the security interests and liens held by the Texas Producers and other Interest Owners.

55. Based on the actions and assertions by SemGroup and Bank of America, an actual case or controversy exists regarding the claims, rights, and interests of SemGroup, Bank of America, and the Texas Producers regarding the Texas Product, Texas Accounts, and Texas Cash resulting from the statutory liens created by Texas Law.

56. The Texas Producers are seeking to collect for the oil and gas production purchased by the Debtors as provided by § 91.401, *et seq.* of the Texas Natural Resources Code. The Texas Producers, to the extent they are successful in enforcing their purchase money security interests and other rights in the oil and gas sold to Debtors, are entitled to their attorneys' fees pursuant to § 91.406 of the Texas Natural Resources Code and the Federal Declaratory Judgment Act.

57. The Texas Producers are seeking to collect for the oil and gas production purchased by the Debtors as provided by § 91.401, *et seq.* of the Texas Natural Resources Code. The Texas Producers, to the extent they are successful in enforcing their purchase money security interests and other rights in the oil and gas sold to Debtors, are entitled to interest pursuant to § 91.403 of the Texas Natural Resources Code and the Federal Declaratory Judgment Act.

## FIRST CLAIM FOR RELIEF

### Accounting

58. The Texas Producers incorporate the allegations contained in paragraphs 1 through 57 hereof and further allege:

59. The Texas Producers request that the Court require SemGroup to provide an accounting regarding: (i) all Texas Production sold to SemGroup during the period June 1, to July 22, 2008; (ii) the sale and disposition by SemGroup of all Texas Production sold to SemGroup during the period June 1, to July 22, 2008; (iii) the amount of Texas Product, Texas Accounts, and Texas Cash, as of the Petition Date; and (iv) the use or disposition since the Petition Date of all Texas Product, Texas Accounts, and Texas Cash.

60. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9), the Texas Producers seek a declaration:

(i) As a matter of law, that division orders as created, executed, and maintained by the Debtors are prima facie evidence of the ownership of all interests in oil and gas production, products and proceeds under Texas Law.

(ii) As a matter of law, that the crude oil run statements as created, executed, and maintained by the Debtors are prima facie evidence of the value of oil and gas

products sold to the Debtors and any adjustments of the volume and price, after delivery to the Debtors.

## SECOND CLAIM FOR RELIEF

### Declaration of Right to Attorney Fees

61. The Texas Producers incorporate the allegations contained in paragraphs 1 through 60 hereof and further allege:

62. The Texas Producers seek a declaration of their entitlement to fees for the collection of their claims including this declaratory judgment action under § 91.406 of the Texas Natural Resources Code, the Federal Declaratory Judgment Act, and other applicable law.

## THIRD CLAIM FOR RELIEF

### Declaration of Validity, Extent, and Priority of Security Interests and Liens under Texas Law

63. The Texas Producers incorporate the allegations contained in paragraphs 1 through 62 hereof and further allege:

64. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9), the Texas Producers request that the Court determine the rights, status, and other legal relations of the Texas Producers and their Interest Owners, SemGroup, and Bank of America, with respect to the security interests and liens arising under § 9.343 and determine the validity, extent, and priority of the interests held by the respective parties.

65. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9), the Texas Producers seek a declaration:

> (i) That the Texas Producers and/or their Interest Owners have purchase money security interests under Texas Law in all oil and gas production delivered to the Debtors prior to the Petition Date and all proceeds and accounts

13

receivable derived therefrom; and

(ii) That the security interests of the Texas Producers and/or their Interest Owners are superior to and prime the security interests and liens of the Bank of America, if any, in the Texas Production sold and delivered to the Debtors and in all proceeds resulting therefrom.

## FOURTH CLAIM FOR RELIEF

### Declaration for Statutory Lien Collateral

66. The Texas Producers incorporate the allegations contained in paragraphs 1 through 65 hereof and further allege:

67. In the event the Court determines that the Texas Producers hold a security interest and lien under § 9.343, the Texas Producers seek a determination by the Court of the total amount and value of the Texas Production, Texas Accounts, and Texas Cash held by the Debtors as of the Petition Date that was subject to the statutory liens of the Texas Producers (the "Texas Collateral") and the subsequent use or disposition of the Texas Collateral as of the date of judgment.

