**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 08-11525 (BLS) |
| SEMCRUDE, L.P., et al. | ) | Jointly Administered |
| | ) | |
| | ) | Objection Deadline: November 7, 2008 |
| | ) | (by Agreement) |
| Debtors. | ) | Hearing date: December 9, 2008 @ |
| | ) | 10:00 a.m. |
| | ) | Ref. Docket No. 1892 |

**THOMAS L. KIVISTO'S RESPONSE AND OBJECTION TO
DEBTORS' MOTION FOR AN ORDER PURSUANT TO RULE 2004
FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2004-1
DIRECTING THE PRODUCTION OF DOCUMENTS AND
EXAMINATION OF WITNESSES**

Thomas L. Kivisto ("Kivisto"), by and through his undersigned counsel, submits this objection to the Debtors' Motion for an Order Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 Directing the Production of Documents and Examination of Witnesses filed herein on October 27, 2008, at Docket No. 1892 ("Rule 2004 Motion").  In support of this Objection, Kivisto alleges and states as follows:

**I. INTRODUCTION**

1. Debtors' Rule 2004 Motion requests that Kivisto produce a broad range variety of documents, contained in thirty-eight requests, including documents relating to seventeen business entities.  Debtors also seek an Order directing that Kivisto appear for an examination on twenty-one topics outlined in Exhibit "B" to their Motion, which span a broad range of activities both related to the Debtors' assets, affairs, and business activities, as well as topics unrelated to them.

2. Debtors' Motion contained a Notice of Debtor's Motion setting a deadline date of

November 4, 2008 in which parties may oppose the entry of an Order approving the Motion, and a hearing date on Debtors' Motion of December 9, 2008 at 10:00 a.m. before this Honorable Court. By agreement of counsel, the objection deadline was extended to November 7, 2008.

3. Until July 18, 2008, Kivisto was the President and Chief Executive Officer of SemGroup Energy Partners, LP. On or about July 18, 2008, Kivisto was placed on administrative leave and relieved of all duties with Debtors.

4. The evidence will show that on or about July 21, 2008, Kivisto was required to immediately vacate his Tulsa, Oklahoma office. He has since completely been denied access to it or any of its contents. Since that time, he has had no access to, and has been unable to review or copy a single document, file or record, relating to his personal matters, matters related to the Debtors, or matters related to any other business entity which he owns or in which he is involved.

5. On October 24, 2008, Kivisto was terminated from his employment with SemGroup, allegedly for cause, although Debtors have never articulated any cause for that termination.

6. Debtors' 2004 Motion purports to seek documents from seventeen business entities, on whom Debtors have not served their Rule 2004 Motion or any notice of it.

7. Kivisto, through counsel, has already entered into that certain Stipulation and Order Governing Rule 2004 Production Between Creditors' Committee and Thomas L. Kivisto and Westback Purchasing Company, LLC/Westback Holdings, LLC, filed in this case September 10, 2008, at Docket No. 1301 ("Creditors' Committee Rule 2004 Stipulation").

## II. ARGUMENT AND AUTHORITIES

Kivisto acknowledges that the Debtors, like all parties in interest, have the right under Bankruptcy Rule 2004 to conduct examinations of knowledgeable persons and entities, and to request the production of documents to inquire into "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate", as well as those matters "relevant to the case or to the formulation of a plan." Fed. Rules Bankr. Proc. Rule 2004(b).

To date, Kivisto has not refused a single request by Debtors for return of any property or documents belonging to the Debtors. Following the filing of the Debtors' bankruptcies, Kivisto promptly delivered all computers in his possession, and he subsequently also provided access to, and delivered documents contained in, a storage facility containing Debtors' documents located in Tulsa, Oklahoma. Debtors cannot point to a single instance where Kivisto has refused to return any property or document, belonging to the Debtors or failed to preserve the same.

Kivisto stands willing to continue to cooperate in the production of documents within the scope of Rule 2004, as evidenced by his September 10, 2008 entry into the agreed Creditors' Committee Rule 2004 Stipulation, which nevertheless preserved Kivisto's objections as to scope, privilege, confidentiality, burden and relevance. Debtors and their counsel have never evidenced any willingness to enter into a similar stipulation, nor attempted to do so.

