**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 08-11525 (BLS) |
| SEMCRUDE, *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| ──────────────────────────── | ) | |
| | ) | |
| SAMSON RESOURCES COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEMCRUDE, L.P.; CHEMICAL | ) | |
| PETROLEUM EXCHANGE, | ) | |
| INCORPORATED; EAGLWING, L.P.; | ) | |
| GRAYSON PIPELINE, L.L.C.; GREYHAWK | ) | Adversary No. 08-51448 (BLS) |
| GAS STORAGE COMPANY, L.L.C.; K.C. | ) | (New Mexico) |
| ASPHALT, L.L.C.; SEMCANADA II, L.P.; | ) | |
| SEMCANADA, L.P.; SEMCRUDE PIPELINE, | ) | |
| L.L.C.; SEMFUEL TRANSPORT, L.L.C.; | ) | |
| SEMFUEL, L.P.; SEMGAS GATHERING, | ) | |
| L.L.C.; SEMGAS STORAGE, L.L.C.; | ) | |
| SEMGAS, L.P.; SEMGROUP ASIA, L.L.C.; | ) | |
| SEMGROUP FINANCE CORP.; SEMGROUP, | ) | |
| L.P.; SEMKAN, L.L.C.; SEMMANAGEMENT, | ) | |
| L.L.C.; SEMMATERIALS VIETNAM, L.L.C.; | ) | |
| SEMMATERIALS, L.P.; SEMOPERATING | ) | |
| G.P., L.L.C.; SEMSTREAM, L.P.; | ) | |
| SEMTRUCKING, L.P.; STEUBEN | ) | |
| DEVELOPMENT COMPANY, L.L.C.; AND | ) | |
| BANK OF AMERICA, N.A., Individually and | ) | |
| as Agent for Pre-Petition and Post-Petition | ) | |
| Lenders, | ) | |
| | ) | |
| Defendants. | ) | |
| ──────────────────────────── | ) | |

# PLAINS MARKETING, L.P.'S ANSWER TO COMPLAINT

Intervenor Plains Marketing, L.P. ("Plains Marketing"), by and through its undersigned counsel, as and for its Answer to the Complaint for Declaratory Judgment and Ancillary Relief ("Complaint"), respectfully states as follows:

## I.
### ANSWER

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admits the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Admits the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admits the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Admits the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Admits the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Admits the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Admits the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Admits the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admits the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Admits the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Admits the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Admits the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Admits the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Admits the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Admits the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Admits the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Admits the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Admits the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Admits the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Admits the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Admits the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Admits the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Admits the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Admits the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Admits the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Admits the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and respectfully refers to the Final DIP Order (Docket No. 1420) for the contents thereof.

30. In response to the allegations of Paragraph 30 of the Complaint, admits that the Court entered an Order Establishing Procedures for the Resolution of Liens Asserted Pursuant to Producers' Statutory Lien or Similar Statutes (the "Procedures Order") (Docket No. 1425) on September 17, 2008 and respectfully refers to the Procedures Order for the contents thereof. Denies knowledge or information sufficient to form a belief as to whether the Complaint was filed pursuant to the terms of the Procedures Order.

31. States that the allegations contained in Paragraph 31 of the Complaint state legal or other conclusions that do not require a response.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. States that the allegations contained in Paragraph 38 of the Complaint state legal conclusions that do not require a response.

39. States that the allegations contained in Paragraph 39 of the Complaint state legal or other conclusions that do not require a response.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and respectfully refers to the Final DIP Order for the contents thereof.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

### First Claim for Relief

46. Repeats and realleges the responses to the allegations contained in Paragraphs 1 through 45 hereof as if fully stated herein. States that Paragraph 46 is not a factual statement that is properly admitted or denied.

47. States that Paragraph 47 is a request for relief and is therefore not properly admitted or denied.

48. States that Paragraph 48 is a request for relief and is therefore not properly admitted or denied.

### Second Claim for Relief

49. Repeats and realleges the responses to the allegations contained in Paragraphs 1 through 48 hereof as if fully stated herein. States that Paragraph 49 is not a factual statement that is properly admitted or denied.

50. States that Paragraph 50 is a request for relief and is therefore not properly admitted or denied.

51. States that Paragraph 51 is a request for relief and is therefore not properly admitted or denied.

### Third Claim for Relief

52.  Repeats and realleges the responses to the allegations contained in Paragraphs 1 through 51 hereof as if fully stated herein. States that Paragraph 52 is not a factual statement that is properly admitted or denied.

53.  States that Paragraph 53 is a request for relief and is therefore not properly admitted or denied.

### Fourth Claim for Relief

54.  Repeats and realleges the responses to the allegations contained in Paragraphs 1 through 53 hereof as if fully stated herein. States that Paragraph 54 is not a factual statement that is properly admitted or denied.

55.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and respectfully refers to the Final DIP Order for the contents thereof.

56.  States that Paragraph 56 is a request for relief and is therefore not properly admitted or denied.

57.  States that Paragraph 57 is a request for relief and is therefore not properly admitted or denied.

### Fifth Claim for Relief

58.  Repeats and realleges the responses to the allegations contained in Paragraphs 1 through 57 hereof as if fully stated herein. States that Paragraph 58 is not a factual statement that is properly admitted or denied.

59.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. States that Paragraph 61 is a request for relief and is therefore not properly admitted or denied.

62. States that Paragraph 62 is a request for relief and is therefore not properly admitted or denied.

63. All allegations not specifically admitted herein are denied.

## II.
### AFFIRMATIVE DEFENSES

64. The Complaint fails to state a claim upon which relief may be granted.

65. Plaintiff has failed to join necessary and indispensable parties in this action.

66. The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of setoff, offset, netting, and recoupment, pursuant to the agreements among the parties and applicable statutory and common law.

67. The claims asserted in the Complaint are subject to Plains Marketing's rights under its agreements with the Debtors, and all other rights and defenses Plains Marketing holds against the Debtors.

68. Plains Marketing was a buyer in the ordinary course of business of the Debtors.

69. Plains Marketing has an undisputable right to setoff by contract and under §§ 362, 556, 560 and 561 of the Bankruptcy Code, and the Bankruptcy Code preempts any conflicting New Mexico state law.

70. Any crude oil which Plains Marketing purchased from SemGroup has been comingled and is not traceable or identifiable.

71. Any crude oil proceeds owed by Plains Marketing to any of the Debtors or their estates are property of the estate.

72. To the extent a Producer has a lien on the crude oil or proceeds thereof sold to the Debtors, Plains Marketing, as second purchaser, takes free of any such lien.

73. To the extent a Producer has a lien on the crude oil or proceeds thereof sold to the Debtors, Plains Marketing takes free of any such lien as a result of Producer entrusting the goods to the Debtors for the purpose of resale to Plains Marketing.

### III.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plains Marketing prays that Plaintiff take nothing by its suit as against Plains Marketing; and for such other and further relief, both at law and in equity, to which Plains Marketing may show itself justly entitled.

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
By: /s/ *Bradford J. Sandler*
    Bradford J. Sandler (No. 4142)
    222 Delaware Avenue, Suite 801
    Wilmington, DE 19801
    Telephone: (302) 442-7007
    Facsimile: (302) 442-7012
    bsandler@beneschlaw.com

-and-

Michael A. McConnell
Clay M. Taylor
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: (817) 332-2500
Fax: (817) 878-9280

*Attorneys for Plains Marketing, L.P.*