# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------- x

In re:       :     **Chapter 11**

          :

**SEMCRUDE, L.P., et al.,**[1]    :     **Case No. 08-11525 (BLS)**

          :     **(Jointly Administered)**

     **Debtors.**     :

          :     Objection Deadline: September 21, 2009 at 4:00 p.m.

------------------------------------------------- x    Hearing Date: September 24, 2009 at 10:00 a.m.

## MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING THE NOTICE OF THIRD AMENDED DISCLOSURE STATEMENT HEARING; (II) APPROVING THIRD AMENDED DISCLOSURE STATEMENT; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE THIRD AMENDED PLAN; (IV) APPROVING THE FORMS OF REVISED BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING BY CERTAIN CREDITORS ON THE THIRD AMENDED PLAN; (V) EXTENDING THE VOTING DEADLINE FOR CERTAIN CLAIMANTS TO ACCEPT OR REJECT THE THIRD AMENDED PLAN; AND (VI) GRANTING RELATED RELIEF

SemCrude, L.P., its parent, SemGroup, L.P. ("SemGroup"), and certain direct or indirect subsidiaries of SemGroup, as debtors and debtors in possession (collectively, the "Debtors"), hereby submit this motion (the "Motion"), pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3020, 9013, 9014 and 9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: SemCrude, L.P. (7524), Chemical Petroleum Exchange, Incorporated (8866), Eaglwing, L.P. (7243), Grayson Pipeline, L.L.C. (0013), Greyhawk Gas Storage Company, L.L.C. (4412), K.C. Asphalt L.L.C. (6235), SemCanada II, L.P. (3006), SemCanada L.P. (1091), SemCrude Pipeline, L.L.C. (9811), SemFuel Transport LLC (6777), SemFuel, L.P. (1015), SemGas Gathering LLC (4203), SemGas Storage, L.L.C. (0621), SemGas, L.P. (1095), SemGroup Asia, L.L.C. (5852), SemGroup Finance Corp. (3152), SemGroup, L.P. (2297), SemKan, L.L.C. (8083), SemManagement, L.L.C. (0772), SemMaterials Vietnam, L.L.C. (5931), SemMaterials, L.P. (5443), SemOperating G.P., L.L.C. (5442), SemStream, L.P. (0859), SemTrucking, L.P. (5355), Steuben Development Company, L.L.C. (9042), and SemCap, L.L.C. (5317). To date, SemGroup Holdings, L.P. (Case No. 08-12504) has not been consolidated with the Debtors' aforementioned chapter 11 cases for procedural purposes through joint administration.

Delaware (the "Local Rules"), for the entry of a proposed order: (i) approving the notice of disclosure statement hearing; (ii) approving the *Disclosure Statement for the Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated as of August 25, 2009 [Docket No. 5345] (including all exhibits thereto and as may be amended, modified and supplemented from time to time, the "Third Amended Disclosure Statement");[2] (iii) incorporating the applicable provisions of the Order Approving Second Amended Disclosure Statement (as defined below) relating to solicitation, voting and tabulation procedures into the proposed order approving the Third Amended Disclosure Statement; (iv) approving the notice and objection procedures with regard to the confirmation of the *Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated August 25, 2009 [Docket No. 5344] (including all exhibits thereto and as may be amended, modified and supplemented from time to time, the "Third Amended Plan"); (v) approving the forms of revised ballots and the establishment of procedures for voting by certain creditors on the Third Amended Plan; (vi) extending the voting deadline for all creditors entitled to vote; and (vii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### General Background of These Chapter 11 Cases

2.     On July 22, 2008, and continuing periodically thereafter (the "Petition Date"), the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings attributed to such terms in the Third Amended Disclosure Statement or the Order Approving Second Amended Disclosure Statement (as defined below), as applicable.

Debtors each commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court. Excepting SemGroup Holdings, L.P., the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On August 1, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed a statutory committee of unsecured creditors (the "Unsecured Creditors' Committee"). On October 14, 2008, the Court appointed Louis J. Freeh, Esquire to serve as examiner (the "Examiner") in the chapter 11 cases. On October 24, 2008, the U.S. Trustee appointed a statutory committee of oil and gas producers[3] (the "Producers' Committee" and with the Unsecured Creditors' Committee, the "Committees").

