IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SEMCRUDE, L.P., et al., | ) | Case No. 08-11525 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Docket Reference No.  1376 |

**MEMORANDUM RULING SUPPLEMENTING "ORDER ESTABLISHING
PROCEDURES FOR THE RESOLUTION OF ADMINISTRATIVE CLAIMS
ASSERTED PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE AND
REGARDING PAYMENTS FOR POST-PETITION PURCHASES"**

Before the Court is a dispute between Bank of America, N.A., as Agent (the "Agent") for

the above-captioned Debtors' primary prepetition and post-petition secured lenders, on the one

hand, and numerous creditors asserting administrative priority claims against the Debtors

pursuant to 11 U.S.C. § 503(b)(9) (hereinafter the "Twenty-Day Claimants") on the other hand.

For reasons stated more fully below, the Court determines that the Twenty-Day Claimants have

carried their prima facie burden of proof to the extent that their Twenty-Day Claims have either

been scheduled by the Debtors (and not previously listed as "contingent, unliquidated or

disputed"), or included by the Debtors as valid Twenty-Day Claims on the Notice filed pursuant

to the Procedures Order.  The Agent shall be afforded an opportunity to supplement its pending

objections [Docket Nos. 2266 and 5105] to the Twenty-Day Claims to raise "fact specific"

objections to those Twenty-Day Claims.  Additionally, this ruling address certain issues raised by

the parties regarding the interpretation and application of the text of Bankruptcy Code §

503(b)(9) to this case.

**BACKGROUND**[1]

On September 15, 2008, this Court entered its "Order Establishing Procedures for the Resolution of Administrative Claims Asserted Pursuant to Section 503(b)(9) of the Bankruptcy Code and Regarding Payments for Post-Petition Purchases" (the "Procedures Order") [Docket No. 1376]. The Procedures Order was entered after substantial negotiation and input by the Debtors and interested parties. Its primary purpose was to provide a streamlined mechanism for determination and allowance of claims asserted under Bankruptcy Code § 503(b)(9) for goods sold to and received by the Debtors within the 20 days prior to the Petition Date (the "Twenty-Day Claims"). The need for coherent and efficient procedures for Twenty-Day Claims was apparent from the outset of these cases, in that the Debtors expected thousands of creditors to assert Twenty-Day Claims aggregating into the hundreds of millions of dollars.

Under the Procedures Order, the Debtors were required to include in Schedule E to their Schedules of Assets and Liabilities a listing of the estimated amounts, based on their records, owed to vendors who delivered goods within the 20 days prior to the Petition Date.[2] The Debtors did ultimately file that listing of Twenty-Day Claims and thereafter the Court set a bar date establishing March 3, 2009 as the deadline for the filing of proofs of claim in these cases. That

---

[1] The Court is omitting an extensive background section in the expectation that the parties to this dispute are sufficiently familiar with the lengthy history of this discrete issue in this case, including multiple orders, numerous hearings, and a heavy volume of motions, objections, briefs, and other pleadings at every turn. For a more fulsome discussion of the Debtors and the events leading up to the filing of these cases, see Samson Res. Co. v. SemCrude, L.P. (In re SemCrude), 407 B.R. 140, 143-148 (Bankr. Del. 2009).

[2] The Court notes that the recent amendments to the Bankruptcy Code which enacted, inter alia, § 503(b)(9) did not address precisely how such claims were to be filed or prosecuted, and whether debtors were required to separately schedule those claims.

general bar date applied to asserted Twenty-Day Claims as well as other claims.

Following expiry of the bar date, and again pursuant to the Procedures Order, the Debtors filed their notice "listing (i) all Twenty Day Claims (as defined in the Procedures Order) for which Debtors received a proof of claim, (ii) the amount, if any that the Debtors have determined to be valid for each such Twenty Day Claim, and (iii) the amount, if any, that the Debtors dispute for each such Twenty Day Claim and the reason(s) for such objection" (the "Notice") [Docket No. 4660]. The Notice was filed on July 17, 2009, and under the Procedures Order all parties were afforded 20 days (to August 6, 2009) to file objections to the Notice. In the absence of a timely objection, any valid Twenty-Day Claim "shall be deemed allowed and resolved in the manner provided for in the Notice." Procedures Order at 4.

Along with numerous other parties, the Agent filed an objection to all of the Twenty-Day Claims in the Notice. The Agent's objection does not address with specificity the merits of any particular Twenty-Day Claim but puts at issue certain questions of law regarding the interpretation and application of Bankruptcy Code § 503(b)(9) that are relevant to all of the Twenty-Day Claims. In order to permit a full airing of these and related issues, the Court entered a further "Order Establishing Procedures for the Resolution of Contested Issues of Law to the Twenty Day Claims" [Docket No. 4645] for briefing and argument on "issues that are relevant to a determination of 20 days claims as a group, but not to any specific 20 day claim filed by any party-in-interest or scheduled by the Debtors." July 17, 2009 Order at 2.

