**Tab 3**

SEMGROUP LITIGATION TRUST AGREEMENT

# TABLE OF CONTENTS

Page

ARTICLE 1 ESTABLISHMENT OF THE LITIGATION TRUST ........................................2
1.1     Establishment of Litigation Trust and Appointment of Original Trustee ...........................................................................................2
1.2     Transfer of Assets and Rights to the Litigation Trustee............................2
1.3     Title to Litigation Trust Claims and Contributing Lenders' Claims .............4
1.4     Nature and Purpose of the Litigation Trust................................................5
1.5     Incorporation of Plan ................................................................................7
1.6     Funding Expenses of the Litigation Trust .................................................7
1.7     Appointment as Representative ................................................................7

ARTICLE 2 LITIGATION TRUST INTERESTS..........................................................8
2.1     Allocation of Litigation Trust Interests ......................................................8
2.2     Interests Beneficial Only...........................................................................8
2.3     Evidence of Beneficial Interests ...............................................................8
2.4     Securities Law Registration......................................................................8
2.5     No Transfers .............................................................................................9
2.6     Access to the Trust Register by the Holders of Litigation Trust Interests ...................................................................................................9
2.7     Absolute Owners.....................................................................................10

ARTICLE 3 THE LITIGATION TRUSTEE.................................................................10
3.1     Litigation Trust Proceeds .......................................................................10
3.2     Collection of Income...............................................................................10
3.3     Payment of Litigation Trust Expenses....................................................10
3.4     Distributions ...........................................................................................11
3.5     Tenure, Removal, and Replacement of the Litigation Trustee ................11
3.6     Acceptance of Appointment by Successor Litigation Trustee..................13
3.7     Regular Meetings of the Litigation Trustee and the Litigation Trust Board ......................................................................................................13
3.8     Special Meetings of the Litigation Trustee and the Litigation Trust Board ......................................................................................................14
3.9     Notice of, and Waiver of Notice for, Litigation Trustee and Litigation Trust Board Meeting................................................................................14
3.10    Manner of Acting ....................................................................................14
3.11    Role of the Litigation Trustee .................................................................15
3.12    Authority of Litigation Trustee.................................................................15
3.13    Limitation of Litigation Trustee's Authority.............................................18
3.14    Books and Records ................................................................................18
3.15    Inquiries into Trustee's Authority ...........................................................19
3.16    Compliance with Laws ...........................................................................19
3.17    Compensation of the Litigation Trustee..................................................19
3.18    Reliance by Litigation Trustee ...............................................................19

Tab 3 - Litigation Trust Agreement.DOC                    i

3.19    Investment and Safekeeping of Litigation Trust Assets............................20
3.20    Standard of Care; Exculpation ................................................................20

ARTICLE 4 LITIGATION TRUST BOARD....................................................................21
4.1     Litigation Trust Board ..............................................................................21
4.2     Authority of the Litigation Trust Board .....................................................21
4.3     Regular Meetings of the Litigation Trust Board .......................................22
4.4     Special Meetings of the Litigation Trust Board ........................................22
4.5     Manner of Acting ....................................................................................22
4.6     Litigation Trust Board's Action Without a Meeting....................................23
4.7     Notice of, and Waiver of Notice for, Litigation Trust Board Meetings .......23
4.8     Telephonic Communications ....................................................................24
4.9     Tenure, Removal, and Replacement of the Members of the
        Litigation Trust Board ..............................................................................24
4.10    Compensation of the Litigation Trust Board ............................................25
4.11    Standard of Care; Exculpation ................................................................26

ARTICLE 5 TAX MATTERS .......................................................................................26
5.1     Federal Income Tax Treatment of the Litigation Trust..............................26
5.2     Allocations of Litigation Trust Taxable Income .........................................28

ARTICLE 6 DISTRIBUTIONS......................................................................................29
6.1     Distributions; Withholding........................................................................29
6.2     Manner of Payment or Distribution..........................................................30
6.3     Cash Distributions ..................................................................................31

ARTICLE 7 INDEMNIFICATION...................................................................................31
7.1     Indemnification of Litigation Trustee and the Litigation Trust Board.........31

ARTICLE 8 NET LITIGATION TRUST RECOVERY.....................................................32
8.1     No Effect on Mutuality ............................................................................32
8.2     Section 502(h)........................................................................................32
8.3     Net Litigation Trust Recovery ..................................................................33

ARTICLE 9 REPORTS TO LITIGATION TRUST BENEFICIARIES ..............................33
9.1     Reports....................................................................................................33

ARTICLE 10 TERM; TERMINATION OF THE LITIGATION TRUST..............................35
10.1    Term; Termination of the Litigation Trust .................................................35
10.2    Continuance of Trust for Winding Up ......................................................35

ARTICLE 11 AMENDMENT AND WAIVER...................................................................36
11.1    Amendment and Waiver...........................................................................36

ARTICLE 12 MISCELLANEOUS PROVISIONS............................................................37
12.1    Intention of Parties to Establish the Litigation Trust .................................37
12.2    Laws as to Construction..........................................................................37

12.3 Jurisdiction ................................................................................37
12.4 Severability.................................................................................37
12.5 Notices ......................................................................................38
12.6 Fiscal Year .................................................................................39
12.7 Headings ....................................................................................39
12.8 Counterparts ..............................................................................39
12.9 Confidentiality.............................................................................39
12.10 Entire Agreement .......................................................................40
12.11 No Bond .....................................................................................40
12.12 Effectiveness..............................................................................40
12.13 Investment Company Act ............................................................40
12.14 Successor and Assigns ...............................................................40
12.15 Particular Words.........................................................................41
12.16 No Execution..............................................................................41
12.17 Irrevocability ..............................................................................41

ARTICLE 13 LITIGATION TRUST FUNDS OBLIGATIONS .........................................41
13.1 Grant of Lien ..............................................................................41
13.2 Perfection of Lien .......................................................................42
13.3 Commercial Tort Claims..............................................................42
13.4 Remedies ...................................................................................43
13.5 Termination of Lien ....................................................................43

Schedule 1 Index of Defined Terms

Schedule 2 Litigation Trust Claims

Schedule 3 Commercial Tort Claims

Tab 3 - Litigation Trust Agreement.DOC      iii

This Litigation Trust Agreement (this "**Litigation Trust Agreement**"), dated as of _____ __, 2009, by and among SemGroup Corporation (f/k/a SemGroup Finance Corp.), SemCrude, L.P., Chemical Petroleum Exchange, Incorporated, Eaglwing, L.P., Grayson Pipeline, L.L.C., Greyhawk Gas Storage Company, L.L.C., K.C. Asphalt L.L.C., SemCanada II, L.P., SemCanada L.P., SemCrude Pipeline, L.L.C., SemFuel Transport LLC, SemFuel, L.P., SemGas Gathering LLC, SemGas Storage, L.L.C., SemGas, L.P., SemGroup Asia, L.L.C., SemGroup, L.P., SemKan, L.L.C., SemManagement, L.L.C., SemMaterials Vietnam, L.L.C., SemMaterials, L.P., SemOperating G.P., L.L.C., SemStream, L.P., SemTrucking, L.P., Steuben Development Company, L.L.C., and SemCap, L.L.C. (each a "**Debtor**" and a "**Reorganized Debtor**" and collectively, the "**Debtors**" and the "**Reorganized Debtors**"), on their own behalf and on behalf of and for the benefit of the holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims, and Allowed General Unsecured Claims, and [INSERT ENTITY SERVING AS LITIGATION TRUSTEE], a [INSERT STATE OF ORGANIZATION] company, as the trustee (the "**Original Trustee**"), and for the limited purposes set forth on the signature pages of this Litigation Trust Agreement, the Creditors' Committee, is executed in order to establish a liquidating trust (the "**Litigation Trust**") in connection with the Fourth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code (Case No. 08-11525 (BLS)), including, without limitation, any supplement to such Plan and the exhibits and schedules thereto (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "**Plan**"). Unless the context otherwise requires, capitalized terms used in this Litigation Trust Agreement and not otherwise defined herein shall have the meanings ascribed to them in the Plan. Set forth on <u>Schedule 1</u> to this Litigation Trust Agreement is an Index of terms that are defined in this Litigation Trust Agreement.

## R E C I T A L S

On the Petition Date, and continuing thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

On _____ __, 2009, the Bankruptcy Court entered the Confirmation Order approving the Plan.

The Litigation Trust is (i) created pursuant to, and to effectuate certain provisions of, the Plan and pursuant to which the Litigation Trustee will hold the Litigation Trust Claims, including any Litigation Trust Claims being prosecuted by the Creditors' Committee prior to the Effective Date, the Contributing Lenders' Claims and the other Litigation Trust Assets and (ii) contemplated by the Plan and the Confirmation Order.

The Litigation Trust is established for the sole purpose of liquidating and distributing the Litigation Trust Assets pursuant to the Plan and this Litigation Trust Agreement with no objective to continue or engage in the conduct of a trade or business.

Tab 3 - Litigation Trust Agreement.DOC

The Litigation Trust is established for the (i) benefit of the holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims and Allowed General Unsecured Claims (individually, a "**Litigation Trust Beneficiary**" and collectively, the "**Litigation Trust Beneficiaries**") and (ii) pursuit of all Litigation Trust Claims and the Contributing Lenders' Claims.

The Litigation Trustee was duly appointed as a representative of the Debtors' estates pursuant to section 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code.

The Litigation Trust is intended to qualify as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d).

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors, the Reorganized Debtors, the Litigation Trustee, and for the limited purposes set forth on the signature pages of this Litigation Trust Agreement, the Creditors' Committee, intending to be legally bound, agree as follows:

ARTICLE 1

ESTABLISHMENT OF THE LITIGATION TRUST

1.1     Establishment of Litigation Trust and Appointment of Original Trustee.

(a)     Pursuant to the Plan, the Debtors, the Reorganized Debtors and the Original Trustee hereby establish a trust which shall be known as the "SemGroup Litigation Trust" on behalf of the Litigation Trust Beneficiaries.

(b)     The Original Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date of the Plan (the "**Effective Date**") and agrees to accept and hold the assets of the Litigation Trust in trust for the Litigation Trust Beneficiaries subject to the terms of the Plan and this Litigation Trust Agreement. The Original Trustee and each successor trustee serving from time to time hereunder (the "**Litigation Trustee**") shall have all the rights, powers and duties set forth herein.

1.2     Transfer of Assets and Rights to the Litigation Trustee.

(a)     On the Effective Date, (i) the Debtors or the Reorganized Debtors, as applicable, hereby irrevocably transfer, assign and deliver to the Litigation Trust all of their respective rights, title and interests in and to the Litigation Trust Claims, including, without limitation, (x) any Litigation Trust Claims being prosecuted by the Creditors' Committee, on behalf of the Debtors, prior to the Effective Date and (y) any Litigation Trust Claims described on <u>Schedule 2</u> to this Litigation Trust Agreement, free and clear of any and all Liens, Claims (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person or Entity and (ii) the Debtors or the Reorganized Debtors, as applicable, and the Creditors' Committee hereby irrevocably transfer, assign and deliver to the Litigation Trust, without

Tab 3 - Litigation Trust Agreement.DOC                2

waiver, all of their respective rights, title and interests in and to any attorney-client privilege, work product privilege or other privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Litigation Trust Claims (collectively, "**Privileges**"), which shall vest in the Litigation Trustee and the Litigation Trust Board and their respective representatives, in trust, and, consistent with section 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Litigation Trust Beneficiaries. In no event shall any part of the Litigation Trust Claims (including, without limitation, Litigation Trust Proceeds (as defined below)) revert to or be distributed to the Debtors or the Reorganized Debtors. The Litigation Trust's, Litigation Trustee's and the Litigation Trust Board's receipt of the Privileges shall be without waiver in recognition of the joint and/or successorship interest in prosecuting claims on behalf of the Debtors' or Reorganized Debtors', as applicable, estates.

(b)     On the Effective Date and pursuant to Section 11.1 of the Plan, the Contributing Lenders who voted to approve the Plan, without any further act or writing, shall be deemed to have irrevocably transferred, assigned and delivered to the Litigation Trust all of their respective rights, title and interests in and to the Contributing Lenders' Claims, which shall vest in the Litigation Trustee and its representatives, in trust, and, consistent with section 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Litigation Trust Beneficiaries; *provided, however,* that any Prepetition Lender or holder of a Swap Claim who did not vote to approve the Plan shall not be deemed to have transferred, assigned and/or delivered any right, title or interest in and to the Contributing Lenders' Claims until it has executed a Contributing Lender Assignment. No Contributing Lender shall have the right to bring any Cause of Action with respect to any Contributing Lenders' Claims, and only the Litigation Trust shall have such right. In no event shall any part of the Contributing Lenders' Claims (including, without limitation, any proceeds therefrom) revert to or be distributed to the Debtors or the Reorganized Debtors.

