# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEMCRUDE, L.P., et al., | : | Case No. 08-11525 (BLS) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Objection Deadline: Jan. 14, 2010 - 4:00 p.m. EST |
| | : | Hearing Date: January 21, 2010 - 10:00 a.m. EST |

## LIMITED RESPONSE OF JAYHAWK ENERGY, INC. TO THE PRODUCER REPRESENTATIVE'S SECOND SUBSTANTIVE OMNIBUS OBJECTION TO FIRST PURCHASER PRODUCER TWENTY DAY CLAIMS (DOCKET NO. 6818)

JayHawk Energy, Inc. ("JayHawk") hereby files this limited response (the "Response") to the Producer Representatives' Second Substantive Omnibus Objection to First Purchaser Producer Twenty Day Claims filed on December 16, 2009 [Docket No. 6818](the "Objection"). In support of its limited response and opposition, JayHawk respectfully states as follows:

## BACKGROUND

1. JayHawk has filed a claim pursuant to United States Bankruptcy Code Section 503(b)(9) in the amount of $213,871.00 (the "JayHawk Section 503(b)(9) claim") against SemCrude (Claim No. 1512). A true and correct copy of the Proof of Claim is attached hereto as Exhibit "A". JayHawk has, additionally, filed a general unsecured claim in the amount of $190,630.00 (the "JayHawk General Claim") against SemCrude (Claim No. 1513). A true and correct copy of the Proof of Claim is attached hereto as Exhibit "B". Both Proofs of Claim evidencing the JayHawk Section 503 (b)(9) claim and the JayHawk general claim are confirmed by the Kurtzman Carson Consultants (the "Claims Agent") website dedicated to the Debtors' Chapter 11 cases (the "website") and the JayHawk Section 503(b)(9) claim is further confirmed by the Debtors' own 503(b)(9) notices (as defined below).

2. The claim objection references both claim numbers, 1512 and 1513, yet, purports to limit JayHawk's claim to the sum of $213,871.00. In the event the relief requested by the producer representative is granted, then it should in no way affect the JayHawk General Claim, which was properly filed, in the amount of $190,630.00, <u>in addition to</u> the JayHawk Section 503(b)(9) claim.

3. JayHawk is the operating producer of five (5) oil wells in North Dakota. The JayHawk § 503(b)(9) Claim (Claim No. 1512) arises from sales of oil to SemCrude in the ordinary course of business within the 20 day period preceding the filing of the bankruptcy case.

4. By its Order entered January 8, 2009, the Court set March 3, 2009, as a bar date for parties to file proofs of claim asserting a right to receive administrative expense payments for the value of any goods sold to the Debtors in the ordinary course of the respective Debtor's business and received by the respective Debtor within 20 days before the commencement of the case, as provided by Bankruptcy Code Section 503(b)(9) (the "Twenty Day Claims"). See *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Section 503(b)(9) of the Bankruptcy Code Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 2746] (the "Bar Date Order"). Several thousand parties asserting Twenty Day Claims (the "Claimants"), including JayHawk, filed such proofs of claim.

5. Thereafter, the Debtors attempted to reconcile the Claimants' proofs of claim with the Debtors' own schedules of claims, and the results of that effort were listed in a *Notice of Filing of 503(b)(9) Notices*, filed on July 17, 2009 [D.I. 4660] (the "503(b)(9) Notices"). In the 503(b)(9) Notices, the Debtors determined JayHawk's claims to be valid in their entirety and represented that there was no dispute. See, [D.I. 4660] at Exhibit 3, page 14 of 35.

6. The *Amended Schedules*, filed on August 13, 2009 [D.I. 5212] (the "Amended Schedules"), list both JayHawk claims as "Disputed" although such claims were not so labeled in previously filed SemCrude schedules.[1]

7. On or about September 18, 2009, JayHawk filed a reservation of rights, [D.I. 5687] asserting that it had properly filed a Section 503(b)(9) claim, as well as a General Claim, and should not be obligated to file additional, duplicative Proofs of Claim in response to multiple amendments of schedules by the Debtor. Moreover, JayHawk reserved all of its rights in connection with the 20 day claims and the amended schedules.

