# Exhibit A

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor: SEMCRUDE, L.P. | Case Number: 08-11525 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**JayHawk Energy, Inc. (see attached addendum)**

Name and address where notices should be sent:
Sara L. Abner
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

Telephone number: 502-589-5400

Name and address where payment should be sent (if different from above):
JayHawk Energy, Inc.
Attn: Lindsay Gorrill, President & CEO
6240 E. Seltice Way, Suite C
Post Falls, Idaho 83854
Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **213,871.00 (see attached addendum)**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: **11 U.S.C. §503(b)(9) (see attached addendum)**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **17158**

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:

   Value of Property: $_____  Annual Interest Rate ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____  Basis for perfection: _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 11/14/08

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
THOMAS L. KYMAN   *Thomas L. Kyman CFO*

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ADDENDUM TO JAYHAWK ENERGY, INC.'S
## PROOF OF CLAIM (§ 503(b)(9) CLAIM)

This Addendum is part of and is incorporated into the Proof of Claim filed on behalf of JayHawk Energy, Inc. ("JayHawk") in the SemCrude, L.P. ("SemCrude"), et al. Chapter 11 Bankruptcy Case No. 08-11525 (the "Bankruptcy Case"). JayHawk is the operating producer of the following five (5) oil wells located in North Dakota: (1) Schultz 5-26H (Well No. 3000331687); (2) Erikson (Well No. 3000331688); (3) Kearney 4-25H (Well No. 3000331689); (4) Burner 1-34H (Well No. 3000331725); and (5) Landstorm 1-33H (Well No. 3000331732) (collectively, the "JayHawk Wells"). JayHawk files this Proof of Claim on behalf of itself, as the operating producer of the JayHawk Wells, and on behalf of a group of the land royalty interest owners,[1] override interest owners[2] and working interest owners[3] with interest rights with respect to the JayHawk Wells (collectively, the "Claimants"). JayHawk gave each of the interest owners the option of having their respective claims included in this Proof of Claim or opting out of participation in this Proof of Claim. The State of North Dakota and Paul Schutz have opted out. They will each, instead, retain their own counsel and will separately pursue their respective claims separate and independent from this Proof of Claim. JayHawk was unable reach Samson, as Samson is no longer at the last address known to JayHawk. Accordingly, as JayHawk has been unable to communicate with Samson regarding this Claim, it is not included in this Proof of Claim, either, and will presumable pursue its claim separate and independent from this Proof of Claim.

The following provides: (1) the basis of the claim; (2) documentary support for the claim; and (3) a general reservation of rights.

I. ADDENDUM TO PROOF OF CLAIM INFORMATION:

A. BASIS FOR CLAIM: SemCrude purchased oil from JayHawk, produced from the JayHawk Wells, prior to the filing of the Bankruptcy Case. The claim asserted by this Proof of Claim is for the value of oil sold to SemCrude from JayHawk within the twenty (20) day period preceding the filing of the Bankruptcy Case. The oil was sold to SemCrude in the ordinary course of SemCrude's business. The deliveries remained unpaid at the time of the filing of the Bankruptcy Case and continue to remain unpaid post-bankruptcy. The claim is entitled to Administrative Expense Priority status pursuant to 11 U.S.C. § 503(b)(9).

---

[1] Fern Schutz, Nodana Petroleum, Carole C. Jenks, Frank Montgomery, Steve Montgomery, Janice Carolyn Thurmond, Frances Julia Walter, Truax Investment Co, Julia Pederson, Gail Kiehmeyer, Svangstu Family Trust, Robert Svangstu, Marlene Anderson, Jodet Patton, Cindy B. Anderson, Inland Oil & Gas Corp, Jack W. Paris, Mark Fliginger, David James Anderson, Mary Bordian, Nancy Silesky, Walter Silesky, Darlene Hingst, Palmer & Janet Landstrom. While the State of North Dakota and Paul Schutz are also royalty interest owners, their claims are not included in this Proof of Claim.
[2] Jayhawk, Northern Energy Corp, Steve & Connie Armstrong, Landmark Oil &Gas, DPX Inc, Cade Oil & Gas LLC, Atomic Oil and Gas LLC, Aurora Oil & Gas LLC.
[3] WHC Exploration LLC, Jayhawk, Northern Energy Corp., John H. Holt Oil Properties Inc. While Samson is also a working interest owner, its claim is not included in this Proof of Claim.

SemCrude has listed the claims included in this Proof of Claim in Exhibit F-2 of its Schedules and Amended Schedules (the "SemCrude Schedules"). We note that in a few instances, there were minimal differences between the amounts due shown on the SemCrude Schedules and on JayHawk's records. In each instance, for purposes of this Claim, we have adopted the amounts set forth on the SemCrude Schedules.

Additionally, with regard to three of the Claimants, Exhibit F-2 to the SemCrude Schedules erroneously classifies some entries of amounts due with respect to oil wells operated by operators other than JayHawk as amounts due with respect to JayHawk Wells. In those instances, the oil well number listed on Exhibit F-2 is not a JayHawk Well number. For each of those incorrect designations, the claim amounts shown for the JayHawk Wells inaccurately includes amounts attributable to other wells not operated by JayHawk. We have, therefore, removed those amounts from this Proof of Claim. Please see the attached spreadsheet which sets forth where the adjustments have been made in this Proof of Claim to remove amounts for oil sold from oil wells which were inaccurately characterized as JayHawk Wells on Exhibit F-2 of the SemCrude Schedules.