## FIFTH CLAIM FOR RELIEF

### Reservation of Rights under Final DIP Order

68. The Texas Producers incorporate the allegations contained in paragraphs 1 through 67 hereof and further allege:

69. The Final DIP Order provides in paragraph 18 that the admissions, stipulations, and releases contained in Paragraph 3 will become binding on all parties in interest unless a party has filed an adversary proceeding or contested matter no later than October 6, 2008.

70. To the extent any of the admissions, stipulations, and releases contained in the Final DIP Order are contrary to or inconsistent with the claims, rights, and declarations asserted

and requested herein by the Texas Producers, the Texas Producers seek a declaration that such admissions, stipulations, and releases are not binding on the Texas Producers to the extent they are inconsistent with or contrary to any relief granted by the Court hereunder.

71.    The Texas Producers seek a declaration that the Texas Producers have the right under the Final DIP Order to seek further relief or remedies from the Court as is necessary to insure the adequate protection of their claims, rights, and interests as determined by the Court hereunder, whether under the terms of the Final DIP Order or any applicable provision of the United States Bankruptcy Code and the rules of equity.

WHEREFORE, the Texas Producers respectfully request that the Court enter a judgment in their favor against SemGroup and Bank of America as follows:

(i)     Requiring SemGroup to provide the accounting as requested hereinabove;

(ii)    Declaring the relative rights, status as other legal relations between the Texas Producers, SemGroup, and Bank of America regarding § 9.343 as requested hereinabove;

(iii)   Determining the amount and value of the Texas Production, Texas Accounts, and Texas Cash and determining the validity, extent, and priority of the interests held by the respective parties as requested hereinabove; and

(iv)    Determining that the admissions, stipulations and releases contained in the Final DIP Order are subject to and do not limit or impair the relief granted hereunder;

(v)     Awarding the Texas Producers interest and their fees incurred in this action under §§ 91.403 and 91.406 of the Texas Natural Resources Code, the Federal Declaratory Judgment Act, and other applicable law; and

(vi)    Granting such other and further relief, at law or in equity, to which they may show themselves justly entitled.

[remainder of page left blank]

Dated this 1st day of October, 2008:

        **CROWE & DUNLEVY**
        Judy Hamilton Morse
        Judy.Morse@crowedunlevy.com
        Tel: 405-235-7759

        William H. Hoch
        hochw@crowedunlevy.com
        Tel: 405-239-6692
        20 N. Broadway, Ste. 1800
        Oklahoma City, OK 73102
        Fax: 405-272-5242

        *and*

        By: */s/ Meg Manning*
        Margaret M. Manning (Bar No 4183)
        WHITEFORD TAYLOR PRESTON
        1220 N. Market Street, Suite 608
        Wilmington, DE 19801
        Direct: 302-353-4146
        Fax: 302-258-0757
        MManning@wtplaw.com

        *Attorneys for Arrow Oil & Gas, Inc.*

        McAFFE & TAFT, a Professional Corporation
        Ross A. Plourde(OBA # 7193)
        Steven W. Bugg (OBA# 1299)
        10TH Floor, 2 Leadership Square
        211 North Robinson
        Oklahoma City, OK 73102-7103
        Tel: (405) 235-9621
        Fax: (405) 235-0439
        ross.plourde@mcafeetaft.com
        steven.bugg@mcafeetaft.com

        *and*

WOMBLE CARLYLE SANDRIDGE
  & RICE, PLLC

By: */s/ Mike Busenkell*
Mike G. Busenkell (No. 3933)
222 Delaware Ave., Ste. 1501
Wilmington, DE 19801
Tel: 302-252-4324
Fax: 302-252-4330

*Attorneys for DC Energy, Inc.*

KLINE, KLINE, ELLIOTT & BRYANT, PC
Stephen W. Elliott, OBA #2685
Timothy D. Kline, OBA #5077
Julie Brower, OBA #20634
720 N.E. 63rd Street
Oklahoma City, OK 73105
Tel: 405-848-4448
Fax: 405-842-4539
selliott@klinefirm.org
tkline@klinefirm.org
jbrower@klinefirm.org

*and*

MONZACK, MERSKY, MCLAUGHLIN &
  BROWDER, P.A.