Kivisto has no objection to a number of the categories of requested documents sought in the Rule 2004 Motion, because on their face they relate to administration of the Debtors' estate, or to the affairs, or property or financial condition of the Debtors. However, certain requests in the Debtors' Rule 2004 Motion far exceed the scope of permissible discovery even under the

broad reaches of Rule 2004.

At the outset, Debtors' Rule 2004 Motion is defective due to Debtors' counsel's failure to comply with Local Rule 2004-1(a).

In addition, Debtors' Rule 2004 Motion, as it pertains to documents should be denied, in part, because:

1. The Rule 2004 Motion has not been properly served on a number of entities from whom Debtors seek documents and information.

2. For certain categories of documents, as set out below, the Rule 2004 Motion is impermissibly overbroad, exceeds the permissible scope of Rule 2004(b), is unreasonable, and imposes an undue burden upon Kivisto.

3. Debtors' Rule 2004 Motion impermissibly seeks documents protected by the attorney-client and attorney work product privileges.

4. Debtors' Rule 2004 Motion seeks documents in which Kivisto has legitimate privacy or confidentiality interests and for which he is entitled to confidentiality.

5. Insofar as Debtors' Rule 2004 Motion seeks testimony of Kivisto, it should be denied, because Debtors have failed to coordinate, or attempt to coordinate, their requested examination with the Official Unsecured Creditors' Committee or the Examiner appointed in this case, or with any other parties in interest. This subjects Kivisto to a number of Rule 2004 depositions and the burden and costs attendant to them, on what will undoubtedly be related and overlapping topics.

**1.     The Debtors' Motion Fails to Comply with Local Rule 2004-1(a).**

In the Rule 2004 Motion, Debtors' counsel states in paragraph 16, that pursuant to Local Rule 2004-1(a), they have communicated with counsel for Kivisto to arrange for a mutually agreeable date, time, place and scope of production of the requested documents and proposed examination of Kivisto and, as of the date of filing their Motion, the parties have been unable to reach an agreement with respect to such production and examination. Debtors state that "Despite numerous requests, the Respondents have not voluntarily agreed to meet with Debtors to provide information about the estate." Debtors' counsel's statements concerning compliance with this Local Rule are incomplete and misleading.

Local Rule 2004-1(a) requires a good faith attempt by counsel and a conference "to arrange for a mutually agreeable date, time, place and scope of a proposed examination of witnesses". The only communications Debtors' counsel have had with Kivisto's counsel, have been their requests for an informal, unsworn interview of Kivisto. Kivisto's counsel consistently advised Debtors' counsel that they would be willing to consider this interview, as long as Kivisto was given a reasonable opportunity to review certain relevant and pertinent documents. Debtors' counsel have consistently refused these requests from Kivisto's counsel, and have never allowed Kivisto to review a single document concerning the Debtors' business affairs, property or dealings with any other persons or entities. The continuous insistence of Debtors' counsel's to interview Kivisto without his having any ability to review documents or to prepare for the same in advance is patently unreasonable.

Debtors' counsel has simply gone through the motions of appearing to attempt to confer with Kivisto's counsel. Debtors' counsel never initiated nor had any discussions with Kivisto's

counsel about the thirty-eight document requests contained in their Motion.  Similarly, they never attempted to confer with Kivisto's counsel concerning the mutually agreeable date, time, place and scope for an examination, and never raised or discussed the examination topics listed on Exhibit "B" to their Motion.  Debtors' counsel have never even broached the subject of attempting to coordinate a Rule 2004 examination of Kivisto, a key witness, with the desired examinations by the Examiner, the Creditors' Committee, or any other parties in interest in this case.

In form and in substance, Debtors' counsel have ignored the requirements of Local Rule 2004-1(a).  This Court should deny Debtors' Rule 2004 Motion on this basis alone, and should require Debtors' counsel to conduct meaningful and good faith discussions with Kivisto's counsel, as contemplated by Local Rule 2004-1(a), prior to seeking an Order from this Court for production of documents or an examination of Kivisto.