4.      On February 25, 2009 the prepetition administrative agent for the Debtors' prepetition secured lenders (the "Prepetition Secured Lenders") filed a single master proof of claim (against all of the Debtors) in the lead chapter 11 case (SemCrude, L.P. (Case No. 08-11525 (BLS)) on behalf of all such secured parties for the repayment of principal, interest and/or other applicable fees and charges owed under the prepetition loan documents under which it serves as administrative agent.

5.      On February 23, 2009, the indenture trustee (the "Indenture Trustee") for the prepetition 8.75% senior notes due 2015 by SemGroup and SemGroup Finance Corp. (the "Senior Notes"), pursuant to that certain indenture dated November 18, 2005, filed a single master proof of claim in the lead chapter 11 case (SemCrude, L.P. (Case No. 08-11525 (BLS))

---

[3] The term "producers" includes producers of oil and gas products, operators of oil and gas wells, and interest owners, under applicable law, in oil and gas wells.

on behalf of all bondholders holding Senior Notes (the "Senior Notes Master Proof of Claim").

6.     On October 20, 2008, the Debtors (who filed their petitions on July 22, 2009) timely filed their schedules of assets and liabilities and statements of financial affairs (together, as such schedules and statements have been or may be supplemented or amended, the "Schedules"), which total more than 22,000 pages and listed over 85,000 potential creditors. On January 16, 2009, Debtors amended their Schedules to address concerns raised by certain creditors in more than 200 objections and two motions seeking to compel the Debtors to amend their Schedules.

7.     On November 20, 2008, this Court entered an order extending the time for SemCap, L.L.C. ("SemCap") to file its Schedules to on or before December 2, 2008. On December 2, 2008, SemCap timely filed its Schedules, which total more than 40 pages and listed approximately four (4) additional potential creditors.

8.     On May 15, 2009, the Debtors filed the *Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4021] and the *Disclosure Statement for the Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4022] with the Court. On June 24, 2009, the Debtors filed with the Court a notice of filing of blacklines of further revised versions of these documents [Docket No. 4381].

9.     On June 5, 2009, the Debtors filed *Motion of the Debtors for an Order (i) Approving the Notice of the Disclosure Statement Hearing; (ii) Approving the Disclosure Statement; (iii) Fixing the Voting Record Date; (iv) Approving the Notice and Objection Procedures in Respect of Confirmation of the Plan; (v) Approving Solicitation Packages and Procedures for Distribution Thereof; (vi) Approving the Forms of Ballots and Establishment of Procedures for Voting on the Plan; (vii) Approving the Forms of Notices to Non-Voting Classes*

4

*Under the Plan; (viii) Fixing the Voting Deadline to Accept or Reject the Plan; and (ix) Approving the Procedures for Vote Tabulations in Connection Therewit*h [Docket No. 4216] (the "First Solicitation Procedures Motion") with the Court.

10.     On July 13, 2009, the Debtors filed the *First Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4574] (the "First Amended Plan") and the *Disclosure Statement for the First Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4575] (the "First Amended Disclosure Statement") with the Court.

11.     On July 20, 2009, the Debtors filed the *Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4698] (the "Second Amended Plan") and the *Disclosure Statement for the Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4699] (the "Second Amended Disclosure Statement") with the Court.

12.     On July 20, 2009, the Court held a hearing on the Second Amended Disclosure Statement (the "July 20 Hearing"). At the conclusion of the July 20 Hearing, the Court approved the Second Amended Disclosure Statement subject to the terms and conditions set forth on the record at the July 20 Hearing.

13.     On July 21, 2009, the Court entered an *Order (I) Approving the Notice of the Disclosure Statement Hearing; (II) Approving the Disclosure Statement; (III) Fixing the Voting Record Date; (IV) Approving the Notice and Objection Procedures in Respect of Confirmation of the Plan; (V) Approving Solicitation Packages and Procedures for Distribution Thereof; (VI) Approving the Forms of Ballots and Establishment of Procedures for Voting on the Plan; (VII) Approving the Forms of Notices to Non-Voting Classes Under the Plan; (VIII) Fixing the Voting*

5

*Deadline to Accept or Reject the Plan; and (IX) Approving Procedures for Vote Tabulations in Connection Therewith* [Docket No. 4720] (the "Order Approving Second Amended Disclosure Statement").

14.     The Order Approving Second Amended Disclosure Statement established September 3, 2009 as the deadline by which holders of Claims entitled to vote were required to submit ballots to the Debtors' balloting agents in connection with the Second Amended Plan (the "Initial Voting Deadline").