Substantial briefs have been submitted and the issues were extensively argued at a hearing held on September 9, 2009. On September 13, 2009, Judge Kevin Gross of the United States Bankruptcy Court for the District of Delaware met with representatives of many of the

3

primary constituent interests in these cases in an effort to mediate a broad range of contested

issues relating to confirmation of the Debtors' proposed plan of reorganization.  That mediation

session was successful (and the Court expresses its gratitude to Judge Gross for his considerable

efforts) and a settlement was achieved that affects many – but not all – Twenty-Day Claimants.

It is the Court's understanding that the ruling issued today will apply only to the determination

and allowance of approximately 234 claims in face amount of approximately $151 million

classified as "Other Twenty Day Claims" in the Debtors' Fourth Amended Joint Plan.

## DISCUSSION

### A.    Burden of Proof

As a threshold matter, the parties differ on the question of who should bear the burden of

proof at this stage of the proceeding as to allowance or disallowance of Twenty-Day Claims.  The

Agent correctly notes that a claimant seeking allowance of an administrative claim bears the

initial burden of proof, In re Goody's Family Clothing, Inc., 401 B.R. 131, 137 n.2 (Bankr. Del.

2009), and a wealth of case law teaches that administrative claims are to be strictly construed.

See, e.g., In re Bernard Techs., Inc., 342 B.R. 174, 177 (Bankr. Del. 2006).  In this instance, the

Agent contends that the initial burden of proof rests with the Twenty-Day Claimants, such that

these parties must each now file pleadings in this Court asserting and establishing that all of the

statutory criteria for allowance under § 503(b)(9) have been met.  See Goody's, 401 B.R. at 133

(claimants must prove by a preponderance of the evidence that "(1) the vendor sold goods to the

debtors; (2) the goods were received by the debtor within twenty days prior to filing; and (3) the

goods were sold to the debtor in the ordinary course of business.").

The Twenty-Day Claimants contend that they have carried their initial burden of proof to

4

the extent their claims have been scheduled as allowed by the Debtors (pursuant to the

Procedures Order) or included as valid claims on the Notice (again, pursuant to the Procedures

Order).  In support of their position, Twenty-Day Claimants contend that the purpose of the

Procedures Order was to streamline the analysis, determination and allowance of Twenty-Day

Claims.  Twenty-Day Claimants further contend that, similar to routinely scheduled claims under

Bankruptcy Rule 3003 and properly filed proofs of claim under Bankruptcy Code § 502(a), a

threshold presumption of validity has attached to the Twenty-Day Claims that were scheduled by

the Debtor without qualification or set forth in the Notice and constitutes prima facie evidence of

the validity and amount of the Twenty-Day Claim.  At this point, the Twenty-Day Claimants

contend that they have therefore met their initial burden of proof, and that the burden now shifts

to the Agent to produce evidence sufficient to rebut or negate the prima facie valid claim.  See

VFB LLC, 482 F.3d 624, 636 (3d. Cir. 2007) ("Once a creditor alleges facts sufficient to support

a claim, the claim is prima facie valid . . . . [T]he burden shifts to the debtor to produce evidence

sufficient to negate the prima facie valid claim.").

Based upon the substantial proceedings to date and construing the intent of the

Procedures Order, the Court concludes that the Twenty-Day Claimants' position is correct and

that inclusion of a Twenty-Day Claim as valid on the Notice, or the Debtors' scheduling a

Twenty-Day Claim without qualification,[3] constitutes prima facie evidence of validity and

---

[3]    The record reflects that the Debtors purported to amend their schedules on August 13,
2009 to list all non-zero Twenty-Day Claims as "disputed."  That purported amendment shall be stricken;
provided, however, that the same 120 further deadline imposed by the Court for supplementing or
amending the Agent's August 6, 2009 Objection shall apply to good-faith amendments to scheduled
Twenty-Day Claims.  At bottom, it is the Court's intention herein to supplement the Procedures Order to
further develop procedures for the prompt allowance or disallowance of Twenty-Day Claims on the
merits, irrespective of whether those claims were scheduled by the Debtors, timely filed as proofs of

amount of said Twenty-Day Claim.  The Court's determination today is not intended to be a

general interpretation of what processes should govern claims asserted under § 503(b)(9) in

bankruptcy cases generally; rather, based upon those specific and extensive procedures the Court

has already imposed in the Procedures Order and all parties' substantial efforts in connection

therewith, this result is most consistent with and required by the Procedures Order.  This is so for

several reasons.