(c)     On or as promptly as practicable after the Effective Date, the Debtors or Reorganized Debtors, as applicable, the Creditors' Committee and the Contributing Lenders, shall (i) deliver or cause to be delivered to the Litigation Trustee any and all documents in connection with the Litigation Trust Claims or the Contributing Lenders' Claims, as applicable (including those maintained in electronic format and original documents), whether held by the Debtors or the Reorganized Debtors, the Creditors' Committee, the Contributing Lenders, their respective employees, agents, advisors, attorneys, accountants, or any other professionals and (ii) provide access to such employees of the Debtors, the Reorganized Debtors, the Creditors' Committee or the Contributing Lenders, their agents, advisors, attorneys, accountants or any other professionals hired by the Debtors, the Reorganized Debtors, the Creditors' Committee or the Contributing Lenders with knowledge of matters relevant to the Litigation Trust Claims or the Contributing Lenders' Claims. Upon the reasonable request of the Litigation Trustee, to the extent permitted by law, the Debtors or the Reorganized Debtors, the Creditors' Committee or the Contributing Lenders shall provide the Litigation Trustee with a list of all documents in connection with the Litigation Trust Claims or the Contributing Lenders' Claims known to it but not held by it or any of its employees, agents, advisors, attorneys, accountants or any other professionals. Such

Tab 3 - Litigation Trust Agreement.DOC                3

list shall contain a description of each document, to the extent feasible and permitted by law, as well as the name of the Entity or Person holding such document.

(d) At any time and from time to time on and after the Effective Date, the Reorganized Debtors, the Creditors' Committee, to the extent in existence, and the Contributing Lenders agree (i) at the reasonable request of the Litigation Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), (ii) to take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request in order to evidence or effectuate the transfer of the Litigation Trust Claims, the Privileges and the Contributing Lenders' Claims to the Litigation Trustee (and, in the case of the Privileges, the Litigation Trust Board) and the consummation of the transactions contemplated hereby and by the Plan and to otherwise carry out the intent of the parties hereunder and under the Plan and (iii) to cooperate with the Litigation Trustee in the prosecution of the Litigation Trust Claims and the Contributing Lenders' Claims. Notwithstanding anything contained herein or in the Plan to the contrary, without the express written consent of the Litigation Trust Board, no Entity or Creditor (including but not limited to the Prepetition Administrative Agent, the Postpetition Administrative Agent, the Producer Representative, any holder of a Secured Lender Claim, any Operator, or any Owner) shall be permitted to assert, bring, institute, commence, or participate in any Claim or Cause of Action that is transferred to the Litigation Trust pursuant to the Plan.

(e) Notwithstanding anything contained in any agreement or order entered by the Bankruptcy Court to the contrary, the Creditors' Committee shall be permitted to share any discovery obtained prior to and after the Effective Date relating to the Litigation Trust Claims with the Litigation Trustee and the Litigation Trust Board.

1.3   Title to Litigation Trust Claims and Contributing Lenders' Claims.

The transfer of the Litigation Trust Assets to the Litigation Trust shall be made, as provided in the Plan and this Litigation Trust Agreement, for the benefit of the holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims, and Allowed General Unsecured Claims. In accordance with the Plan and this Litigation Trust Agreement, the Debtors or the Reorganized Debtors, as applicable, shall transfer, on behalf of the holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims, and Allowed General Unsecured Claims, the Litigation Trust Claims to the Litigation Trust in exchange for the Litigation Trust Interests for the benefit of holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims and Allowed General Unsecured Claims. Upon the transfer of the Litigation Trust Assets, the Debtors or the Reorganized Debtors, as the case may be, shall have no interest in or with respect to the Litigation Trust Assets or the Litigation Trust, and the Litigation Trust shall succeed to all of the Debtors', the Reorganized Debtors', and the Contributing Lenders', as the case may be, rights, title and interests in and to the Litigation Trust Assets. Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Litigation Trust Assets to the Litigation Trust shall not affect the mutuality of obligations which otherwise may have existed prior to the effectuation of such

Tab 3 - Litigation Trust Agreement.DOC          4

transfer. Notwithstanding anything in the Plan or in this Litigation Trust Agreement to the contrary, the transfer of the Litigation Trust Claims and/or the Contributing Lenders' Claims to the Litigation Trust does not diminish, and fully preserves, any defenses a defendant would have if such Litigation Trust Claims and/or the Contributing Lenders' Claims had been retained by the Debtors or the Contributing Lenders, as applicable. To the extent that any Litigation Trust Assets cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Reorganized Debtors or the Contributing Lenders, as applicable, and the Litigation Trustee shall be deemed to have been designated as a representative of the Reorganized Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code and a representative of the Contributing Lenders to enforce and pursue such Litigation Trust Assets on behalf of the Reorganized Debtors or the Contributing Lenders, as applicable, and all proceeds, income and recoveries on account of any such Litigation Trust Assets shall be assets of the Litigation Trust and paid over thereto immediately upon receipt by any Reorganized Debtor, any Contributing Lender or any other Person or Entity. Notwithstanding the foregoing, but subject to <u>Sections 1.6</u>, <u>3.4</u> and <u>6.2(b)</u> of this Litigation Trust Agreement, all net proceeds, income, and recoveries of or on account of such Litigation Trust Assets shall be transferred to the Litigation Trust to be distributed to the holders of Secured Working Capital Lender Claims and the holders of the Litigation Trust Interests consistent with the terms of the Plan and this Litigation Trust Agreement.

1.4    <u>Nature and Purpose of the Litigation Trust</u>.

(a)    <u>Purpose</u>. The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, is to (i) hold the assets of the Litigation Trust and dispose of the same in accordance with this Litigation Trust Agreement and the Plan in accordance with Treasury Regulation section 301.7701-4(d) and (ii) oversee and direct the expeditious but orderly liquidation of the assets of the Litigation Trust. Accordingly, the sole purpose of the Litigation Trust is to liquidate the Litigation Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Litigation Trust Assets, and consistent with, the liquidating purpose of the Litigation Trust.

(b)    <u>Actions of the Litigation Trustee</u>. Subject to the terms of this Litigation Trust Agreement, the Litigation Trustee, upon direction of the Litigation Trust Board, and the exercise of their collective reasonable business judgment, shall, in an expeditious but orderly manner, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions and not unduly prolong the duration of the Litigation Trust. The liquidation of the Litigation Trust Claims and the Contributing Lenders' Claims may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action, or otherwise. The Litigation Trustee, upon direction by the Litigation Trust Board, except as set forth in <u>Section 3.12</u> herein, shall have the absolute right to pursue, settle and compromise or

Tab 3 - Litigation Trust Agreement.DOC          5

not pursue any and all Litigation Trust Claims and Contributing Lenders' Claims as it determines is in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and the Litigation Trustee shall have no liability for the outcome of any such decision except for any damages caused by gross negligence, bad faith, willful misconduct or knowing violation of law.

(c)     Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, or the Litigation Trust Board (or any of its members or *ex officio* members), or the holders of the Secured Working Capital Lender Claims or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the holders of the Secured Working Capital Lender Claims or the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee and the Litigation Trust Board, on the other, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

(d)     No Waiver of Claims.  In accordance with section 1123(d) of the Bankruptcy Code, the Litigation Trustee may enforce all rights to commence and pursue, as appropriate, any and all Litigation Trust Claims and Contributing Lenders' Claims after the Effective Date.  No Person or Entity may rely on the absence of a specific reference in the Plan to any Cause of Action against them as any indication that the Litigation Trustee will not pursue any and all available Causes of Action against them.  Unless any Causes of Action against a Person or Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Litigation Trustee expressly reserves all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation Order.  The Reorganized Debtors' objection to the allowance of any Claims or Equity Interests filed with the Bankruptcy Court with respect to which they dispute liability, priority, and/or amount (or any objections, affirmative defenses and/or counterclaims, whether or not litigated to Final Order) shall not in any way limit the ability or the right of the Litigation Trustee to assert, commence or prosecute any Cause of Action that is a Litigation Trust Claim or a Contributing Lenders' Claim against the holder of such Claim or Equity Interest.  Nothing contained in the Plan, the Confirmation Order or this Litigation Trust Agreement shall be deemed to be a waiver, release, or relinquishment of any Cause of Action, right of setoff, or other legal or equitable defense which the Debtors had immediately prior to the Petition Date, against or with respect to any Claim left unimpaired by the Plan.  The Litigation Trustee shall have, retain, reserve, and be entitled to assert all such Claims, Causes of Action, rights of setoff, and other legal or equitable defenses which the Debtors had immediately prior to the Petition Date fully as if the Chapter 11 Cases had not been commenced or the Litigation Trust Claims and the Contributing Lenders' Claims had not

Tab 3 - Litigation Trust Agreement.DOC                6

been transferred to the Litigation Trust in accordance with the Plan and this Litigation Trust Agreement, and all of the Reorganized Debtors' legal and equitable rights respecting any Claim left unimpaired by the Plan may be asserted after the Confirmation Date to the same extent as if the Chapter 11 Cases had not been commenced.

### 1.5    Incorporation of Plan.

The Plan and the Confirmation Order are each hereby incorporated into this Litigation Trust Agreement and made a part hereof by this reference; *provided, however,* to the extent that there is conflict between the provisions of this Litigation Trust Agreement, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Litigation Trust Agreement.

### 1.6    Funding Expenses of the Litigation Trust.

Upon the creation of the Litigation Trust, the Debtors or the Reorganized Debtors, as the case may be, shall transfer the Litigation Trust Funds to the Litigation Trust to finance the operations of the Litigation Trust.  Notwithstanding anything to the contrary contained herein, the Litigation Trust shall pay the amount of the Litigation Trust Funds (exclusive of any amounts, payments or distributions received by the holders of the Secured Working Capital Lender Claims in respect of Litigation Trust Interests held thereby) to the holders of the Secured Working Capital Lender Claims from the first Cash (other than the Litigation Trust Funds) received by the Litigation Trust in accordance with the Plan, this Section 1.6 and Sections 3.4 and 6.2(b) of this Litigation Trust Agreement; *provided, however,* any such Cash may instead be used, as determined by the Litigation Trust Board, to fund and replenish the Litigation Trust Fund Reserve Amount; *provided,* further, that the Litigation Trust Fund Reserve Amount shall not exceed $15 million until the amount of the Litigation Trust Funds shall have been repaid in full in Cash to the holders of the Secured Working Capital Lender Claims. Other than as provided in Section 11.3 of the Plan or this Section 1.6, the Debtors and Reorganized Debtors shall have no further obligation to provide any funding with respect to the Litigation Trust.  Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

### 1.7    Appointment as Representative.

Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Plan appointed the Litigation Trustee as the duly appointed representative of the Debtors, and, as such, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Claims and the Contributing Lenders' Claims for the benefit of the holders of Litigation Trust Interests in accordance with the terms of this Litigation Trust Agreement and the Plan.

Tab 3 - Litigation Trust Agreement.DOC                7

## ARTICLE 2

## LITIGATION TRUST INTERESTS

### 2.1    Allocation of Litigation Trust Interests.

The allocation of Litigation Trust Interests to be distributed pursuant to the Plan shall be determined by the Litigation Trustee, subject to approval of the Litigation Trust Board, consistent with the intent and purposes of the Plan.

### 2.2    Interests Beneficial Only.

The ownership of a Litigation Trust Interest shall not entitle any holder of Litigation Trust Interests to any title in or to the assets of the Litigation Trust as such (which title shall be vested in the Litigation Trustee) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

### 2.3    Evidence of Beneficial Interests.

The entitlements of the holders of Secured Working Capital Lender Claims hereunder and the Litigation Trust Interests (and the beneficial interests therein) will not be represented by certificates, securities, receipts or in any other form or manner whatsoever, except as maintained on the books and records of the Litigation Trust by the Litigation Trustee or the Registrar.  The death, incapacity or bankruptcy of any Liquidating Trust Beneficiary during the term of the Liquidating Trust shall not (i) operate to terminate the Liquidating Trust, (ii) entitle the representatives or creditors of the deceased party to an accounting, (iii) entitle the representatives or creditors of the deceased party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof or (iv) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries hereunder.