8. The Producer Representatives' Second Substantive Omnibus Objection seeks to combine JayHawk's properly filed Proofs of Claim and limit <u>both</u> claims to the sum of $213,871.00. Such a result is inconsistent with the claims filed by JayHawk. There is no reasonable factual or legal basis for eliminating the JayHawk General Claim in the amount of $190,630.00, in addition to the JayHawk 503(b)(9) claim.

9. A distribution of $299,701.41 was scheduled as the 20 day claim amount for JayHawk, pursuant to Schedule 1 of the Fourth Amended Plan, attached hereto as Exhibit "C". The amount noted on Schedule 1 represented the scheduled distribution for all amounts due to <u>all</u> interest owners in the JayHawk operated wells, not just those included in JayHawk's Proof of Claim. It appears that the Schedule 1 amount listed on the Debtors' Plan was inclusive of the interest of Samson Resources Company ("Samson").

10. JayHawk's Proof of Claim did not include Samson's 20 day amount on JayHawk operated wells, nor did it include amounts for two other interest owners, the State of North Dakata and Paul Schutz. See Proof of Claim attached as Exhibit " A". Therefore, the amount

---

[1] Previous SemCrude schedules were filed on October 20, 2008 [D.I. 1805], October 30, 2008, [D.I. 1926], January 16, 2009 [D.I. 2821] and January 26, 2009 [D.I. 2902].

$299,701.47 identified on Schedule 1 (Exhibit "C"), is inclusive of Samson's 20 day claim, in the amount of $71,900.00, and is inclusive of amounts Samson paid to the State of North Dakota, for royalties for the months of June, 2008 and July, 2008 which Samson paid to the State of North Dakota, in the amount of $3,618.38 (for production sold within 20 days of the Petition Date). Samson paid to the State of North Dakota royalties in the total amount of $6,417.38 in the JayHawk operated wells, for the months of June, 2008 and July, 2008.

11. Upon information and belief, Samson has contacted Dan Lain, the Producer Representative appointed under the confirmed Fourth Amended Joint Plan, and the Producer Representative agrees to make a distribution in the amount of $224,183.09, directed to JayHawk, in satisfaction of the JayHawk Section 503(b)(9) claim against SemCrude and, further, agrees to distribute directly to Samson Resources Company, the amount of $75,518.38, representing Samson's 20 day claim, for its working interest share of production from the JayHawk operated wells, and reimbursement of the sum of $3,618.38, for royalties and taxes Samson paid to the State of North Dakota, for the months of June, 2008 and July, 2008, on or about February 6, 2009. By filing this Limited Response, JayHawk requests confirmation of the foregoing proposed distribution.

12. Pursuant to the Notice of Second Substantive Omnibus Objection, any reply to JayHawk's response may be directed to its undersigned counsel.

13. The name, address and telephone number of the person possessing final authority to reconcile, settle or otherwise resolve the claim on behalf of the Claimant JayHawk is: Lindsay Gorrill, 6240 E. Seltice Way, Suite C, Post Falls, Idaho 83854, telephone numbers (208) 755-6989 (cell) and (208) 667-1328 (office).

## **RESERVATION OF RIGHTS**

14. Furthermore, JayHawk reserves *inter alia* : (i) any and all real defenses; (ii) any and all equitable defenses; and (iii) any other rights, equitable or otherwise, in relation to the reconciliation and adjudication of the Twenty Day Claims and the Amended Schedules, generally.

Dated: 1/13/10

TYBOUT, REDFEARN AND PELL

By: _____
Sherry Ruggiero Fallon (#2464)
750 Shipyard Drive, Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092
Telephone: (302)658-6901
Telecopy: (302)658-4018
E-mail: sfallon@trplaw.com

Attorneys for JayHawk Energy, Inc.