The amounts owed to each Claimant are as follows:

| **CLAIMANT** | **AMOUNT** |
|---|---|
| Atomic Oil and Gas LLC | $52.00 |
| Aurora Oil & Gas LLC | $30.00 |
| Cade Oil & Gas LLC | $52.00 |
| Carole C. Jenks | $6,106.00 |
| Cindy B. Anderson | $563.00 |
| Darlene S. Hingst | $662.00 |
| David James Anderson | $563.00 |
| DPX Inc. | $5,071.00 |
| Fern Schutz | $5,055.00 |
| Frances Julia Walter | $326.00 |
| Frank Montgomery | $326.00 |
| Gail Kielmeyer | $662.00 |
| Inland Oil & Gas Corp. | $331.00 |
| Jack W. Paris | $166.00 |
| Janice Carolyn Thurmond | $326.00 |
| JayHawk | $163,370.00 |
| Jodet Patton | $563.00 |
| John H. Holt Oil Properties Inc. | $174.00 |
| Julia F. Pederson | $248.00 |
| Landmark Oil & Gas | $2,536.00 |
| Mark Fliginger | $166.00 |
| Marlene H. Anderson | $960.00 |
| Mary Bordian | $883.00 |
| Nancy Silesky | $883.00 |
| Nodana Petroleum | $491.00 |
| Northern Energy Corp. | $7,220.00 |

| | |
|---|---:|
| Palmer & Janet Landstrom | $5,293.00 |
| Robert Svangstu | $166.00 |
| Steve &Connie Armstrong | $712.00 |
| Steve Montgomery | $326.00 |
| Svangstu Family Trust | $166.00 |
| Truax Investment Co. | $4,433.00 |
| Walter Silesky | $883.00 |
| WHC Exploration LLC | $4,107.00 |
| **Total** | **$213,871.00** |

Upon receipt of a distribution on this Proof of Claim, JayHawk will distribute the amounts received to each of the Claimants in the respective proportion to which each Claimant is entitled.

JayHawk will be simultaneously filing a separate Proof of Claim for the value of oil JayHawk sold to SemCrude during periods prior to the twenty (20) day period preceding the filing of the Bankruptcy Case which remain unpaid.

II. SUPPORTING DOCUMENTATION: JayHawk relies upon the SemCrude Schedules in support of this Proof of Claim. Accordingly, it has filed no additional supporting documentation, but would be willing to do so upon request, in the event SemCrude needs information in addition to that which is contained in its Schedules.

III. RESERVATION OF RIGHTS: The Claimants hereby reserve their right to amend and/or supplement this Proof of Claim.

| Name of Interest Owner | Section 503(b)(9) Claims | Explanation for Adjustment from Exhibit F-2 |
|---|---|---|
| Atomic Oil and Gas LLC | $52 | |
| Aurora Oil & Gas LLC | $30 | |
| Cade Oil & Gas LLC | $52 | |
| Carole C Jenks | $6,106 | |
| Cindy B. Anderson | $563 | |
| Darlene Hingst | $662 | |
| David James Anderson | $563 | |
| DPX Inc | $5,071 | |
| Fern Schutz | $5,055 | |
| Frances Julia Walter | $326 | |
| Frank Montgomery | $326 | |
| Gail Kielmeyer | $662 | |
| Inland Oil & Gas Corp | $331 | |
| Jack W Paris | $166 | |
| Janice Carolyn Thurmond | $326 | |
| Jayhawk Energy | $163,370 | |
| Jodet Patton | $563 | |
| John H Holt Oil Properties Inc. | $174 | |
| Julia Pederson | $248 | |
| Landmark Oil & Gas | $2,536 | Well # 3000331765, 3000331766, 3000331769, 3000331770, 3000331773, 3000331774, 3000331777, 3000331778, 3000331779 are not operated by JayHawk |
| Mark Fliginger | $166 | |
| Marlene Anderson | $960 | |
| Mary Bordian | $883 | |
| Nancy Silesky | $883 | |
| Nodana Petroleum | $491 | |

| | | |
|---|---|---|
| Northern Energy Corp | $7,220 | Well # 3000331765, 3000331766, 3000331767, 3000331768, 3000331769, 3000331770, 3000331771, 3000331772, 3000331773, 3000331774, 3000331775, 3000331777, 3000331778, 3000331779 are not operated by JayHawk |
| Palmer & Janet Landstrom | $5,293 | |
| Robert Svangstu | $166 | |
| Steve & Connie Armstrong | $712 | |
| Steve Montgomery | $326 | |
| Svangstu Family Trust | $166 | |
| Truax Investment Co | $4,433 | |
| Walter Silesky | $683 | |
| WHC Exploration LLC | $4,107 | Well # 3000331766, 3000331767, 3000331768, 3000331769, 3000331770, 3000331771, 3000331772, 3000331773, 3000331774, 3000331775 are not operated by JayHawk |
| Totals | $213,871 | |