By: */s/ Rachel B. Mersky*
Rachel B. Mersky (DE Bar No. 2049)
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801
Tel: 302-656-8162
Fax: 302-656-2769
rmersky@monlaw.com

*Attorneys for Huntington Energy, LLC*

JACKSON WALKER L.L.P.
Kenneth Stohner, Jr.
Jackson Walker L.L.P.
901 Main Street, Ste. 6000
Dallas, TX 75202
Tel: 214-953-5904
Fax: 214-661-6803
kstohner@jw.com

*and*

CROSS & SIMON, LLC

By: /s/ Michael Joyce
Michael J. Joyce
913 North Market Street
11th Floor
Wilmington, DE 19801
Tel: 302-777-4200
Fax: 302-777-4224
mjoyce@crosslaw.com

*Attorneys for LCS Production Co.*


STROMBERG & ASSOCIATES, P.C.
Mark Stromberg
Stromberg & Associates, P. C.
Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, TX   75240
Tel:  972-458-5353
Fax:  972-770-2156
mark@stromberglawfirm.com

*and*

WHITTINGTON & AULGUS

By: /s/ Kristi Doughty
Kristi Doughty
Whittington & Aulgur
Odessa Professional Park, Suite 110
313 N. DuPont Highway
P.O. Box 617
Odessa, Delaware 19730-0617
Tel: 302-378-1661
Fax: 302-285-0236 fax
kdoughty@AULGUS.com

*Attorneys for St. Mary Land & Exploration Company*

**SMITH, KATZENSTEIN & FURLOW LLP**

By: /s/*Kathleen M. Miller*
Kathleen M. Miller (I.D. 2898)
Etta R. Wolfe (I.D. 4164)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, DE 19899
Tel: 302-652-8400
Fax: 302-652-8405
kmiller@skfdelaware.com
erw@skfdelaware.com

*and*

HUGHES & BENTZEN, PLLC
Philip J. McNutt
Elizabeth Hughes
1100 Connecticut Avenue, NW
Suite 340
Washington, DC 20036
Tel: 202-293-8975
Fax: 202-293-8975
pmcnutt@hughesbentzen.com
ehughes@hughesbentzen.com

*Attorneys for Titan Energy, Inc., Loren Gas, Inc. and Winstar Energy I, L. P.*

MONZACK, MERSKY, MCLAUGHLIN & BROWDER, P.A.

By: /s/ *Rachel B. Mersky*
Rachel B. Mersky (DE Bar No. 2049)
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801
Tel: 302-656-8162
Fax: 302-656-2769
rmersky@monlaw.com

*and*

DOERNER, SAUNDERS, DANIEL &
   ANDERSON, L.L.P.
Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
320 South Boston, Suite 500
Tulsa, OK 74103-3725
Tel: 918-582-1211
Fax: 918-591-5360
gmcdonald@dsda.com
ckutmas@dsda.com

*Attorneys for, Samson Lone Star, LLC, Samson Contour Energy E&P, LLC, and Samson Resources Company*

MARTIN, PRINGLE, OLIVER,
   WALLACE & BAUER, L.L.P.

Martin W. Bauer - KS # 08629
Jeff Kennedy - KS #12099
W. Rick Griffin - KS #21628
100 N. Broadway, Suite 500
Wichita, Kansas 67202
(316) 265-9311
(316) 265-2955 FAX
wrgriffin@martinpringle.com

*and*

RAWLE & HENDERSON, LLP

By: */s/ Gary Seitz*
Gary F. Seitz (No. 4457)
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899
(302) 778-1200
(302) 778-1400 FAX
gseitz@rawle.com

*Attorneys for Tempest Energy Resources, L.P.*

1119786.1