**2.     Debtors Have Not Complied with the Requirements for Proper Service of Process of their Rule 2004 Motion.**

Many of Debtors' requests seek documents concerning or relating to seventeen non-debtor entities in which Kivisto is involved, and which he either controls or in which he owns an interest.  The Debtors attempt to circumvent the proper procedure for requesting such documents from these entities, by attempting to order Kivisto to produce "all documents and communications relating to or concerning" these entities.  See page 9, infra.

Bankruptcy Rule 9013 requires that Rule 2004 Motions and Orders be properly served by the moving party on those entities, individuals, etc. that the Motion concerns.  Debtors' mailing a copy of a Rule 2004 Motion and Order solely to counsel for Kivisto does not satisfy the due process requirements or rights of these entities, or the requirements of the Bankruptcy Rules and

Bankruptcy Code.

Debtors clearly are attempting to obtain all the business records of these seventeen entities without complying with these requirements. Debtors should be required to properly serve their Rule 2004 document requests on these entities if they wish to obtain their records.

Debtors' Rule 2004 Motion, as it relates to the documents and records of these entities, should be quashed or denied in its entirety due to these defects in service.

### 3. The Relief Sought in Debtors' Motion Exceeds the Permissible Scope of Rule 2004.

As set out below, Kivisto lodges the following objections to the Debtors' Rule 2004 Motion:

While Rule 2004 is intended to afford parties in interest latitude in inquiring into the affairs of the estate, the rule should not be employed to initiate a massive discovery program of this nature without giving the Court and other parties in interest the means to carefully consider the need for doing so. Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." In the Matter of Wilcher, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

Case law recognizes that "there are important limits to the scope of an examination taken pursuant to Rule 2004." In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991). See also In re Valley Forge Plaza Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("the breadth of the scope of a R2004 examination derives from the particular purpose for which Rule 2004 . . . [was] promulgated" and is therefore limited to matters that would fulfill the purpose of the Rule 2004 examination).

Although Rule 2004 permits examination of third parties, the language of Rule 2004 makes it "evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as it relates to a debtor's proceeding in bankruptcy." In re GHR Energy Corp., 35 B.R. 534, 537 (Bankr. D. Mass 1983) (emphasis supplied). See also Coffee Cupboard, 128 B.R. at 514 (The purpose of a Rule 2004 examination is "to show the condition of the estate and enable the Court to discover its extent and whereabouts, and to come into possession of it") (*citing* Cameron v. United States, 231 U.S. 719, 717 (1914)). Many of Debtors' document requests and examination topics proposed to Kivisto are unrelated to the Debtors' proceeding in bankruptcy in relation to the financial affairs, conduct or acts of Debtors.

In the proposed Rule 2004 Order submitted to this Court as part of their Rule 2004 Motion, Debtors seek to compel Kivisto to turn over documents "in the custody or control of your agents or attorneys, or anyone acting on your behalf or their behalf".

### A. General Privilege Objection

Debtors' requested discovery ignores the significant implications of unfocused inquiries into matters that are, or may be, the subject of Kivisto's counsel's work product, and privileged communications between Kivisto and his attorneys. Kivisto does not waive any such privileges. For purposes of the Debtors' Rule 2004 Motion, Kivisto and his counsel specifically reserve their right to assert all applicable privileges in response to particular document requests and inquiries in Rule 2004 examinations. The mere fact that discovery is sought under Rule 2004 does not make the attorney-client privilege, the work product doctrine or non-testifying expert privileges any less applicable. To the contrary, in the context of such open-ended inquiries, the

Court should scrutinize more rigorously the relief requested in Debtors' Motion.

Debtors can cite to no authority requiring counsel for Kivisto to turn over their documents, which those lawyers have created or maintained, and which are privileged, and Debtors cannot simply through a Rule 2004 Order, ignore these legitimate privileges. Therefore, this Court should refuse to enter the proposed Order to the extent that it seeks to incorporate the records and documents of Kivisto's attorneys within the scope of documents to be produced.