15.     On July 21, 2009, the Debtors commenced solicitation of the Second Amended Plan. On or about July 30, 2009, the Debtors' balloting agents completed solicitation of the Second Amended Plan. See Docket Nos. 5109, 5110, 5171, 5260, 5335, 5480 & 5536.

16.     On August 25, 2009, the Debtors filed the *Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5344] (the "Third Amended Plan") and the *Disclosure Statement for the Third Amended Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5345] (the "Third Amended Disclosure Statement") with the Court. As set forth in section IV, infra, the revisions to the Second Amended Plan that are reflected in the Third Amended Plan affected a small group of claimants, and thus, for the reasons set forth herein, the Debtors intend to re-solicit only a small group of affected creditors in connection with the Third Amended Plan.

17.     A hearing on the Third Amended Disclosure Statement is scheduled to take place on September 24, 2009 at 10:00 a.m. (prevailing Eastern Time). See *Notice of Hearing to Consider Approval of Disclosure Statement for Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5358] (the "Disclosure Statement Hearing Notice").

RLF1-3430090-2

**RELIEF REQUESTED**

18.     By this Motion, and pursuant to sections 105, 502, 1125, 1126 and 1128 of the

Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3020, 9013, 9014 and 9021 and Local

Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1 and 9021-1, the Debtors seek entry of a proposed

order substantially similar to the form attached hereto as <u>Exhibit A</u> (the "<u>Disclosure Statement</u>

<u>Order</u>"), which:

(a)     approves the notice of hearing, in the form attached to the Disclosure Statement Order as <u>Exhibit 1</u>, to consider the Debtors' proposed Third Amended Disclosure Statement;

(b)     approves the Third Amended Disclosure Statement, the form of which is annexed to the Disclosure Statement Order as <u>Exhibit 2</u>;

(c)     approves the notice of hearing and objection procedures (the "<u>Confirmation Hearing Notice</u>"), in the form annexed to the Disclosure Statement Order as <u>Exhibit 3</u>, in respect of the Third Amended Plan, and sets the date for the hearing on confirmation of the Third Amended Plan (the "<u>Confirmation Hearing</u>");

(d)     approves the forms of Revised Ballot (as defined below and as annexed as <u>Exhibit 4</u> to the Disclosure Statement Order), and establishes procedures for voting by certain creditors on the Third Amended Plan;

(e)     extends the voting deadline for certain creditors to accept or reject the Third Amended Plan; and

(f)     incorporates by reference, as applicable, the relevant provisions of the Order Approving Second Amended Disclosure Statement with regard to the approved solicitation, voting and tabulation procedures, including, but not limited to, the:

    (1)     the establishment of July 22, 2009 as the Voting Record Date;

    (2)     approval of the forms of ballots attached as exhibits to the Order Approving Second Amended Disclosure Statement;

    (3)     approval of the Solicitation Packages and procedures for distribution thereof;

    (4)     approval of the solicitation, voting and balloting procedures set forth in the Order Approving Second Amended Disclosure Statement; and

7

(5) approval of the forms of notice to nonvoting classes attached as exhibits to the Order Approving Second Amended Disclosure Statement.

## BASES FOR RELIEF REQUESTED

## I. THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

19. Section 1125 of the Bankruptcy Code requires a plan proponent to provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization. Section 1125(a)(1) defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the plan. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314 (3d Cir. 2003) (quoting 11 U.S.C. § 1125(b)); In re Monnier Bros., 755 F.2d 1336 (8th Cir. 1985). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

20. The bankruptcy court has broad discretion to determine the adequacy of the information contained in a disclosure statement. See Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); In re Lisanti Foods, Inc., 329

8

B.R. 491, 507 (D.N.J. 2005); In re River Village Assoc., 181 B.R. 795, 804 (E.D. Pa. 1995).[4] Congress granted bankruptcy courts discretion to facilitate the effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977); see also In re Copy Crafters Quickprint Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (holding that adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties"). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

21. In exercising their broad discretion, bankruptcy courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) an explanation of the available assets and their value;

(c) the anticipated future of the debtor;

(d) the source of the information provided in the disclosure statement;

(e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f) the condition and performance of the debtor while in chapter 11;

(g) information regarding claims against the estate;

(h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

---

[4] See also Kirk v. Texaco, Inc., 82 B.R. 678, 681-82 (S.D.N.Y. 1988) ("whether a disclosure statement required under [section 1125(b)] contains adequate information is *not* governed by otherwise applicable nonbankruptcy law, rule, or regulation") (citing 11 U.S.C. § 1125(d)).