     First, one of the main purposes of the Procedures Order was to avoid a flood of motions

in the Court.  To go through a year of effort and considerable expense in having the Debtors

review and analyze the many Twenty-Day Claims, only to then require Twenty-Day Claimants to

begin motion practice now from "square one" appears thoroughly inconsistent with expectations

embodied in the Procedures Order.  Second, numerous sections of the Procedures Order make it

clear that Twenty-Day Claims would be deemed allowed in substantially the same way that a

scheduled or properly filed proof of claim is deemed allowed by Rule 3003(b) or § 502 of the

Bankruptcy Code.  See Procedures Order, ¶¶ b, i.  Under the Procedures Order, therefore, the

Debtors' determination to include claims as valid in the Notice constitutes prima facie evidence

of the validity of the Twenty-Day Claim.  The Procedures Order, and applicable case law

addressing the claims objection process, then places the burden on the Agent to object to the

Twenty-Day Claim with evidence sufficient to rebut the prima facie case.

     The Twenty-Day Claimants next contend that since the Agent has failed to raise specific

fact-based objections to each claim by the August 6, 2009 deadline, all the Twenty-Day Claims

---

claim or included as valid claims on the Notice.

identified thereon or scheduled without qualification by the Debtors are allowed subject only to the Court's rulings as to general statutory application of the language of § 503(b)(9). This argument fails for several reasons. First, the Agent's objection was expressly interposed to prevent this automatic deemed allowance, and as a practical matter, the Court cannot see how "fact-based objections" to each of the Twenty-Day Claims could possibly be fully articulated until the Court rules on global questions concerning "value," the appropriate definitions of "received," "ordinary course of business" and other matters presently sub judice.

Additionally, the Procedures Order scrupulously protects the rights of parties, including the Agent, to object to Twenty-Day Claims identified in the Notice. Given that, at the time of entry of the Procedures Order, all parties fully expected that the Notice would include thousands of claims totaling hundreds of millions of dollars, it is not reasonable to contend that the Procedures Order contemplated only 20 days (from July 17, 2009 to August 6, 2009) for the Agent and any other parties in interest to completely review and prepare detailed objections to these Twenty Day Claims.

Instead, the Court finds that the Agent has technically complied with the requirement of the Procedures Order to file objections to Twenty-Day Claims by August 6, 2009.[4]  That objection will be treated by the Court as a preliminary or provisional objection, and the Court will allow the Agent a further opportunity to supplement its objection with evidence sufficient to

---

[4]        The Court rejects the argument that the Agent's August 6, 2009 objection violates this Court's Local Rules governing claim objections and specifically limiting an omnibus objection to 100 claims. Because the Agent's initial objection was filed pursuant to the Procedures Order and not our Local Rules, the limits contained therein do not apply. For the avoidance of doubt and to guide the parties going forward, however, the Court hereby directs that any future supplemental objections filed by the Agent shall be governed by the Local Rules.

7

negate each Claimants' prima facie case.

B.    **Value**

The parties disagree on the meaning to be ascribed to the term "value" as used in §

503(b)(9). The Twenty-Day Claimants contend that invoice or contract price is the best

determinant of value. The Agent, by contrast, suggests that the value of goods for the purpose of

a Twenty-Day Claim is the resale price of goods, or if the goods were not resold, the current

market value of the goods on the effective date of the Plan.

The word "value" is not defined in the Bankruptcy Code. However, there is ample and

convincing authority to support the proposition that the invoice or purchase price is

presumptively the best determinant of value. See 4 Collier or Bankruptcy, at ¶ 503.16[1] (15th

ed. 2008) ("In most situations "value" and "purchase price" ought to be synonymous under §

503(b)(9)."). This presumption favoring the purchase price may be rebutted by evidence

indicating that, under the facts and circumstances of a particular transaction, the purchase or

invoice price is not an appropriate or relevant indicator of the "value" obtained by the Debtors.

C.    **Definitions Derived from the Uniform Commercial Code**

The Agent and the Twenty-Day Claimants differ on how to define or interpret a number

of the other terms in § 503(b)(9). The terms at issue here – "received", "sold", "ordinary course

of business" – are not defined in the Bankruptcy Code.

The Court starts by observing that § 503(b)(9) governs treatment of claims in bankruptcy

arising from certain sales of "goods". Oil and gas are "goods", but services are not goods. See

Goody's, 401 B.R. at 135. There is nothing in the Code or in the legislative history

8

accompanying the recent enactment of § 503(b)(9) suggesting that Congress intended that bankruptcy courts should look beyond the Uniform Commercial Code to construe or define these terms as they apply to sales of goods.  Indeed, Article 2 of the Uniform Commercial Code has been adopted in all but one of the fifty states and there is an abundance of case law and scholarly commentary thereon, such that adoption of these definitions should thus be consistent with commercial expectations in the marketplace.  Precisely how these terms and provisions will apply to specific Twenty-Day Claims will be determined through further proceedings in this Court.

## CONCLUSION

For the reasons stated above, the Procedures Order shall be mondified to conform to the Court's rulings contained herein.  Counsel for the Debtors shall confer with parties in interest and submit a form of Order memorializing the Court's ruling today, and in particular setting the time within which the Agent must supplement its pending objection, under Certification of Counsel on or before October 13, 2009.

Dated: Wilmington, Delaware
      October 7, 2009

Brendan Linehan Shannon
United States Bankruptcy Judge