### 2.4    Securities Law Registration.

It is intended that the Litigation Trust Interests and the entitlements of the holders of the Secured Working Capital Lender Claims hereunder shall not constitute "securities."  To the extent the Litigation Trust Interests or the entitlements of the holders of the Secured Working Capital Lender Claims hereunder are deemed to be "securities," the issuance of Litigation Trust Interests to holders of Allowed Senior Notes Claims, Allowed Lender Deficiency Claims and Allowed General Unsecured Claims or the issuance to the holders of the Secured Working Capital Lender Claims of any entitlements hereunder or under the Plan (and any redistribution of any of the foregoing pursuant to section 13.14 of the Plan or otherwise) shall be exempt, pursuant to section 1145 of the Bankruptcy Code, from registration under the Securities Act of 1933, as amended (the "**Securities Act**"), and any applicable state and local laws requiring registration of securities.  If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and/or reporting requirements of the Securities Act, the Securities Exchange Act of 1934, as amended (the "**Exchange Act**"), the Trust Indenture Act of 1939, as amended (the "**Trust**

Tab 3 - Litigation Trust Agreement.DOC                8

**Indenture Act**"), or the Investment Company Act of 1940, as amended (the "**Investment Company Act**"), then the Litigation Trustee shall, after consultation with the Litigation Trust Board, take any and all actions to comply with such registration and reporting requirements, if any, and file reports with the Securities and Exchange Commission (the "**SEC**") to the extent required by applicable law. Notwithstanding the foregoing procedure, nothing herein shall be deemed to preclude the Litigation Trust Board and the Litigation Trustee from amending this Litigation Trust Agreement to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act or the Investment Company Act, except that no amendment to this Litigation Trust Agreement may be made which would prevent the Litigation Trust (and/or the Litigation Trustee) from repaying the Litigation Trust Funds in full in Cash to the holders of the Secured Working Capital Lender Claims or modify the obligations of the Litigation Trust (and/or the Litigation Trustee) to repay the Litigation Trust Funds in full in Cash to the holders of the Secured Working Capital Lender Claims as provided herein and/or in the Plan.

2.5    No Transfers.

(a)    No transfer, sale assignment, distribution, exchange, pledge, hypothecation, mortgage or other disposition (each, a "**Transfer**") of a Litigation Trust Interest or any entitlement of a holder of a Secured Working Capital Lender Claim hereunder may be effected or made; *provided*, that, Transfers of Litigation Trust Interests or entitlements of a holder of a Secured Working Capital Lender Claim hereunder and/or under the Plan may be made by operation of law or by will or the laws of descent and distribution.

(b)    The Litigation Trustee shall appoint a registrar, which may be the Litigation Trustee (the "**Registrar**"), for the purpose of recording ownership of the Litigation Trust Interests as provided for in this Litigation Trust Agreement. The Registrar, if other than the Litigation Trustee, may be such other institution acceptable to the Litigation Trust Board. For its services hereunder, the Registrar, unless it is the Litigation Trustee, shall be entitled to receive reasonable compensation from the Litigation Trust as an expense of the Litigation Trust.

(c)    The Litigation Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by them from time to time, a registry of the holders of Litigation Trust Interests (the "**Trust Register**") which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee and the Registrar may prescribe.

2.6    Access to the Trust Register by the Holders of Litigation Trust Interests.

Holders of Litigation Trust Interests and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Litigation Trustee, and in accordance with the reasonable regulations

Tab 3 - Litigation Trust Agreement.DOC                9

prescribed by the Registrar and the Litigation Trustee, to inspect and, at the sole expense of the holders of Litigation Trust Interests seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such holder's interest in the Litigation Trust.

2.7     Absolute Owners.

The Litigation Trustee may deem and treat the holder of a Litigation Trust Interest of record in the Trust Register as the absolute owner of such Litigation Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever and the Litigation Trustee shall not be charged with having received notice of any claim or demand to such Litigation Trust Interests or the interest therein of any other Person or Entity.

ARTICLE 3

THE LITIGATION TRUSTEE

3.1     Litigation Trust Proceeds.

Any and all proceeds, income and/or recoveries obtained on account of or from the Litigation Trust Assets shall be added to the assets of the Litigation Trust (the "**Litigation Trust Proceeds**"), held as a part thereof (and title therein shall be vested in the Litigation Trustee) and dealt with in accordance with the terms of this Litigation Trust Agreement.

3.2     Collection of Income.

The Litigation Trustee shall collect all income earned with respect to the assets of the Litigation Trust, which shall thereupon be added to the Litigation Trust Assets, held as a part thereof (and title therein shall be vested in the Litigation Trustee) and dealt with in accordance with the terms of this Litigation Trust Agreement.

3.3     Payment of Litigation Trust Expenses.

(a)     Subject to Section 3.12 of this Litigation Trust Agreement, the obligations of the Litigation Trust (and/or the Litigation Trustee) under Sections 1.6, 3.4, and 6.2(b) of this Litigation Trust Agreement and the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" contained in the Plan, the Litigation Trustee shall maintain the Litigation Trust Fund Reserve Amount, and expend the Litigation Trust Fund Reserve Amount (i) as is reasonably necessary to meet contingent liabilities and to maintain the value of the Litigation Trust Assets during liquidation, (ii) to pay reasonable and necessary administrative expenses (including but not limited to, the reasonable costs and expenses of the Litigation Trustee (including reasonable fees, costs, and expenses of professionals retained thereby) and the members of the Litigation Trust Board (but excluding the fees of professionals retained by such members), any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or reasonable fees and expenses in connection with, arising out, of or related to,

Tab 3 - Litigation Trust Agreement.DOC                    10

the Litigation Trust Assets and litigations associated therewith), (iii) to pay the costs and expenses of the valuations of the Litigation Trust Assets incurred by the Litigation Trust Board and/or the Litigation Trustee in accordance with the Plan and this Litigation Trust Agreement and (iv) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets of the Litigation Trust are otherwise subject) in accordance with the Plan and this Litigation Trust Agreement. Subject to Sections 1.6, 3.4, 3.12 and 6.2(b) of this Litigation Trust Agreement and the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" contained in the Plan, the Litigation Trustee may incur any reasonable and necessary expenses in liquidating and converting the Litigation Trust Assets to Cash and shall be reimbursed for such expenses in accordance with the provisions of this Litigation Trust Agreement.

(b)     Subject to Sections 1.6, 3.4 and 6.2(b) of this Litigation Trust Agreement and the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" contained in the Plan, the Litigation Trust Board may retain from the Litigation Trust Proceeds and add to the Litigation Trust Fund Reserve Amount, at any time and from time to time, such amounts as the Litigation Trust Board deems reasonable and appropriate to ensure that the Litigation Trust Fund Reserve Amount will be adequate to meet the expenses and liabilities described in Section 3.3(a) of this Litigation Trust Agreement.

3.4     Distributions.

The Litigation Trustee shall make distributions of Litigation Trust Proceeds in accordance with the provisions of Article 6 of this Litigation Trust Agreement and the Plan.

3.5     Tenure, Removal, and Replacement of the Litigation Trustee.

(a)     Each Litigation Trustee will serve until the earliest of (i) the completion of all the Litigation Trustee's duties, responsibilities and obligations under this Litigation Trust Agreement and the Plan, (ii) the Litigation Trustee's resignation and the appointment of a successor pursuant to Section 3.5(b) of this Litigation Trust Agreement, (iii) the Litigation Trustee's removal pursuant to Section 3.5(c) of this Litigation Trust Agreement, (iv) the Litigation Trustee's death (if applicable) and (v) the termination of the Litigation Trust in accordance with this Litigation Trust Agreement and the Plan.

(b)     The Litigation Trustee may resign by giving not less than 90 days' prior written notice to the Litigation Trust Board. Such resignation will become effective on the later to occur of:   (i) the day specified in such written notice and (ii) the appointment of a successor trustee as provided herein and the acceptance by such successor trustee of such appointment in accordance with Section 3.6 of this Litigation Trust Agreement. If a successor trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and hearing, for the appointment of a successor trustee.

Tab 3 - Litigation Trust Agreement.DOC                11

(c)　　The Litigation Trustee may be removed for any reason by majority vote of the members of the Litigation Trust Board (including the affirmative vote of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly selected in accordance Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)).

(d)　　In the event of a vacancy in the position of the Litigation Trustee (whether by removal, resignation, or death, if applicable), the vacancy will be filled by the appointment of a successor trustee by (i) majority vote of the members of the Litigation Trust Board (including the affirmative vote of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly selected in accordance Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement), and by the acceptance of the Litigation Trust by the successor trustee in accordance with Section 3.6 of this Litigation Trust Agreement or (ii) an order of the Bankruptcy Court after an opportunity for a hearing (*provided, however,* that only the Litigation Trust Board shall have standing to seek such an order (and the Litigation Trust Board shall only seek such an order upon a majority vote of the members of the Litigation Trust Board, which majority shall include at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly appointed in accordance with Section 4.9(b)(x) or (y), as applicable, of this Litigation Trust Agreement), except as provided in Section 3.5(b) of this Litigation Trust Agreement). If a successor trustee is appointed as provided in clause (i) of the preceding sentence, and such appointment is accepted by the successor trustee in accordance with Section 3.6 of this Litigation Trust Agreement, the Litigation Trust Board shall file notice of such appointment and acceptance with the Bankruptcy Court, which notice will include the name, address, and telephone number of the successor trustee; *provided, however,* that, the filing of such notice shall not be a condition precedent to the vesting in the successor Litigation Trustee of all the estates, properties, rights, powers, trusts, and duties of its predecessor.

(e)　　Immediately upon the appointment of any successor trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder will be vested in and undertaken by the successor trustee without any further act; and the successor trustee will not be liable personally for any act or omission of the predecessor Litigation Trustee. A successor Litigation Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Litigation Trust Agreement and the Plan.

(f)　　Upon the appointment of a successor trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation Trustee) shall, if applicable, when requested in writing by the successor trustee or the Bankruptcy Court, execute and deliver an instrument or instruments conveying and transferring to such successor trustee upon the trust herein expressed all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall

Tab 3 - Litigation Trust Agreement.DOC　　　　　12

duly assign, transfer, and deliver to such successor trustee all property and money held hereunder, and all other assets, documents, instruments, records and other writings relating to the Litigation Trust, the Litigation Trust Assets, the Litigation Trust Proceeds, the Litigation Trust Fund Reserve Amount, the Litigation Trust Interests, and the entitlements of the holders of Secured Working Capital Lender Claims hereunder, then in its possession and held hereunder, and shall execute and deliver such documents, instruments and other writings as may be requested by the Bankruptcy Court or a successor Litigation Trustee to effect the termination of such predecessor Litigation Trustee's capacity under the Litigation Trust, this Litigation Trust Agreement and the Plan and otherwise assist and cooperate, without cost or expense to the predecessor Litigation Trustee, in effectuating the assumption of its obligations and functions by the successor Litigation Trustee.

(g)     During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Board shall appoint one of its members to serve as interim Litigation Trustee (the "**Interim Trustee**"); *provided, that* such appointment shall require the approval of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly appointed in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement).  The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder.  Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Litigation Trust Board merely by its appointment as Interim Trustee.

(h)     The death, resignation or removal of the Litigation Trustee shall not terminate the Litigation Trust or revoke any existing agency created pursuant to this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee.

3.6     Acceptance of Appointment by Successor Litigation Trustee.

Any successor trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder and accepting the terms of this Litigation Trust Agreement and agreeing that the provisions of this Litigation Trust Agreement shall be binding upon and inure to the benefit of the successor trustee and all of its heirs, and legal and personal representatives, successors and assigns, and thereupon the successor trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Litigation Trust hereunder with like effect as if originally named herein.

3.7     Regular Meetings of the Litigation Trustee and the Litigation Trust Board.

Meetings of the Litigation Trustee, on one hand, and the Litigation Trust Board, on the other, are to be held with such frequency and at such place as the Litigation Trust Board may determine in its sole discretion, but in no event shall such

Tab 3 - Litigation Trust Agreement.DOC          13

meetings be held less frequently than one time during each quarter of each calendar year.