### B. Document Requests as to which Kivisto Asserts No Scope Objection Except Privilege.

A number of the document requests, on their face, relate to the Debtors, transfers to or from the Debtors, or the assets, property or business affairs of the Debtors. See Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 32, 33, 34, 35, and 37. Thus, they fairly fall within the scope of Rule 2004. Therefore, if the Court does not deny Debtors' Motion for failure to comply with Local Rule 2004-1(a), except for documents for which Kivisto is entitled to assert an attorney client work, attorney product or other applicable privilege, Kivisto does not object to producing documents responsive to these requests that are in his custody or control.

### C. Objections to Specific Document Requests

#### (1) Documents Concerning Other Nondebtor Entities

As noted, a number of Debtors' proposed document requests and examination topics of Kivisto inquire as to personal and business matters of Kivisto which are wholly unrelated to Debtors' bankruptcy cases or their business affairs. Specifically, Kivisto objects to the following requests for production of documents described in Exhibit "B" to Debtors' Motion: Request No.'s 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28. These Requests seek:

No. 12.    All documents and communications concerning or relating to Eaglwing, LP.

| | |
|---|---|
| No. 16. | All documents and communications relating to or concerning Cogan CD Development, LLC. |
| No. 17. | All documents and communications relating to or concerning Conat Air, L.L.C. |
| No. 18. | All documents and communications relating to or concerning Eaglwing Energy, L.L.C. |
| No. 19. | All documents and communications relating to or concerning Ivory Energy, L.L.C. |
| No. 20. | All documents and communications relating to or concerning Ivory Fine Art, LLC. |
| No. 21. | All documents and communications relating to or concerning Ivory Transportation Services, L.L.C. |
| No. 22. | All documents and communications relating to or concerning KMV Gallery & Exhibitions, L.P. |
| No. 23. | All documents and communications relating to or concerning Kivisto Niemira Gallery, LLC. |
| No. 24. | All documents and communications relating to or concerning Kivisto Enterprises, LLC. |
| No. 25. | All documents and communications relating to or concerning Lean Gourmet, L.L.C. |
| No. 26. | All documents and communications relating to or concerning Pointe Ana, L.L.C. |
| No. 27. | All documents and communications relating to or concerning Quote, L.L.C. |
| No. 28. | All documents and communications relating to or concerning Universal Fine Art Gallery, LP. |
| No. 29. | All documents and communications relating to or concerning Westback Holdings, L.L.C. |
| No. 30. | All documents and communications relating to or concerning Westback Purchasing Co. |
| No. 31. | All documents and communications relating to or concerning Westback Exploration Co. |

The Debtor's document requests of No.'s 16 through 28 direct Kivisto to produce "all documents relating to or concerning" these entities, with no effort having been made to tailor these Requests to the affairs, financial condition, property, assets, or transactions relating to any of the Debtors.

As noted earlier, if the Debtors are requesting all of the documents relating to or belonging to these entities, it is improper for Debtors to request Kivisto produce such documents, rather than properly serving the document requests on these entities.

Additionally, Requests No.'s 16 through 28, on their face, are vague, ambiguous and request information that is irrelevant to these bankruptcy proceedings.  There is no attempt by Debtors to limit these requests through scope of time or category.  These requests quite literally ask for "all documents and communication relating to or concerning the various identified entities." These requests are clearly overbroad, vague, ambiguous and irrelevant as to the named entities' non-relationship to these bankruptcy proceedings.  It also appears that Debtors simply are attempting to conduct some sort of discovery of Kivisto's assets or businesses, without any showing of entitlement.

The Debtors have the burden of demonstrating any compelling need for the Rule 2004 examination of Kivisto.  It is clear that the Debtors have this burden; even if a matter is generally within the scope of Rule 2004, Rule 2004 "is not intended to be used as a vehicle for gathering . . . information for which no reasonable need is shown." In re Continental Forge, 73 B.R. 1005, 1006 (Bankr. W.D. Pa 1987).  Instead, "Rule 2004 requires that we balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.  That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring production." Drexel Burnham Lambert Group, Inc. 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).  If it is improbable that a Rule 2004 examination will yield information of relevance to the administration of the estate, it should be denied.  See e.g., Wilcher, 56 B.R. at 435.