(i)     the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k)     a summary of the plan of reorganization or liquidation;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the collectability of any accounts receivable;

(n)     any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood and possible success of nonbankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); In re Oxford Homes, 204 B.R. 264 (Bankr. D. Me. 1997) (using similar list). This list is not meant to be comprehensive; nor must a debtor provide all the information on the list. Rather, the bankruptcy court must decide which factors are appropriate in each case. See Ferretti, 128 B.R. at 18-19 (adopting similar list); Phoenix Petroleum, 278 B.R. at 393 (making use of similar list but cautioning that "no one list of categories will apply in every case").

22.     The Debtors submit that the proposed Disclosure Statement contains information with respect to the applicable subject matter identified above, including, but not limited to, a discussion of:

(a)     an overview of the Plan (Part V.A);

(b)     the operation of the Debtors' businesses (Part III.A);

10

(c) the indebtedness of the Debtors and information regarding pending claims and administrative expenses (Parts III.G, IV, V.B-C, XI);

(d) key events leading to the commencement of the Debtors' chapter 11 cases (Part IV.A);

(e) significant events that occurred during the chapter 11 cases (Part IV.B-P);

(f) the proposed capital and debt structure of the reorganized Debtors (Part VI.C);

(g) information regarding the future management of the Debtors (Part VI.B);

(h) information regarding pending and potential litigation involving the Debtors (Part IV);

(i) financial projections and valuation analysis (Part VI.A);

(j) a liquidation analysis (Exhibit E to Disclosure Statement);

(k) information regarding securities issued under the Plan (Parts V.E.4, V.H.6, VI.C.6-7, VIII, X.B);

(l) risk factors affecting the Debtors (Part IX);

(m) requirements for confirmation of the Plan (Part XIII.B);

(n) tax consequences of the Plan (Part X);

(o) the litigation trust to provide compensation to certain creditors (Part VII); and

(p) voting procedures (Part XII).

23. In addition to the types of information that bankruptcy courts typically examine, the proposed Disclosure Statement provides an analysis of the alternatives to the confirmation and consummation of the Plan (Part XIV).

24. Accordingly, the Debtors submit that the proposed Disclosure Statement contains all or substantially all of the information typically considered by bankruptcy courts and respectfully request that the Court approve the proposed Disclosure Statement as having adequate information and meeting the requirements of section 1125 of the Bankruptcy Code.

RLF1-3430090-2

## II. THE NOTICE OF DISCLOSURE STATEMENT HEARING AND PROCEDURES FOR FILING OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT SHOULD BE APPROVED

### A. Approval of the Notice of Disclosure Statement Hearing

25. Bankruptcy Rule 3017(a) provides that:

> [a]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 25 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

26. Bankruptcy Rules 2002(b) and (d) require notice to all creditors, indenture trustees, and shareholders of the time set for filing objections to, and the hearing to consider the approval of, a disclosure statement. The Debtors served the Disclosure Statement Notice, incorporated herein by reference, on August 25, 2009, by electronic and/or first class mail upon:

    (a)    the Office of the U.S. Trustee for the District of Delaware;

    (b)    the Securities and Exchange Commission;

    (c)    counsel to the Committees;

    (d)    counsel to the agent for certain of the Debtors' prepetition and postpetition lenders (the "Administrative Agent");

    (e)    counsel to the Indenture Trustee;

    (f)    all known holders of claims listed on the Schedules at the addresses stated therein (as amended or supplemented from time to time);

    (g)    all parties known to the Debtors as having potential claims against any of the Debtors' estates;

    (h)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (as amended or supplemented

from time to time);

(i) all parties to litigation with any of the Debtors (as of the date of the entry of the Bar Date Order);

(j) all parties who have requested notice pursuant to Bankruptcy Rule 2002;

(k) the Internal Revenue Service;

(l) the Debtors' current officers, directors, and employees; and

(m) the Debtors' former officers, directors, and employees to the extent that contact information for such former officers, directors, and employees is available in the Debtors' records (collectively, the "Noticed Parties").