3.8     Special Meetings of the Litigation Trustee and the Litigation Trust Board.

Special meetings of the Litigation Trustee on the one hand, and the Litigation Trust Board, on the other, may be held whenever and wherever called for either by the Litigation Trustee or at least two members of the Litigation Trust Board.

3.9     Notice of, and Waiver of Notice for, Litigation Trustee and Litigation Trust Board Meeting.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting of the Litigation Trust Board will be given to the Litigation Trustee and the members of the Litigation Trust Board in person or by telephone, or via mail, electronic mail, or facsimile transmission. Notice to the Litigation Trustee and the members of the Litigation Trust Board of any such special meeting of the Litigation Trust Board will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one Business Day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the Litigation Trustee and the members of the Litigation Trust Board or to an adult member of his/her office staff or household, at least one Business Day prior to the convening of the meeting. The Litigation Trustee and any member of the Litigation Trust Board may waive notice of any meeting of the Litigation Trust Board and any adjournment thereof at any time before, during, or after it is held, subject to applicable law. Except as provided in the next sentence below, the waiver must be in writing, signed by the Litigation Trustee or the applicable member or members of the Litigation Trust Board entitled to the notice, and filed with the minutes or records of the Litigation Trust. The attendance of the Litigation Trustee or a member of the Litigation Trust Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

3.10    Manner of Acting.

The Litigation Trustee or any member of the Litigation Trust Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. The Litigation Trustee or any member of the Litigation Trust Board participating in a meeting by this means is deemed to be present in person at the meeting.

Tab 3 - Litigation Trust Agreement.DOC                14

3.11    Role of the Litigation Trustee.

In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, shall have the power to (i) prosecute, compromise and settle, abandon or dismiss for the benefit of the Litigation Trust all claims, rights and Causes of Action transferred to the Litigation Trust (whether such suits are brought in the name of the Litigation Trust, the Litigation Trustee or otherwise), and (ii) otherwise perform the functions and take the actions provided for or permitted in the Plan or in this Litigation Trust Agreement. In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

3.12    Authority of Litigation Trustee.

Subject to any limitations contained herein (including, without limitation, Article 4 hereof and Sections 1.6, 3.4 and 6.2(b) of this Litigation Trust Agreement) or in the Plan, including, the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" set forth in the Plan, but in addition to the other powers and authorities granted to the Litigation Trustee and set forth in this Litigation Trust Agreement, the Litigation Trustee shall have the following powers and authorities:

(a)    to hold legal title to any and all rights of the holders of Litigation Trust Interests in or arising from the Litigation Trust Assets, including, without limitation, collecting, receiving any and all money and other property belonging to the Litigation Trust (including, without limitation, any Litigation Trust Proceeds) and, subject to the approval of the Litigation Trust Board, the right to vote any claim or interest relating to a Litigation Trust Claim and/or a Contributing Lenders' Claim in a case under the Bankruptcy Code and receive any distribution thereon;

(b)    in consultation with and subject to the approval of the Litigation Trust Board, to perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims, defenses, offsets and privileges; *provided, however,* that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Board, to the extent such matters are limited to a claim or cause of action against a Person or Entity where the amount demanded from such Person or Entity, in the aggregate, is less than or equal to $100,000 (a "**De Minimis Claim or Cause of Action**");

(c)    in consultation with and subject to the approval of the Litigation Trust Board, to protect and enforce the rights to the Litigation Trust Claims by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

Tab 3 - Litigation Trust Agreement.DOC          15

(d)     in consultation with and subject to the approval of the Litigation Trust Board, to obtain reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee, the Litigation Trust Board under this Litigation Trust Agreement (in the form of an errors and omissions policy or otherwise);

(e)     in consultation with and subject to the approval of the Litigation Trust Board, to obtain insurance coverage with respect to real and personal property that may become assets of the Litigation Trust, if any;

(f)     in consultation with and subject to the approval of the Litigation Trust Board, to retain and pay such counsel and other professionals, including, without limitation, any professionals previously retained by the Lender Steering Committee, the Creditors' Committee, the Debtors or the Reorganized Debtors, as the Litigation Trustee shall select to assist the Litigation Trustee in its duties, on such terms as the Litigation Trustee and the Litigation Trust Board deem reasonable and appropriate, without Bankruptcy Court approval; subject to the approval of the Litigation Trust Board, the Litigation Trustee may commit the Litigation Trust to and shall pay such counsel and other professionals reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(g)     in consultation with and subject to the approval of the Litigation Trust Board, to retain and pay an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by applicable laws (including, if applicable, securities laws) and/or this Litigation Trust Agreement, and to prepare and file any tax returns, informational returns or periodic and current reports for the Litigation Trust as required by applicable laws (including, if applicable, securities laws) and/or by this Litigation Trust Agreement; subject to the approval of the Litigation Trust Board, the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred;

(h)     in consultation with and subject to the approval of the Litigation Trust Board, to retain and pay such third parties to assist the Litigation Trustee in carrying out its powers, authorities and duties under this Litigation Trust Agreement; subject to the approval of the Litigation Trust Board, the Litigation Trustee may commit the Litigation Trust to and shall pay all such Entities or Persons reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses incurred, as well as commit the Litigation Trust to indemnify any such Entities or Persons in connection with the performance of services (*provided* that such indemnity shall not cover any losses, costs, damages, expenses or liabilities that result from the gross negligence, bad faith, willful misconduct or knowing violation of law by such Entities or Persons);

(i)     in consultation with and subject to the approval of the Litigation Trust Board, to waive any privilege (including the Privileges) or any defense on behalf of the Litigation Trust or, with respect to the Litigation Trust Claims or the Contributing

Tab 3 - Litigation Trust Agreement.DOC                    16

Lenders' Claims, the Debtors, the Reorganized Debtors or the Contributing Lenders, as applicable; *provided, however,* that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Board to the extent such matters are limited to a De Minimis Claim or Cause of Action, and such waiver shall be effectively limited to such matters;

(j)     in consultation with and subject to the approval of the Litigation Trust Board, to investigate, analyze, compromise, adjust, arbitrate, sue on or defend, pursue, prosecute, abandon, dismiss, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all causes of action in favor of or against the Litigation Trust; *provided, however,* that the Litigation Trustee shall not be required to consult with or obtain approval of the Litigation Trust Board to the extent such matters are limited to a De Minimis Claim or Cause of Action;

(k)     in consultation with and subject to the approval of the Litigation Trust Board, to avoid and recover transfers of any Debtor's or any Reorganized Debtor's property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(l)     in consultation with and subject to the approval of the Litigation Trust Board, to coordinate with the Disbursing Agent or the Reorganized Debtors, as applicable, to execute offsets, assert counterclaims against holders of Claims, and make determinations as to Pro Rata Shares, as provided for in the Plan; *provided, however,* that the Litigation Trustee shall defer to the Reorganized Debtors to reconcile customer accounts, loan balances, and ordinary business transactions that may be required to do any of the foregoing, including any litigation relating thereto;

(m)     to invest any moneys held as part of the Litigation Trust in accordance with the terms of <u>Section 3.19</u> of this Litigation Trust Agreement, limited, however, to such investments that are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc 94-45, 1994-2 C.B. 684;

(n)     in consultation with and subject to the approval of the Litigation Trust Board, to request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(o)     subject to applicable securities and other laws, if any, to establish and maintain a website for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to the holders of the Secured Working Capital Lender Claims and the holders of the Litigation Trust Interests and other such Persons or Entities entitled thereto, subject to providing notice of such website to such holders and other Persons or Entities;

Tab 3 - Litigation Trust Agreement.DOC          17

(p)     in consultation with and subject to the approval of the Litigation Trust Board, to seek the examination of any Entity or Person, subject to the provisions of Bankruptcy Rule 2004 or any other applicable law or rule;

(q)     to make distributions in accordance with Article 6 of this Litigation Trust Agreement and the Plan; and

(r)     to take or refrain from taking any and all other actions that the Litigation Trustee, upon consultation with and subject to the approval of the Litigation Trust Board, reasonably deems necessary or convenient for the continuation, protection and maximization of the Litigation Trust Claims and the Contributing Lenders' Claims or to carry out the purposes hereof; *provided, however,* that the Litigation Trustee shall not be required to (i) consult with or obtain approval of the Litigation Trust Board, to the extent such actions are limited to a De Minimis Claim or Cause of Action or (ii) consult with or obtain approval of the Litigation Trust Board, to the extent such actions are purely ministerial in nature.

3.13   Limitation of Litigation Trustee's Authority.

(a)     Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take such actions inconsistent with the orderly liquidation of the assets of the Litigation Trust as are required or contemplated by applicable law, the Plan and this Litigation Trust Agreement, or (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684.

(b)     The Litigation Trust shall not hold 50% or more of the stock (in either vote or value) of any Entity or Person that is treated as a corporation for federal income tax purposes, nor be the sole member of a limited liability company, nor have any interest in an Entity or Person that is treated as a partnership for federal income tax purposes, unless such stock, membership interest, or partnership interest was obtained involuntarily or as a matter of practical economic necessity in order to preserve the value of the Litigation Trust Assets.

3.14   Books and Records.

(a)     The Litigation Trustee shall maintain books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof.  Such books and records shall be maintained on a modified cash or other comprehensive basis of accounting necessary to facilitate compliance with the tax reporting and securities law requirements, if any, of the Litigation Trust as well as the reporting requirements set forth in Article 9 of and elsewhere in this Litigation Trust Agreement.  Nothing in this Litigation Trust Agreement

Tab 3 - Litigation Trust Agreement.DOC                    18

requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the assets of the Litigation Trust.

(b) Holders of the Secured Working Capital Lender Claims and/or holders of the Litigation Trust Interests and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Litigation Trustee, and in accordance with the reasonable regulations prescribed by the Litigation Trustee, to inspect and, at the sole expense of such holder seeking the same, make copies of the books and records relating to the Litigation Trust on any Business Day and as often as may be reasonably desired, in each case for a purpose reasonably related to such holder's interest in the Litigation Trust.

3.15   Inquiries into Trustee's Authority.

Except as otherwise set forth in the Litigation Trust or in the Plan, no Entity or Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation or disposition of the Litigation Trust Claims and Contributing Lenders' Claims.

3.16   Compliance with Laws.

Any and all distributions of assets of the Litigation Trust shall be in compliance with applicable laws, including, without limitation, applicable federal and state securities laws.

3.17   Compensation of the Litigation Trustee.

Notwithstanding anything to the contrary contained herein, the Litigation Trustee shall be compensated for its services, and reimbursed for its expenses, in accordance with, and pursuant to the terms of, a separate agreement to be negotiated and executed by the Litigation Trust Board, which agreement shall not be subject to any third-party notice or approval.\*

3.18   Reliance by Litigation Trustee.

Except as otherwise provided herein:

(a) the Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties; and

---

\*  To be prepared after selection of the Litigation Trustee.

Tab 3 - Litigation Trust Agreement.DOC          19

(b)     Persons or Entities dealing with the Litigation Trustee shall look only to the assets of the Litigation Trust to satisfy any liability incurred by the Litigation Trustee to such Person or Entity in carrying out the terms of this Litigation Trust Agreement, and neither the Litigation Trustee nor any member of the Litigation Trust Board shall have any personal obligation to satisfy any such liability.

3.19    Investment and Safekeeping of Litigation Trust Assets.

Subject to Sections 1.6, 3.4, and 6.2(b) of this Litigation Trust Agreement and the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" set forth in the Plan, the Litigation Trustee shall invest all Litigation Trust Assets (other than Litigation Trust Claims and Contributing Lenders' Claims), all Litigation Trust Proceeds, the Litigation Trust Fund Reserve Amount and all other income earned by the Litigation Trust (pending periodic distributions in accordance with Article 6 of this Litigation Trust Agreement and Section 11.8 of the Plan) only in Cash and Government securities as defined in section 2(a)(16) of the Investment Company Act; *provided, however,* that (a) the scope of any such permissible investments shall be further limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements, or otherwise, (b) the Litigation Trustee may retain any Litigation Trust Proceeds received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets in Cash, and (c) under no circumstances, shall the Litigation Trustee segregate the assets of the Litigation Trust on the basis of classification of the holders of the Secured Working Capital Lender Claims or the holders of the Litigation Trust Interests, except as necessary to give effect to the security interest and Liens on the Litigation Trust Assets and proceeds and income thereon to secure the payment of the Litigation Trust Funds (including any fees, costs or interest incurred therewith) to the holders of the Secured Working Capital Lender Claims in accordance with Article 13 hereof.