The Debtors should be required to articulate more specific and particular documents they seek from Kivisto relating to the seventeen entities and Debtors should be compelled to limit their requests to the legitimate scope of Rule 2004.  Until and unless they do so, Debtors' request

for these documents should be denied.

### (2) Kivisto's Tax Returns.

Request No. 38 seeks all of Kivisto's and his wife's tax returns, unlimited in years, both personal and for any companies or entities that he has or previously had any interest in or from which he received any benefit. This Request again is completely unwarranted, and far exceeds the scope of Rule 2004. Debtors make no effort to limit in time, or in scope, any content of any tax return, and they make no effort to request tax return documents relating to the Debtors, the business affairs of the Debtors, transfers to or from the Debtors, or the like. This is an unwarranted intrusion on Kivisto's and his wife's personal affairs. To the extent it exceeds the proper scope Rule 2004, it again seems to be simply an unwarranted asset hunt by the Debtors which is not justified.

Furthermore, even in the event this Court orders that any requested tax returns be produced, Kivisto is entitled to, and requests that the Court enter, a suitable protective Order, to protect his legitimate privacy and personal interests, and those of his wife, who is not a subject of any Rule 2004 examination effort by Debtors.

### (3) The Debtors' Rule 2004 Motion Should be Required to be Coordinated with Discovery Efforts by the Creditors Committee and Examiner in this Case.

As noted earlier, Kivisto has already entered into the Creditors' Committee Rule 2004 Stipulation. In order to avoid inconsistent rulings on objections, or the timing, scope or production of requested documents, Debtors should be required to coordinate the production of documents with the Creditors' Committee, and if necessary, the Examiner appointed in this case.

Kivisto also fully expects that the Creditors' Committee and Examiner will seek to examine him on many of the very same topics for which the Debtors seek his deposition. For some reason, Debtors have made no effort to coordinate any Rule 2004 examination of Kivisto with either of them, or with any other parties in interest.

Kivisto should not be subjected to multiple repetitive depositions, on such overlapping and similar topics. With respect to Kivisto's testifying, this Court should require some coordination to avoid multiple 2004 examinations that undoubtedly will cover many of the identical same topics and subject Kivisto to undue and unwarranted burden and expense.

This Court should also require that prior to any Rule 2004 examination, Kivisto be given a fair opportunity to review relevant documents in order to adequately prepare for any such examination and to avoid the kind of ambush discovery that Debtors' counsel apparently contemplates. Among other things, this Court should provide adequate time for such review, and Debtors' Rule 2004 Motion makes no provision for any adequate time to obtain documents, review them, and prepare for what is likely to be an extended and detailed examination.

WHEREFORE, for the reasons set out above, Thomas L. Kivisto requests that this Court quash Debtors' 2004 Motion for an Order authorizing examination and the production of the categories described above. Kivisto further requests that the Court enter its Order conditioning any examination of Kivisto on (a) requiring Debtors' counsel to coordinate any examination of Kivisto with the Creditors' Committee, Examiner, and other parties in interest in the case, (b) setting a more reasonable timetable for any examination of Kivisto, and (c) requiring Debtors and their counsel to grant Kivisto access to documents reasonably needed to prepare for the examination and provide for adequate time to review the same.

Date:  November 7, 2008                                    Respectfully submitted

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & CARWILE**

/s/ John J. Carwile
John J. Carwile, OBA #10757
Carol J. Allen, OBA #18255
1500 ParkCentre
525 South Main
Tulsa, OK 74103
Telephone: (918) 582-8877
Facsimile: (918) 585-8096


**COOCH AND TAYLOR, P.A.**


*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB #3381)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801
Telephone: (302) 984-3820
Facsimile: (302) 984-3939
skaufman@coochtaylor.com