27. The Debtors provided the Noticed Parties with notice of the time set for filing objections to the proposed Third Amended Disclosure Statement as well as notice of the Disclosure Statement Hearing.

28. The Debtors also have provided and will continue to provide copies of the proposed Third Amended Disclosure Statement and Third Amended Plan, at the Debtors' expense, to any party in interest who specifically requests such documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a). Copies of the proposed Third Amended Disclosure Statement and Third Amended Plan also are on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours and on the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC, www.kccllc.net/semgroup.

29. The Debtors submit that the foregoing procedures provided adequate notice of the Disclosure Statement Hearing, and accordingly, request that the Court approve such notice as adequate.

**B. Approval of Procedures for the Filing of Objections to the Third Amended Disclosure Statement**

30. The Disclosure Statement Notice provided that objections to the proposed Third

RLF1-3430090-2

Amended Disclosure Statement, if any, must (a) be in writing; (b) state the name and address of the objecting or responding party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Third Amended Disclosure Statement to resolve any such objection or response; and (d) be filed, together with proof of service, with the Court and served upon the following parties such that the Court and the following parties actually receive the responses and objections (and the Court receives the proof of service) on or before **4:00 p.m. (prevailing Eastern Time) on September 17, 2009** (the "Disclosure Statement Objection Deadline"): (i) counsel for the Debtors, Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas Texas 75201 (Attn: Martin A. Sosland), and Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington Delaware 19801 (Attn: John H. Knight); (ii) counsel for the Administrative Agent, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022-3598 (Attn: Margot B. Schonholtz and Marc D. Rosenberg), and Potter Anderson & Corroon, LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Laurie Selber Silverstein); (iii) counsel for the Unsecured Creditors Committee, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Susheel Kirpalani and Joseph G. Minias), and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Bonnie Glantz Fatell); (iv) counsel for the Producers' Committee, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002 (Attn: Hugh M. Ray), and Cole, Schotz, Meisel, Forman & Leonard P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Karen M. McKinley); and (v) The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: William K. Harrington).

RLF1-3430090-2

31.     Requiring that objections and responses to the Third Amended Disclosure Statement be filed and served no later than the Disclosure Statement Objection Deadline has afforded the Court, the Debtors, and other parties in interest sufficient time before the hearing to approve the Disclosure Statement (the "Disclosure Statement Hearing") to consider objections and responses to the Disclosure Statement. The Debtors request that the Court approve, pursuant to Bankruptcy Rule 3017, the procedure for filing objections to the Third Amended Disclosure Statement, as set forth in the Disclosure Statement Notice.

## III.     ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE THIRD AMENDED PLAN

### A.     Setting the Confirmation Hearing

32.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

33.     In accordance with Bankruptcy Rules 2002(b) and 3017(c), and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for October 26, 2009, which is 32 days after the date requested for the Disclosure Statement Hearing. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The Debtors submit that the proposed date for the Confirmation Hearing complies with the Bankruptcy Rules and the Local Rules and will enable the Debtors to pursue confirmation of the Third Amended Plan in a timely fashion.

RLF1-3430090-2

**B. Establishing Procedures for Notice of the Confirmation Hearing and Filing Objections to Confirmation of the Third Amended Plan**

34. Bankruptcy Rules 2002(b) and (d) require not less than 25 days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).

35. In accordance with these procedural rules, the Debtors propose to provide all creditors and equity security holders with a copy of the Confirmation Hearing Notice, which is annexed to the Disclosure Statement Order as Exhibit 3 and incorporated herein by reference, setting forth (i) the Extended Voting Deadline (as defined below), (ii) the time fixed for filing objections to confirmation of the Third Amended Plan, and (iii) the time, date, and place for the Confirmation Hearing. The Confirmation Hearing Notice will be sent to the parties set forth above on or before September 26, 2009.

36. The Confirmation Hearing Notice provides, and the Debtors request, that the Court direct that objections to confirmation of the Third Amended Plan or proposed modifications to the Third Amended Plan, if any, (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with proof of service, with the Court and served so that they are actually filed and received by the following parties no later than 4:00 p.m. (prevailing Eastern Time) on October 21, 2009 (the "Confirmation Objection Deadline"): (i) counsel for the Debtors, Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201 (Attn: Martin A. Sosland), and Richards, Layton & Finger, P.A., One Rodney Square, P.O. Box 551, Wilmington, Delaware 19899 (Attn: John H.