3.20    Standard of Care; Exculpation.

Neither the Litigation Trustee nor any of its duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee in good faith, other than (i) acts or omissions resulting from the Litigation Trustee's or any such agent's, representative's or professional's gross negligence, bad faith, willful misconduct or knowing violation of law or (ii) acts or omissions from which the Litigation Trustee or any such agent, representative or professional derived an improper personal benefit.  The Litigation Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons or Entities. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with its attorneys, accountants, financial advisors or agents, and its good faith determination not to do so shall not result in the imposition of liability on the Litigation

Tab 3 - Litigation Trust Agreement.DOC                    20

Trustee, unless such determination is based on gross negligence, bad faith, willful misconduct or knowing violation of law. No amendment, modification or repeal of this Section 3.20 shall adversely affect any right or protection of the Litigation Trustee or any of its agents, representatives or professionals that exists at the time of such amendment, modification or repeal.

ARTICLE 4

LITIGATION TRUST BOARD

4.1     Litigation Trust Board.

A litigation trust board (the "**Litigation Trust Board**") shall be established and consist of [four] [six] Persons. The initial Litigation Trust Board members shall consist of [four] [six] Persons approved prior to the Effective Date by the Bankruptcy Court, comprised of [two] [three] Persons selected by the Lender Steering Committee and [two] [three] Persons selected by the Creditors' Committee. The members of the Litigation Trust Board shall have the right to direct and remove the Litigation Trustee in accordance with Section 3.5(c) of this Litigation Trust Agreement, and shall have such other rights to operate and manage the Litigation Trust as are not inconsistent with the terms of this Litigation Trust Agreement. No holder of Litigation Trust Interests (except to the extent such holder is a member of the Litigation Trust Board) shall have any consultation or approval rights whatsoever in respect of management and operation of the Litigation Trust.

4.2     Authority of the Litigation Trust Board.

The Litigation Trust Board shall have the authority and responsibility to oversee, review, and guide the activities and performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 3.5(c) of this Litigation Trust Agreement. The Litigation Trustee shall consult with and provide information to the Litigation Trust Board in accordance with and pursuant to the terms of this Litigation Trust Agreement and the Plan. The Litigation Trust Board shall have the authority to select and engage such Persons and Entities, and select and engage such professional advisors, including, without limitation, any professional previously retained by the Lender Steering Committee, the Creditors' Committee, the Debtors or the Reorganized Debtors in accordance with the terms of the Plan and this Litigation Trust Agreement, as the Litigation Trust Board deems necessary and desirable to assist the Litigation Trust Board in fulfilling its obligations under this Litigation Trust Agreement and the Plan, and the Litigation Trustee shall pay the reasonable fees of such Persons and Entities (including on an hourly, contingency, or modified contingency basis) and reimburse such Persons and Entities for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Litigation Trust Agreement.

Tab 3 - Litigation Trust Agreement.DOC                21

4.3    Regular Meetings of the Litigation Trust Board.

Meetings of the Litigation Trust Board are to be held with such frequency and at such place as the Litigation Trustee and the members of the Litigation Trust Board may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than one time during each quarter of each calendar year.

4.4    Special Meetings of the Litigation Trust Board.

Special meetings of the Litigation Trust Board, may be held whenever and wherever called for by the Litigation Trustee or any two members of the Litigation Trust Board.

4.5    Manner of Acting.

(a)    A majority of the total number of members of the Litigation Trust Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Board; *provided, however,* that all decisions or approvals or other actions of the Litigation Trust Board shall require the affirmative vote of a majority of all of the members of the Litigation Trust Board (including, in each case, the affirmative vote of at least one member selected by the Lender Steering Committee and one member selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)), and such an affirmative vote obtained as to any particular matter, decision, approval or other action at a meeting at which a quorum is present shall be the act of the Litigation Trust Board, except as otherwise required by law or as provided in this Litigation Trust Agreement.

(b)    Voting may, if approved by the majority of all of the members of the Litigation Trust Board (including, in each case, the affirmative vote of at least one member selected by the Lender Steering Committee and one member selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)) be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trust Board.

(c)    Any member of the Litigation Trust Board who is present and entitled to vote at a meeting of the Litigation Trust Board (including any meeting of the Litigation Trustee and the Litigation Trust Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Board unless:  (i) such member of the Litigation Trust Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding it or transacting business at the meeting; or (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Board before its adjournment.  The right of dissent or abstention is not available to any member of the Litigation Trust Board who votes in favor of the action taken.

Tab 3 - Litigation Trust Agreement.DOC          22

(d)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trust Board shall report to the Litigation Trust Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a holder of a Secured Working Capital Lender Claim (or an employee thereof) or a holder of a Litigation Trust Interest). A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (*provided, however,* such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Board who are not "conflicted members" and, notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the members of the Litigation Trust Board (including, in each case, the affirmative vote of at least one member selected by the Lender Steering Committee and one member selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)), who are not "conflicted members" shall be required to approve such matter or issue and the same shall be the act of the Litigation Trust Board.

4.6    Litigation Trust Board's Action Without a Meeting.

Any action required or permitted to be taken by the Litigation Trust Board at a meeting of the Litigation Trust Board may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Board as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Trust Board and recorded in the minutes or other transcript of proceedings of the Litigation Trust Board.

4.7    Notice of, and Waiver of Notice for, Litigation Trust Board Meetings.

Notice of the time and place (but not necessarily the purpose or all of the purposes) of any regular or special meeting of the Litigation Trust Board will be given to the members of the Litigation Trust Board in person or by telephone, or via mail, electronic mail, or facsimile transmission. Notice to the members of the Litigation Trust Board of any such special meeting will be deemed given sufficiently in advance when (i) if given by mail, the same is deposited in the United States mail at least ten calendar days before the meeting date, with postage thereon prepaid, (ii) if given by electronic mail or facsimile transmission, the same is transmitted at least one Business Day prior to the convening of the meeting, or (iii) if personally delivered (including by overnight courier) or given by telephone, the same is handed, or the substance thereof is communicated over the telephone to the members of the Litigation Trust Board or to an adult member of his/her office staff or household, at least one Business Day prior to the convening of the meeting. Any member of the Litigation Trust Board may waive notice of any meeting and any adjournment thereof at any time before, during, or after it is

Tab 3 - Litigation Trust Agreement.DOC          23

held, subject to applicable law. Except as provided in the next sentence below, the waiver must be in writing, signed by the applicable member or members of the Litigation Trust Board entitled to the notice. The attendance of a member of the Litigation Trust Board at a meeting shall constitute a waiver of notice of such meeting, except when the person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

4.8     Telephonic Communications.

Any member of the Litigation Trust Board may participate in a regular or special meeting of the Litigation Trust Board by, or conduct the meeting through the use of, conference telephone, or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Litigation Trust Board participating in a meeting by this means is deemed to be present in person at the meeting.

4.9     Tenure, Removal, and Replacement of the Members of the Litigation Trust Board.

The authority of the members of the Litigation Trust Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 10.1 hereof. The service of the members of the Litigation Trust Board will be subject to the following:

(a)     The members of the Litigation Trust Board will serve until death or resignation pursuant to Section 4.9(b) of this Litigation Trust Agreement, or removal pursuant to Section 4.9(c) of this Litigation Trust Agreement.

(b)     A member of the Litigation Trust Board may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Trust Board. Such resignation will be effective upon the date received by the Litigation Trust Board or such later date specified in the written notice.

(c)     A member of the Litigation Trust Board may be removed by the majority vote of the other members of the Litigation Trust Board (including, in each case, the affirmative vote of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)), written resolution of which shall be delivered to the removed Litigation Trust Board member; *provided, however,* that such removal may only be made for Cause. For purposes of this Section 4.9(c), "**Cause**" shall be defined as: (i) such Litigation Trust Board member's theft or embezzlement or attempted theft or embezzlement of money or tangible or intangible assets or property; (ii) such Litigation

Tab 3 - Litigation Trust Agreement.DOC          24

Trust Board member's violation of any law (whether foreign or domestic), which results in a felony indictment or similar judicial proceeding; (iii) such Litigation Trust Board member's gross negligence, bad faith, willful misconduct or knowing violation of law, in the performance of his or her duties as a member of the Litigation Trust Board; or (iv) such Litigation Trust Board member's failure to perform any of his or her other material duties under this Litigation Trust Agreement (including the regular attendance at meetings of the Litigation Trust Board and of the Litigation Trustee and the Litigation Trust Board); *provided, however,* that such Litigation Trust Board member shall have been given a reasonable period to cure any alleged Cause under clauses (iii) (other than bad faith, willful misconduct or knowing violation of law) and (iv).

(d)     In the event of a vacancy on the Litigation Trust Board (whether by removal, death or resignation), and (x) if such vacancy is created because of the removal, death or resignation of a member selected by the Lender Steering Committee (or a successor member appointed in accordance with this clause (x)), a majority of the remaining members of the Litigation Trust Board selected by the Lender Steering Committee (or appointed in accordance with this clause (x)) shall appoint a new member to fill such position, and (y) if such vacancy is created by the removal, death or resignation of a member selected by the Creditors' Committee (or a successor member selected in accordance with this clause (y)), a majority of the remaining members of the Litigation Board selected by the Creditors' Committee (or appointed in accordance with this clause (y)) shall appoint a new member to fill such position.  In the event that there are no members of the Litigation Trust Committee selected or appointed by the Lender Steering Committee or the Creditors' Committee (or appointed in accordance with clauses (x) or (y) of the preceding sentence) to implement the provisions of the preceding sentence or in the event that there are no remaining members of the Litigation Trust Board, appointments to fill such vacancies that would have been made in accordance with the preceding sentence shall be made upon an order entered after an opportunity for a hearing by the Bankruptcy Court, upon motion of the Litigation Trustee.  The appointment of a successor member of the Litigation Trust Board will be evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor member of the Litigation Trust Board.

(e)     Immediately upon the appointment of any successor member of the Litigation Trust Board all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Trust Board hereunder will be vested in and undertaken by the successor member of the Litigation Trust Board without any further act; and the successor member of the Litigation Trust Board will not be liable personally for any act or omission of the predecessor member of the Litigation Trust Board.

4.10    Compensation of the Litigation Trust Board.

Each member of the Litigation Trust Board shall be paid by the Litigation Trust or the Reorganized Debtors, as applicable, the amount of $20,000 annually as compensation for his or her services hereunder as a member of the Litigation Trust Board.  In addition, each member of the Litigation Trust Board shall be entitled to be

Tab 3 - Litigation Trust Agreement.DOC          25

reimbursed for his or her reasonable and documented out-of-pocket expenses incurred in connection with the performance of his or her duties hereunder by the Litigation Trust upon demand for payment thereof.

4.11    Standard of Care; Exculpation.

None of the Litigation Trust Board, their respective members, designees or professionals, nor any of their duly designated agents or representatives, shall be liable for the act or omission of any other member, agent or representative of the Litigation Trust Board, nor shall the Litigation Trust Board or any of their respective members be liable for any act or omission taken or omitted to be taken by the Litigation Trust Board in good faith, other than for (i) acts or omissions resulting from the Litigation Trust Board's or any such member's, designee's, professional's, agent's or representative's gross negligence, bad faith, willful misconduct or knowing violation of law or (ii) acts or omissions from which the Litigation Trust Committee or such member, designee, professional, agent or representative derived an improper personal benefit. The Litigation Trust Board and its members may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with its attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in good faith in accordance with advice or opinions rendered by such Persons or Entities. Notwithstanding such authority, none of the Litigation Trust Board or any of its members shall be under any obligation to consult with its attorneys, accountants, financial advisors or agents, and their good faith determination not to do so shall not result in the imposition of liability on the Litigation Trust Board or, as applicable, any of its members, designees, professionals, agents or representatives, unless such determination is based on gross negligence, bad faith, willful misconduct or knowing violation of law. No amendment modification or repeal of this Section 4.11 shall adversely affect any right or protection of the Litigation Trust Board, its members, designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

ARTICLE 5

TAX MATTERS

5.1    Federal Income Tax Treatment of the Litigation Trust.

(a)    For all federal income tax purposes, all parties (including, without limitation, the Debtors, the Reorganized Debtors, the Litigation Trust, the Litigation Trustee, the Litigation Trust Board, the Litigation Trust Beneficiaries and the holders of the Secured Working Capital Lender Claims) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, as (a) a transfer of the Litigation Trust Assets directly to those holders of Allowed Claims receiving Litigation Trust Interests (other than to the extent allocable to Disputed Claims), followed by (b) the transfer by such Persons to the Litigation Trust of the Litigation Trust Assets in exchange for beneficial interests in the Litigation Trust (and in respect of the Litigation

Tab 3 - Litigation Trust Agreement.DOC          26

Trust Assets allocable to the Disputed Claims Reserve, as a transfer to the Disputed Claims Reserve by the Debtors or the Reorganized Debtors, as the case may be). Accordingly, those holders of Allowed Claims receiving Litigation Trust Interests shall be treated for federal income tax purposes as the grantors and owners of their respective shares of the Litigation Trust Assets. The foregoing treatment also shall apply, to the extent permitted by applicable law, for state and local income tax purposes.