16

Knight); (ii) counsel for the Administrative Agent, Kaye Scholer LLP, 425 Park Avenue, New York, New York 10022-3598 (Attn: Margot B. Schonholtz and Marc D. Rosenberg), and Potter Anderson & Corroon, LLP, Hercules Plaza, 6th Floor, 1313 North Market Street, Wilmington, Delaware 19801 (Attn: Laurie Selber Silverstein); (iii) counsel for the Unsecured Creditors' Committee, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Susheel Kirpalani and Joseph G. Minias), and Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Bonnie Glantz Fatell); (iv) counsel for the Producers' Committee, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002 (Attn: Hugh M. Ray), and Cole, Schotz, Meisel, Forman & Leonard P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Karen M. McKinley); and (v) The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: William K. Harrington).

37.     Setting October 21, 2009 as the Confirmation Objection Deadline will provide parties in interest with 25 days' notice of the Confirmation Objection Deadline and will afford the Debtors and other parties in interest sufficient time to consider the objections and proposed modifications and file any replies, while leaving the Court sufficient time to consider any such objections and replies before the Confirmation Hearing.

38.     If there are objections to confirmation, providing sufficient time for the Debtors to reply to any such objections will assist the Court and may expedite the Confirmation Hearing. Accordingly, the Debtors request that the Debtors, the Creditors' Committee, and the Administrative Agent be authorized to file and serve replies or an omnibus reply to any such objections no later than 4:00 p.m. (prevailing Eastern Time) on October 23, 2009. The Debtors respectfully request that the Court approve these procedures for filing objections to the Third

Amended Plan and replies thereto, pursuant to Bankruptcy Rules 2002 and 3020.

39.     The foregoing procedures will provide parties in interest with more than 25 days' notice of the Confirmation Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

## IV.     THE COURT SHOULD (A) INCORPORATE BY REFERENCE APPLICABLE PROVISIONS OF THE ORDER APPROVING SECOND AMENDED DISCLOSURE STATEMENT INTO THE PROPOSED DISCLOSURE STATEMENT ORDER, AND (B) APPROVE CERTAIN ADDITIONAL PROCEDURES IN CONNECTION WITH THE THIRD AMENDED PLAN

40.     The revisions to the Second Amended Plan that are reflected in the Third Amended Plan affect a limited number of the Debtors' creditors and necessitate the re-solicitation of an even smaller pool of creditors. More specifically, and as set forth below, the revisions affect creditors in Classes 53-69 (Producer Secured Claims) (the "Producer Class"),[5] Classes 201-226 (General Unsecured Claims) (the "GUCs"), and Classes 70-95 (Secured Working Capital Lender Claims), Classes 96-121 (Secured Revolver/Term Lender Claims), and Classes 175-200 (Lender Deficiency Claims) (together, the "Lender Classes").[6]

### *The Producer Class*

41.     The Third Amended Plan provides that certain creditors may elect to participate in one or more Opt-In Settlements depending on the types of Claims they hold. More specifically, the Third Amended Plan provides three (3) settlement options for qualified Creditors – (a) the State Lien/Trust Claims Settlement, (b) the Other State Claims Settlement, and (c) the Other Commodity Twenty-Day Claims Settlement (collectively, the "Global Settlements"). The Third Amended Plan provides for similar settlements for the creditors of Debtor Eaglwing, L.P. (the

---

[5] As of the date of this Motion, Classes 53-69 (Producer Secured Claims) remains unpopulated.

[6] The following discussion is intended as a summary only and is subject to and qualified in all respects by the terms of the Third Amended Disclosure Statement and Third Amended Plan.

RLF1-3430090-2

"Eaglwing Settlements," and together with the Global Settlements, the "Settlements"). As set forth in the Third Amended Disclosure Statement, if the minimum acceptance threshold for the Global Settlements is not obtained or the maximum reserve is exceeded, the Third Amended Plan may not be confirmed. If the minimum acceptance threshold for the Eaglwing Settlements is not obtained or the maximum reserve is exceeded, Eaglwing may withdraw from participation in the Third Amended Plan.