(b)     Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Article 5 and Section 11.9(a)(ii) of the Plan. The Litigation Trustee shall also annually send to each holder of a Litigation Trust Interest and each holder of a Secured Working Capital Lender Claim a separate statement setting forth such holder's share of items of income, gain, loss, deduction, or credit and will instruct all such holders and parties to report such items on their federal income tax returns. The Litigation Trustee also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit.

(c)     As soon as possible after the creation of the Litigation Trust, but in no event later than 60 days thereafter, the Litigation Trust Board shall inform, in writing, the Litigation Trustee of the value of the Litigation Trust Assets transferred to the Litigation Trust based on the good faith determination of the Litigation Trust Board, and the Litigation Trustee shall apprise, in writing, the Litigation Trust Beneficiaries and the holders of the Secured Working Capital Lender Claims of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Reorganized Debtors, the Litigation Trust, the Litigation Trustee, the Litigation Trust Board, the holders of the Litigation Trust Interests and the holders of the Secured Working Capital Lender Claims) for all federal income tax purposes. As soon as possible after the Effective Date, the Litigation Trustee shall make such valuation prepared by the Litigation Trust Board available from time to time, to the extent relevant, and such valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Reorganized Debtors, the Litigation Trust, the Litigation Trustee, the Litigation Trust Board, the holders of the Litigation Trust Interests and the holders of the Secured Working Capital Lender Claims) for all federal income tax purposes. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Litigation Trust Board shall be entitled to retain such professionals and advisers as the Litigation Trust Board shall determine to be appropriate or necessary, and the Litigation Trust Board shall take such other actions in connection therewith as it determines to be appropriate or necessary in connection therewith. The Litigation Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any Persons or Entities retained by the Litigation Trust Board in connection therewith.

Tab 3 - Litigation Trust Agreement.DOC          27

(d)     The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

(e)     The Litigation Trustee shall be responsible for payments, out of the Litigation Trust Assets and Litigation Trust Proceeds, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

(f)     The Litigation Trustee may require any of the Litigation Trust Beneficiaries or the holders of the Secured Working Capital Lender Claims to furnish to the Litigation Trustee its Employer or Taxpayer Identification Number as assigned by the IRS and the Litigation Trustee may condition any distribution or payment to any of them upon receipt of such identification number. In addition, the Litigation Trustee shall require each Contributing Lender which becomes a Contributing Lender after the Effective Date to furnish the Litigation Trustee a Contributing Lender Assignment, duly executed by such Contributing Lender, and may condition any payment thereto solely in respect of its Litigation Trust Interests under this Litigation Trust Agreement upon receipt by the Litigation Trustee of such Contributing Lender Assignment.

5.2     Allocations of Litigation Trust Taxable Income.

Allocations of Litigation Trust taxable income among the holders of the Litigation Trust Interests and the holders of the Secured Working Capital Lender Claims shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restrictions on distributions described in the Plan or herein) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued at their tax book value) to the holders of the Litigation Trust Interests and the holders of the Secured Working Capital Lender Claims, in each case up to the tax book value of the assets treated as contributed by such holders, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust (including all distributions held in escrow pending the resolution of Disputed Claims). Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Litigation Trust Assets. The tax book value of the Litigation Trust Assets for this purpose shall equal their fair market value on the Effective Date, adjusted in either case in accordance with tax accounting principles prescribed by the Tax Code, and applicable tax regulations, and other applicable administrative and judicial authorities and pronouncements.

Tab 3 - Litigation Trust Agreement.DOC                28

# ARTICLE 6

## DISTRIBUTIONS

6.1    Distributions; Withholding.

Subject to Sections 1.6, 3.4 and 6.2(b) of this Litigation Trust Agreement, the Litigation Trustee shall distribute, in accordance with this Article 6, at least semi-annually to the holders of the Secured Working Capital Lender Claims and the holders of the Litigation Trust Interests all net Cash income plus all net Cash proceeds from the liquidation of Litigation Trust Assets (including as Cash, for this purpose, all Cash Equivalents); *provided, however,* that but subject to Section 6.2(b) of this Litigation Trust Agreement and the limitation set forth in the definition of "Litigation Trust Fund Reserve Amount" set forth in the Plan, the Litigation Trust may retain and not distribute to holders of the Litigation Trust Interests such amounts (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay reasonable and necessary administrative expenses (including but not limited to, the reasonable costs and expenses of the Litigation Trustee (including reasonable fees, costs and expenses of professionals and the costs and expenses of members of the Litigation Trust Board (but excluding the fees of professionals retained by such members), any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or reasonable fees and expenses in connection with, arising out of or related to the Litigation Trust Assets and litigations associated therewith) and other costs and expenses contemplated by this Litigation Trust Agreement, including, without limitation, those contemplated by Section 3.3(a) of this Litigation Trust Agreement, (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Litigation Trust Agreement and (iv) as determined by the Litigation Trust Board, to fund the operations of the Litigation Trust and to maintain and/or replenish the Litigation Trust Fund Reserve Amount (subject to the limitation set forth in the definition thereof contained in the Plan). All distributions and/or payments to be made pursuant to this Litigation Trust Agreement and the Plan to repay the Litigation Trust Funds to the holders of Secured Working Capital Lender Claims shall be made to the Prepetition Administrative Agent for the account and on behalf of the holders of the Secured Working Capital Lender Claims, which shall distribute the same to the holders of Secured Working Capital Lender Claims in accordance with the Plan, and all other distributions shall be made to the Disbursing Agent for further distribution by the Disbursing Agent to the holders of the Litigation Trust Interests pro rata based on the amount of Litigation Trust Interests held by a holder compared with the aggregate amount of the Litigation Trust Interests outstanding, subject, in each case, to the terms of the Plan and this Litigation Trust Agreement. The Litigation Trustee may withhold from amounts distributable to any Person or Entity any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

Tab 3 - Litigation Trust Agreement.DOC          29

6.2   <u>Manner of Payment or Distribution</u>.

(a)   All distributions to be made by the Litigation Trustee hereunder to the holders of the Litigation Trust Interest shall be made to the Disbursing Agent for further distribution to the holders of the Litigation Trust Interests in accordance with the Plan and shall be payable to the holders of Litigation Trust Interests of record as of the 20th day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such day shall be the following Business Day. If the distribution shall be in Cash, the Litigation Trustee shall distribute such Cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances.

(b)   Notwithstanding anything contained herein or in the Plan to the contrary but subject to maintaining the Litigation Trust Fund Reserve Amount (subject to the limitation set forth in the definition thereof set forth in the Plan), all Cash (other than the Litigation Trust Funds) received by the Litigation Trust (and/or the Litigation Trustee) shall be paid by the Litigation Trust (and/or the Litigation Trustee) to the holders of the Secured Working Capital Lender Claims until the holders of the Secured Working Capital Lender Claims shall have received (exclusive of any amounts, payments or distributions received by the holders of the Secured Working Capital Lender Claims in respect of Litigation Trust Interests held thereby) from the Litigation Trust (and/or the Litigation Trustee) an amount in Cash equal to the amount of the Litigation Trust Funds before and prior to the Litigation Trust (and/or the Litigation Trustee) making any distributions or other payments to the holders of, or on account of, the Litigation Trust Interests (or to the Disbursing Agent on account of the holders of the Litigation Trust Interests), and no distributions or other payments shall be made by the Litigation Trust and/or the Litigation Trustee to any holder of a Litigation Trust Interest (or to the Disbursing Agent on account thereof) before the time that the holders of the Secured Working Capital Lender Claims have received from the Litigation Trust (and/or the Litigation Trustee) payment in full in Cash of an amount equal to the Litigation Trust Funds (exclusive of any amounts, payments or distributions received by the holders of the Secured Working Capital Lender Claims in respect of Litigation Trust Interests held thereby). All distributions and/or payments to be made pursuant to this Litigation Trust Agreement and the Plan by the Litigation Trust (and/or the Litigation Trustee) to repay the Litigation Trust Funds to the holders of Secured Working Capital Lender Claims shall be made to the Prepetition Administrative Agent for the account and on behalf of the holders of the Secured Working Capital Lender Claims, which shall distribute the same to the holders of Secured Working Capital Lender Claims in accordance with the Plan. After the holders of the Secured Working Capital Lender Claims shall have received from the Litigation Trust (and/or the Litigation Trustee) payment in full of an amount in Cash equal to the amount of the Litigation Trust Funds (exclusive of any amounts, payments or distributions received by the holders of the Secured Working Capital Lender Claims in respect of the Litigation Trust Interests held thereby), all distributions by the Litigation Trust (and the Litigation Trustee) shall be made to the holders of the Litigation Trust Interests (or to the Disbursing Agent on account thereof).

Tab 3 - Litigation Trust Agreement.DOC            30

(c)     The obligation hereunder of the Litigation Trust (and the Litigation Trustee) to pay an amount in Cash equal to the amount of the Litigation Trust Funds (including any fees, costs or interest incurred in connection therewith) to the holders of the Secured Working Capital Lender Claims shall be secured by granting the holders of the Secured Working Capital Lender Claims a first priority security interest, Lien and encumbrance as set forth in <u>Article 13</u> hereof.

(d)     After the payment in full by the Litigation Trust (and/or the Litigation Trustee) to the holders of the Secured Working Capital Lender Claims of an amount in Cash equal to the amount of the Litigation Trust Funds (exclusive of any amounts, payments or distributions to the holders of the Secured Working Capital Lender Claims in respect of Litigation Trust Interests held thereby), the Litigation Trust (and/or the Litigation Trustee) shall distribute to the Disbursing Agent all amounts of Cash available for distribution in accordance with <u>Section 6.1</u> of this Litigation Trust Agreement and the Plan for further distribution to the holders of the Litigation Trust Interests, each in accordance with <u>Section 6.1</u> of this Litigation Trust Agreement, this <u>Section 6.2</u> and the Plan.

(e)     To the extent that the Reorganized Debtors become liable for the payment of any Claims arising under section 502(h) of the Bankruptcy Code on account of recoveries obtained with respect to the Litigation Trust Claims, the Litigation Trustee will be responsible for making distributions on account of such Claims pursuant to <u>Section 8.2</u> of this Litigation Trust Agreement.

6.3     <u>Cash Distributions</u>.

No Cash distributions shall be required to be made to any holders of a Litigation Trust Interest in an amount less than $100.00.  Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Litigation Trust.

ARTICLE 7

INDEMNIFICATION

7.1     <u>Indemnification of Litigation Trustee and the Litigation Trust Board</u>.

(a)     To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, shall indemnify and hold harmless the Litigation Trustee, each of the members of the Litigation Trust Board and each of their respective directors, members, shareholders, partners, officers, agents, employees, attorneys and other professionals (collectively, the "**Indemnified Persons**") from and against any and all losses, costs, damages, reasonable and documented out-of-pocket expenses (including, without limitation, reasonable fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does, or refrains from

Tab 3 - Litigation Trust Agreement.DOC                31

doing for the business or affairs of the Litigation Trust, except to the extent that the loss, cost, damage, expense or liability resulted (x) primarily from the Indemnified Person's gross negligence, bad faith, willful misconduct or knowing violation of law or (y) from an act or omission from which the Indemnified Person derived an improper personal benefit. To the extent reasonable, the Litigation Trust shall pay in advance or reimburse reasonable and documented out-of-pocket expenses (including advancing reasonable costs of defense) incurred by the Indemnified Person who is or is threatened to be named or made a defendant or a respondent in a proceeding concerning the business and affairs of the Litigation Trust. The indemnification provided under this Section 7.1 shall survive the death, dissolution, resignation or removal, as may be applicable, of the Litigation Trustee, the Litigation Trust Board, and/or any Litigation Trust Board member, and shall inure to the benefit of the Litigation Trustee's and each Litigation Trust Committee member's heirs, successors and assigns.