42.     Creditors holding Claims in Classes 53-69 (Producer Secured Claims) are the only creditors entitled to participate in the Settlements. After careful consideration, the Debtors determined that in lieu of entering into the Settlements through the solicitation of the Third Amended Plan, the Debtors will negotiate and enter into the Settlements outside of the plan context and will submit the Settlements to the Court for approval pursuant to the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Accordingly, the Debtors are not seeking to solicit acceptances of the Global Settlements from the Producer Class through the Third Amended Plan. Nor do the Debtors seek to solicit the Producer Class with regard to any other provisions in the Third Amended Plan, because under the Third Amended Plan, the holders of Claims in Classes 53-69 (Producer Secured Claims) are unimpaired and deemed to accept the Third Amended Plan, and therefore are not entitled to vote in connection with the Third Amended Plan.[7]

### *The GUCs*

43.     Recoveries for creditors holding Claims in Classes 201-226 (General Unsecured Claims) will be affected by the Settlements, in that holders of Claims in Classes 53-69 (Producer Secured Claims) who are paid through the Settlements will no longer be paid from the funds set

---

[7] Under the Second Amended Plan, there were no allowed holders of Claims in Classes 53-69 (Producer Secured Claims) and the claimants in those classes were impaired and deemed to have rejected to the Second Amended Plan and, consequently, did not receive Solicitation Packages.

aside for the claimants holding claims in Classes 201-226 (General Unsecured Claims). In other words, the GUCs will not be adversely affected by the revisions set forth in the Third Amended Plan, but actually stand to gain some potential benefit. Accordingly, the Debtors do not intend to re-solicit the holders of Claims in Classes 201-226 (General Unsecured Claims) in connection with the Third Amended Plan.

### *The Lender Classes*

44. In addition to the revisions set forth above, the Debtors are seeking approval of a revised form of ballot for the holders of Claims in Classes 175-200 (Lender Deficiency Claims). More specifically, the Debtors seek to revise the ballot to provide such claimants with the option to elect to assign the Litigation Trust Assets attributable to those Claims, and the related Litigation Trust Interests, to the Litigation Trust. To that end, the Debtors have prepared a revised form of Lender Deficiency Claim Ballot, which is attached to the Disclosure Statement Order as Exhibit 4 (the "Revised LDC Ballot"). The Debtors also intend to re-solicit creditors holding Claims in Classes 70-95 (Secured Working Capital Lender Claims) and Classes 96-121 (Secured Revolver/Term Lender Claims) for the express purpose of curing some typographical errors contained in the Ballots that were solicited in connection with the Second Amended Plan (the "Additional Revised Lender Ballots," and together with the Revised LDC Ballot, the "Revised Ballots"). If a member of the Lender Classes who receives an Additional Revised Lender Ballot does not submit such ballot prior to the Extended Voting Deadline (defined below), the most recent applicable Ballot submitted by the member shall remain in effect.

### A. Incorporation of Existing Solicitation, Voting and Tabulation Procedures Into the Proposed Order Approving the Third Amended Plan

45. Pursuant to the Order Approving Second Amended Disclosure Statement, the Court approved certain solicitation, voting and tabulation procedures and deadlines in connection

with the Second Amended Plan, including (a) the establishment of July 22, 2009 as the Voting Record Date; (b) the approval of the forms of Ballots, including the Master Ballot, and the forms of Notice of Non-Voting Status – Impaired and Notice of Non-Voting Status – Unimpaired (all of which were attached as exhibits to the Order Approving Second Amended Disclosure Statement); (c) the approval of the Solicitation Packages and the procedures for their distribution; and (d) the approval of procedures for voting tabulation.

46.　　The Debtors completed solicitation of creditors holding Claims in Class 122 (White Cliffs Credit Agreement Claim), Classes 149-174 (Senior Notes Claims), and Classes 201-226 (General Unsecured Claims). The Debtors also distributed a Notice of Non-Voting Status – Impaired to holders of Claims in Classes 1-26 (Priority Non-Tax Claims), Classes 27-52 (Secured Tax Claims), Classes 123-148 (Other Secured Claims), and Claims 253-278 (Intercompany Equity Interests) (collectively, the "Unimpaired Classes"), and Classes 227-252 (Intercompany Claims) and Class 279 (SemGroup Equity Interests) (collectively, the "Non-Voting Impaired Classes"). See ¶ 15, supra.

47.　　Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), and pursuant to the Order Approving Second Amended Disclosure Statement, the Debtors were not required to distribute Ballots or the Solicitation Packages to holders of claims against or interests in the Debtors within a Class under the Second Amended Plan that is deemed to accept or reject the Second Amended Plan under section 1126(f) or (g) of the Bankruptcy Code. Rather, the Debtors distributed to holders of such claims and interests a Notice of Non-Voting Status - Unimpaired Classes or a Notice of Non-Voting Status - Impaired Classes and the Confirmation Hearing Notice.