(b)     Any Indemnified Person may waive the benefits of indemnification under this Section 7.1, but only by an instrument in writing executed by such Indemnified Person.

(c)     The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this Section 7.1 will affect the rights or obligations of any Person or Entity (or the limitations on those rights or obligations) under this Litigation Trust Agreement, or any other agreement or instrument to which that Person is a party.

ARTICLE 8

NET LITIGATION TRUST RECOVERY

8.1     No Effect on Mutuality.

Notwithstanding anything contained in this Litigation Trust Agreement to the contrary, nothing herein shall affect the mutuality of obligations, if any, of any holder of any Claim under section 553 of the Bankruptcy Code. Notwithstanding anything in the Plan or in this Litigation Trust Agreement to the contrary, the transfer of the Litigation Trust Claims and/or the Contributing Lenders' Claims to the Litigation Trust does not diminish, and fully preserves, any defenses a defendant would have if such Litigation Trust Claims and/or the Contributing Lenders' Claims had been retained by the Debtors or the Contributing Lenders, as applicable.

8.2     Section 502(h).

Notwithstanding anything contained in the Plan or this Litigation Trust Agreement to the contrary, in the event that a compromise and settlement of a Litigation Trust Claim or a Final Order with respect to a Litigation Trust Claim provides for the allowance of a Claim pursuant to section 502(h) of the Bankruptcy Code against one or more of the Debtors, the distributions to be made on account of such Claim pursuant to

Tab 3 - Litigation Trust Agreement.DOC          32

the Plan shall be funded by the Litigation Trust, in the amount(s), from time to time, that all similarly situated holders of Claims are entitled to receive under the Plan.

8.3   Net Litigation Trust Recovery.

Notwithstanding anything contained in the Plan or this Litigation Trust Agreement to the contrary, in the event that a defendant in a litigation brought by the Litigation Trustee for and on behalf of the Litigation Trust (i) is required by a Final Order to make payment to the Litigation Trust (the "**Judgment Amount**") and (ii) is permitted by a Final Order to assert a right of setoff under sections 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code or applicable non-bankruptcy law against the Judgment Amount (a "**Valid Setoff**"), (y) such defendant shall be obligated to pay only the excess, if any, of the Judgment Amount over the Valid Setoff and (z) none of the Litigation Trust or the holders of the Litigation Trust Interests shall be entitled to assert a claim against the Debtors or the Reorganized Debtors with respect to the Valid Setoff.

## ARTICLE 9

## REPORTS TO LITIGATION TRUST BENEFICIARIES

9.1   Reports.

(a)   The Litigation Trustee shall prepare the following reports and shall distribute such reports to the Litigation Trust Board and to all holders of the Secured Working Capital Lender Claims and all holders of the Litigation Trust Interests as provided in this Article 9:

> (1)   on a quarterly basis commencing with the first calendar quarter ending after the Effective Date, within 45 days after the end of each such calendar quarter, a report of the activities of the Litigation Trust detailing for such calendar quarter the activities of the Litigation Trust including:
>
>> (i)   an unaudited operating statement (prepared on a cash basis) showing all revenues received by the Litigation Trust and all expenses of operations of the Litigation Trust (including all expenses paid by the Litigation Trust) for such calendar quarter;
>>
>> (ii)   an unaudited written report and accounting showing (A) the assets and liabilities of the Litigation Trust at the end of such calendar quarter, (B) any changes in the assets of the Litigation Trust during such calendar quarter, (C) the amount of any reserves of the Litigation Trust at the end of such calendar quarter, and (D) any material action taken by the Litigation Trustee during such calendar quarter in the performance of its duties under the Plan and this Litigation Trust Agreement, including the disposition of a material

Tab 3 - Litigation Trust Agreement.DOC                33

Litigation Trust Claim and the resignation or appointment of the Litigation Trustee or a member of the Litigation Trust Board; and

(iii)     an overall status report of the Litigation Trust for such calendar quarterly period; and

(2)     within 90 days after the end of each calendar year, beginning with the first calendar year end occurring after the Effective Date, the Litigation Trustee will prepare reports for such calendar year as described in clauses (i) and (ii) above, except that such reports shall be for a full year (or portion thereof in which the Litigation Trust has been in existence) and the financial statements included in such reports shall be audited in accordance with U.S. generally accepted accounting principles by a firm of nationally recognized independent accountants selected by the Litigation Trustee and approved by the Litigation Trust Board.

All quarterly and annual reports shall be filed with the SEC to the extent required by applicable law or in order to gain an exemption from compliance with applicable law. In addition to providing the reports described above in this Section 9.1(a), only if required by the Exchange Act, the Trust Indenture Act and/or the Investment Company Act, the Litigation Trustee shall cause to be prepared, at such times as may be required by applicable law, financial statements and other reports of the Litigation Trust, to be delivered to the holders of the Secured Working Capital Lender Claims and the holders of Litigation Trust Interests. The Litigation Trustee shall also deliver to the holders of the Secured Working Capital Lender Claims and the holders of Litigation Trust Interests annual income tax reporting information of the Litigation Trust. The materiality and scope of audit determinations shall be established between the Litigation Trustee (in consultation with the Litigation Trust Board) and the appointed auditors with a view toward safeguarding the value of the Litigation Trust Assets, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements. The Litigation Trustee shall timely (i) prepare, file and distribute such additional statements, reports and submissions as may be necessary to cause the Litigation Trust and the Litigation Trustee to be in compliance with all applicable laws and (ii) prepare and file with the Bankruptcy Court such reports and submissions that may be required by the Plan.

(b)     Within ten Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to Section 9.1(a) to be mailed to the holders of the Secured Working Capital Lender Claims and the holders of Litigation Trust Interests and to be filed with the Bankruptcy Court.

(c)     Any report required to be distributed by the Litigation Trustee under Section 9.1(a) hereof shall also be distributed to the Persons listed in Section 12.5

Tab 3 - Litigation Trust Agreement.DOC                    34

hereof within ten Business Days after its distribution to the holders of the Secured Working Capital Lender Claims and the holders of Litigation Trust Interests. If permitted under applicable securities law, the Litigation Trustee may post any report required to be provided under this <u>Section 9.1</u> on a web site maintained by the Litigation Trustee in lieu of actual notice to the holders of the Secured Working Capital Lender Claims and the holders of Litigation Trust Interests (unless otherwise required by law) subject to providing notice to the Persons listed in <u>Section 12.5</u> herein.

ARTICLE 10

TERM; TERMINATION OF THE LITIGATION TRUST

10.1  <u>Term; Termination of the Litigation Trust</u>.

(a)     The Litigation Trust shall commence on the date hereof and terminate no later than the fifth anniversary of the Effective Date; *provided, however,* that, on or prior to the date that is 90 days prior to such termination, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Litigation Trust if it is necessary to the liquidation of the Litigation Trust Assets. Notwithstanding the foregoing, multiple extensions can be obtained so long as Bankruptcy Court approval is obtained not less than 90 days prior to the expiration of each extended term; *provided, however,* that in no event shall the term of the Litigation Trust extend past the tenth anniversary of the Effective Date.

(b)     The Litigation Trust may be terminated earlier than its scheduled termination if (i) the Bankruptcy Court has entered a Final Order closing all of or the last of the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code; and (ii) the Litigation Trustee has administered all Litigation Trust Assets and performed all other duties required by the Plan, this Litigation Trust Agreement and the Litigation Trust.

10.2  <u>Continuance of Trust for Winding Up</u>.

After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed. Prior to the final distribution of all of the remaining assets of the Litigation Trust and upon approval of the Litigation Trust Board, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for its own reasonable costs and expenses, in accordance with <u>Section 3.17</u> herein, until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, the Litigation Trustee shall retain for a period of two years the books, records, lists of the holders of the Litigation Trust Interests, the Trust Register, and other documents and files that have been delivered to or created by the Litigation Trustee. At the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two years from the completion and winding up of the affairs of the Litigation Trust. Except as otherwise specifically provided herein, upon the termination of the

Tab 3 - Litigation Trust Agreement.DOC                35

Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

## ARTICLE 11

## AMENDMENT AND WAIVER

11.1 <u>Amendment and Waiver</u>.

(a) The Litigation Trustee, with the prior approval of the majority of the members of the Litigation Trust Board (including, in each case, the approval of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)), may amend, supplement or waive any provision of, this Litigation Trust Agreement, without notice to or the consent of the holders of the Secured Working Capital Lender Claims or Litigation Trust Interests or the approval of the Bankruptcy Court; *provided*, that such amendment, supplement or waiver shall not adversely affect the payments and/or distributions to be made under this Litigation Trust Agreement to (or on behalf or for the account of) any of the holders of the Secured Working Capital Lender Claims or the holders of the Litigation Trust Interests, or adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust": (i) to cure any ambiguity, omission, defect or inconsistency in this Litigation Trust Agreement; (ii) to comply with any requirements in connection with the U.S. Federal income tax status of the Litigation Trust as a "liquidating trust"; (iii) to comply with any requirements in connection with maintaining that the Litigation Trust is not subject to registration or reporting requirements of the Exchange Act, the Trust Indenture Act or the Investment Company Act; (iv) to make the Litigation Trust a reporting entity and, in such event, to comply with any requirements in connection with satisfying the registration or reporting requirements of the Exchange Act, the Trust Indenture Act or the Investment Company Act; and (v) to evidence and provide for the acceptance of appointment hereunder by a successor trustee in accordance with the terms of this Litigation Trust Agreement and the Plan.

(b) Any substantive provision of this Litigation Trust Agreement may be amended or waived by the Litigation Trustee, subject to the prior approval of a majority of the members of the Litigation Trust Board (including, in each case, the approval of at least one member of the Litigation Trust Board selected by the Lender Steering Committee and one member of the Litigation Trust Board selected by the Creditors' Committee (or their respective successors duly selected in accordance with Section 4.9(d)(x) or (y), as applicable, of this Litigation Trust Agreement)), with the approval of the Bankruptcy Court upon notice and an opportunity for a hearing; *provided, however,* that no change may be made to this Litigation Trust Agreement that would adversely affect the payments and/or distributions to be made under this Litigation Trust Agreement to (or on behalf or for the account of) any holders of the Secured Working Capital Lender Claims or any holders of the Litigation Trust Interests, or adversely affect the U.S. Federal income tax status of the Litigation Trust as a

Tab 3 - Litigation Trust Agreement.DOC     36

"liquidating trust." Notwithstanding this Section 11.1, any amendments to this Litigation Trust Agreement shall not be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).

## ARTICLE 12

## MISCELLANEOUS PROVISIONS

12.1     Intention of Parties to Establish the Litigation Trust.

This Litigation Trust Agreement is intended to create a liquidating trust for federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with Section 11.1 to comply with such federal income tax laws, which amendments may apply retroactively.

12.2     Laws as to Construction.

This Litigation Trust Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to whether any conflicts of law would require the application of the law of another jurisdiction.

12.3     Jurisdiction.

Without limiting any Person or Entity's right to appeal any order of the Bankruptcy Court or to seek withdrawal of the reference with regard to any matter, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Litigation Trust Agreement and to decide any claims or disputes which may arise or result from, or be connected with, this Litigation Trust Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all actions related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the parties, including the holders of the Litigation Trust Interests, and holders of Claims, hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court.

12.4     Severability.

If any provision of this Litigation Trust Agreement or the application thereof to any Person or Entity or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or Entities or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

Tab 3 - Litigation Trust Agreement.DOC          37

12.5    <u>Notices</u>.

All notices, requests or other communications to the parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic mail or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

If to the Litigation Trustee, to:

With a copy to:

If to the Litigation Trust Board, to:

With a copy to:

If to Reorganized Debtors, to:

With a copy to:

All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt.  Any party from time to time may change its address, facsimile number, or other information for the purpose of notices to that party by giving notice specifying such change to the other party hereto.