48.　　As noted above, the Debtors are seeking to re-solicit only the Lender Classes and

intend to treat the votes cast for or against the Second Amended Plan as if they had been cast for or against the Third Amended Plan. As such, the Debtors are seeking to have the solicitation, voting and tabulation procedures that were approved through the Order Approving Second Amended Disclosure Statement apply to the Third Amended Plan. Accordingly, the Debtors request that the Court incorporate the applicable terms of the Order Approving Second Amended Disclosure Statement into the proposed Disclosure Statement Order as if set forth fully therein.

**B.      Approval of Additional Solicitation, Voting and Tabulation Procedures in Connection with the Third Amended Plan**

*Approval of Revised Ballots*

49.      As noted above, through this Motion, the Debtors are seeking approval of a revised form of ballot for the holders of Claims in Classes 175-200 (Lender Deficiency Claims) to provide such claimants with the option of electing to assign the Litigation Trust Assets attributable to those Claims, and the related Litigation Trust Interests, to the Litigation Trust. The Debtors intend to re-solicit the holders of Claims in Classes 175-200 (Lender Deficiency Claims) by providing members of those Classes with a Solicitation Package[8] and the Revised LDC Ballot. Similarly, the Debtors intend to re-solicit creditors holding Claims in Classes 70-95 (Secured Working Capital Lender Claims) and Classes 96-121 (Secured Revolver/Term Lender Claims) by providing these classes with a Solicitation Package and applicable Revised Ballot for the express purpose of curing some typographical errors contained in the Ballots that were distributed in connection with the solicitation of the Second Amended Plan.

*Approval of Extended Voting Deadline*

50.      Through this Motion, the Debtors are seeking to extend the deadline by which a

---

[8] The Solicitation Packages will not deviate in any way from those approved pursuant to the Order Approving the Second Amended Disclosure Statement except that they will include the Third Amended Disclosure Statement and the Third Amended Plan.

claimant must submit its Ballot to the Balloting Agent to October 16, 2009 (the "Extended Voting Deadline"). The Debtors seek to have this Extended Voting Deadline to all creditors classes entitled to vote under the Second Amended Plan. Each applicable claimant must submit its properly executed and completed Ballot or Revised Ballot to the Balloting Agent, (i) by first-class mail, in the return envelope provided with each Ballot or Revised Ballot, (ii) by overnight courier, or (iii) by hand delivery, so that it is actually received by Balloting Agent no later than 4:00 p.m. (prevailing Eastern Time) on October 16, 2009. The Debtors submit that such solicitation period is a sufficient period within which applicable creditors can make an informed decision whether to accept or reject the Third Amended Plan.

## NOTICE

51.     The Debtors have served notice of this Motion on: (a) the U.S. Trustee; (b) counsel for the Unsecured Creditors' Committee; (c) counsel to the Administrative Agent; (d) counsel for the Producers' Committee; (e) counsel for the Examiner; and (f) all other parties who have filed requests for notice under Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

52.     On August 25, 2009, the Debtors mailed the Disclosure Statement Notice to all parties required to receive such notice pursuant to Bankruptcy Rules 2002(b) and 3017(a), including, but not limited to, all creditors, equity security holders, and indenture trustees. The Disclosure Statement Notice states that (a) the Court will hold a hearing to consider approval of the Third Amended Disclosure Statement at 10:00 a.m. (prevailing Eastern Time) on September 24, 2009 and (b) objections, if any, to approval of the Third Amended Disclosure Statement must be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m. (prevailing Eastern Time) on September 21, 2009. A true and correct copy

23

of the Disclosure Statement Notice is attached to the Disclosure Statement Order as <u>Exhibit 1</u>.

      53.    The Debtors submit that such notice is adequate and no other or further notice need be given.

RLF1-3430090-2

WHEREFORE the Debtors respectfully request entry of an order granting the relief sought herein and such other and further relief as is just.

Dated: September 8, 2009
        Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Maris J. Finnegan (N. 5294)
L. Katherine Good (No. 5101)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
      knight@rlf.com
      mfinnegan@rlf.com
      good@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Martin A. Sosland

*Attorneys for the Debtors and*
*Debtors-in-Possession*