Tab 3 - Litigation Trust Agreement.DOC                     38

12.6    Fiscal Year.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each calendar year.

12.7    Headings.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

12.8    Counterparts.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

12.9    Confidentiality.

The Litigation Trustee and each successor trustee and each member of the Litigation Trust Board and each successor member of the Litigation Trust Board (each a "**Covered Person**") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Entity to which any of the assets of the Litigation Trust relates or of which it has become aware in its capacity (the "**Information**"), except to the extent disclosure is required by applicable law, order, regulation or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Litigation Trust Board reasonably promptly (unless prohibited by law) so that the Litigation Trust Board may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this Section 12.9 (and if the Litigation Trust Board seeks such an order, the relevant Covered Person will provide cooperation as the Litigation Trust Board shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the Litigation Trust Board waives compliance with the terms of this Section 12.9 and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Litigation Trust Board written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

Tab 3 - Litigation Trust Agreement.DOC                39

12.10  <u>Entire Agreement</u>.

This Litigation Trust Agreement (including the Recitals), the Plan, and the Confirmation Order constitute the entire agreement by and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein.  This Litigation Trust Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Litigation Trust Agreement is intended or shall be construed to confer upon or to give any Entity or Person other than the parties hereto and their respective heirs, administrators, executors, permitted successors, or permitted assigns any right to remedies under or by reason of this Litigation Trust Agreement, except that the Prepetition Administrative Agent, the holders of the Secured Working Capital Lender Claims and the Secured Working Capital Lender Agent are intended third party beneficiaries hereof and shall be entitled to enforce the provisions hereof relating to the Litigation Trust Funds, the payment of the amount of the Litigation Trust Funds to the holders of the Secured Working Capital Lender Claims (and to the Prepetition Administrative Agent on their behalf) and the provisions of <u>Article 13</u> hereof as if they were parties hereto.

12.11  <u>No Bond</u>.

Notwithstanding any state or federal law to the contrary, the Litigation Trustee (including any successor trustee) shall be exempt from giving any bond or other security in any jurisdiction.

12.12  <u>Effectiveness</u>.

This Litigation Trust Agreement shall become effective on the Effective Date.

12.13  <u>Investment Company Act</u>.

This Litigation Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the Litigation Trust does not and will not hold itself out as, an "investment company" or an entity "controlled" by an "investment company" as such terms are defined in the Investment Company Act.

12.14  <u>Successor and Assigns</u>.

This Litigation Trust Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns to the extent permitted by this Litigation Trust Agreement.

Tab 3 - Litigation Trust Agreement.DOC                    40

12.15 Particular Words.

Reference in this Litigation Trust Agreement to any Section or Article is, unless otherwise specified, to that such Section or Article under this Litigation Trust Agreement. The words "hereof," "herein," "herein," and similar terms shall refer to this Litigation Trust Agreement and not to any particular Section or Article of this Litigation Trust Agreement.

12.16 No Execution.

All funds in the Litigation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to for the benefit of a holder of a Secured Working Capital Lender Claim or a holder of a Litigation Trust Interest, and no holder of a Secured Working Capital Lender Claim or holder of a Litigation Trust Interest or any other Person or Entity can execute upon, garnish or attach the assets of the Litigation Trust in any manner or compel payment from the Litigation Trust except by an order of the Bankruptcy Court. Distributions from the Litigation Trust will be governed solely by the Plan and this Litigation Trust Agreement.

12.17 Irrevocability.

The Litigation Trust is irrevocable but is subject to amendment and waiver as provided for in this Litigation Trust Agreement.

ARTICLE 13

LITIGATION TRUST FUNDS OBLIGATIONS

13.1 Grant of Lien.

As security for the obligation of the Litigation Trust (and the Litigation Trustee) to pay the Litigation Trust Funds (including any fees, costs or interest incurred in connection therewith, collectively, the "**Litigation Trust Funds Obligations**") to the holders of the Secured Working Capital Lender Claims (and/or to the Prepetition Administrative Agent on their behalf), the Litigation Trust (and the Litigation Trustee) hereby grant to the Secured Working Capital Lender Agent (as hereinafter defined), for the benefit of the holders of the Secured Working Capital Lender Claims, a continuing security interest in, Lien on, pledge of, collateral assignment of, and right of setoff against, all of the following property and assets of the Litigation Trust, whether now owned or existing or hereafter acquired or arising, regardless of where located (collectively, the "**Secured Working Capital Lender Claim Collateral**"): (a) all of the Litigation Trust Assets (including, without limitation, the commercial tort claims (as defined in the Uniform Commercial Code as from time to time in effect in the State of New York (the "**UCC**")) described on Schedule 3 hereto and on any supplement thereto received by the Secured Working Capital Lender Agent pursuant to Section 13.3 of this Litigation Trust Agreement, (b) any Litigation Trust Proceeds and (c) to the extent not included in the foregoing, all income and proceeds of any and all of the foregoing. For the purposes hereof, the "**Secured Working Capital Lender Agent**" means Bank of

Tab 3 - Litigation Trust Agreement.DOC                41

America, N.A., in its capacity as administrative agent under the Prepetition Credit Agreement. For the avoidance of doubt, the parties hereto agree and acknowledge that the Secured Working Capital Lender Agent shall be entitled to all of the rights afforded the "Administrative Agent" under and pursuant to the terms of the Prepetition Credit Agreement, including, without limitation, the right to withhold from any Litigation Trust Funds Obligations paid to it hereunder that portion of the Litigation Trust Funds Obligations constituting fees, indemnities, expenses and other amounts payable to the Secured Working Capital Lender Agent in its capacity as such.

13.2    Perfection of Lien.

The Litigation Trust (and the Litigation Trustee) each agrees from time to time, at the expense of the Litigation Trust, promptly to execute and deliver all further instruments and documents, and to take all further actions, that may be necessary or desirable, or that the Secured Working Capital Lender Agent may reasonably request, to perfect, protect or more fully evidence the security interest, Lien, pledge, collateral assignment and right of setoff granted under Section 13.1 of this Litigation Trust Agreement, or to enable the holders of the Secured Working Capital Lender Claims or the Secured Working Capital Lender Agent to exercise and enforce their respective rights and remedies under this Litigation Trust Agreement. The Litigation Trust (and the Litigation Trustee) authorizes the Secured Working Capital Lender Agent to file financing or continuation statements, and amendments thereto and assignments thereof, relating to the Secured Working Capital Lender Claim Collateral.

13.3    Commercial Tort Claims.

The Litigation Trust (and the Litigation Trustee) each agrees that, if it shall acquire any interest in any commercial tort claim (whether from another Person or Entity or because such commercial tort claim shall have come into existence), (a) the Litigation Trust (and the Litigation Trustee) shall, immediately upon such acquisition, deliver to the Secured Working Capital Lender Agent, in each case in form and substance reasonably satisfactory to the Secured Working Capital Lender Agent, a notice of the existence and nature of such commercial tort claim and a supplement to Schedule 3 containing a specific description of such commercial tort claim, (b) Section 13.1 of this Litigation Trust Agreement shall apply to such commercial tort claim and (c) the Litigation Trust (and the Litigation Trustee) shall execute and deliver to the Secured Working Capital Lender Agent, in each case in form and substance satisfactory to the Secured Working Capital Lender Agent, any document, and take all other action, deemed by the Secured Working Capital Lender Agent to be reasonably necessary or appropriate for the Secured Working Capital Lender Agent to obtain, on behalf of the holders of the Secured Working Capital Lender Claims, a continuing security interest in, Lien on, pledge of, collateral assignment of, and right of setoff against, all such commercial tort claims. Any supplement to Schedule 3 delivered pursuant to this Section 13.3 shall, after the receipt thereof by the Secured Working Capital Lender Agent, become part of Schedule 3 for all purposes of this Litigation Trust Agreement.

Tab 3 - Litigation Trust Agreement.DOC                    42

13.4 <u>Remedies</u>.

Upon the failure of the Litigation Trust (and/or the Litigation Trustee) to pay the Litigation Trust Funds Obligations to the holders of the Secured Working Capital Lender Claims when the same shall be due and payable hereunder, the holders of the Secured Working Capital Lender Claims and the Secured Working Capital Lender Agent, in addition to the other rights and remedies which they may have under this Litigation Trust Agreement, may file a motion with the Bankruptcy Court, upon notice and hearing, to enforce the provisions of this Litigation Trust Agreement.

13.5 <u>Termination of Lien</u>.

At the time that the Litigation Trust Funds Obligations shall have been paid in full to the holders of the Secured Working Capital Lender Claims, the Secured Working Capital Lender Claim Collateral shall be released from the security interest and Lien created hereby and all obligations with respect thereto shall terminate, all without delivery of any instrument or performance of any act by any party, and all rights to the Secured Working Capital Lender Claim Collateral shall, subject to the terms of this Litigation Trust Agreement, revert to the Litigation Trust. The Litigation Trust is hereby authorized to file UCC amendments at such time evidencing the termination of the security interest and Lien so released. At the request of the Litigation Trust following any such termination, the Secured Working Capital Lender Agent shall deliver to the Litigation Trust without recourse and without representation or warranty any Secured Working Capital Lender Claim Collateral held by the Secured Working Capital Lender Agent hereunder and execute and deliver to the Litigation Trust, at the Litigation Trust's expense, such documents as the Litigation Trust shall reasonably request to evidence such termination.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Tab 3 - Litigation Trust Agreement.DOC                    43

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**DEBTORS AND REORGANIZED DEBTORS**

SEMGROUP CORPORATION (f/k/a SEMGROUP FINANCE CORP.)
SEMCRUDE, L.P.
CHEMICAL PETROLEUM EXCHANGE, INCORPORATED
EAGLWING, L.P.
GRAYSON PIPELINE, L.L.C.
GREYHAWK GAS STORAGE COMPANY, L.L.C.
K.C. ASPHALT L.L.C.
SEMCANADA II, L.P.
SEMCANADA L.P.
SEMCRUDE PIPELINE, L.L.C.
SEMFUEL TRANSPORT LLC
SEMFUEL, L.P.
SEMGAS GATHERING LLC
SEMGAS STORAGE, L.L.C.
SEMGAS, L.P.
SEMGROUP ASIA, L.L.C.
SEMGROUP, L.P.
SEMKAN, L.L.C.
SEMMANAGEMENT, L.L.C.
SEMMATERIALS VIETNAM, L.L.C.
SEMMATERIALS, L.P.
SEMOPERATING G.P., L.L.C.
SEMSTREAM, L.P.
SEMTRUCKING, L.P.
STEUBEN DEVELOPMENT COMPANY, L.L.C.
SEMCAP, L.L.C.

By: _____
    Name:
    Title:

Tab 3 - Litigation Trust Agreement.DOC

**LITIGATION TRUSTEE:**

By: _____
      Name:
      Title:


Solely for purposes of Section 1.2 of this Litigation Trust Agreement:

**CREDITORS' COMMITTEE**

By: _____
      Name:
      Title:

Tab 3 - Litigation Trust Agreement.DOC

# Index of Defined Terms

| Term | Location |
|---|---|
| Cause | Section 4.9(c) |
| Covered Person | Section 12.10 |
| Debtor or Debtors | Introduction |
| De Minimis Claim or Cause of Action | Section 3.12(b) |
| Effective Date | Section 1.1(b) |
| Exchange Act | Section 2.4 |
| Indemnified Persons | Section 7.1(a) |
| Information | Section 12.10 |
| Interim Trustee | Section 3.5(g) |
| Investment Company Act | Section 2.4 |
| Judgment Amount | Section 8.3 |
| Litigation Trust | Introduction |
| Litigation Trust Agreement | Introduction |
| Litigation Trust Beneficiary or Litigation Trust Beneficiaries | Recitals |
| Litigation Trust Board | Section 4.1(a) |
| Litigation Trustee | Section 1.1(b) |
| Litigation Trust Funds Obligations | Section 13.1 |
| Litigation Trust Proceeds | Section 3.1 |
| Original Trustee | Introduction |
| Plan | Introduction |
| Privileges | Section 1.2(a) |
| Registrar | Section 2.5(b) |
| Reorganized Debtor or Reorganized Debtors | Introduction |
| SEC | Section 2.4 |
| Secured Working Capital Lender Agent | Section 13.1 |
| Secured Working Capital Lender Claim Collateral | Section 13.1 |
| Transfer | Section 2.5(a) |
| Trust Register | Section 2.5(c) |
| UCC | Section 13.1 |
| Valid Setoff | Section 8.3 |

Tab 3 - Litigation Trust Agreement.DOC

## Litigation Trust Claims

Tab 3 - Litigation Trust Agreement.DOC

## Commercial Tort Claims

Tab 3 - Litigation Trust Agreement.DOC