IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEMCRUDE, L.P., et al., | ) | No. 08-11525 (BLS) |
| | ) | Jointly Administered |
| Debtors | ) | |

| | | |
|---|---|---|
| | ) | |
| BETTINA M. WHYTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 09-50189 (BLS) |
| | ) | |
| THOMAS KIVISTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PRICEWATERHOUSECOOPERS LLP'S SURREPLY IN OPPOSITION TO THE PROPOSED CONTRIBUTION BAR IN THE PROPOSED SETTLEMENT**

PwC has established, both in its objection filed on September 29, 2010 (Docket #224) and at the hearing held on September 30, 2010, that the Court should not enter the proposed contribution bar in paragraphs 5 and 7 of the proposed order. As currently written, the bar would bind non-parties to this litigation, including PwC. This would violate fundamental due process principles. PwC files this short surreply only to address the new arguments and precedent raised in the Trustee and the defendants' reply brief.

### Argument

1.  *First*, the reply brief argues that PwC's due process rights have been satisfied because "PwC has had an opportunity to be heard." (Reply at 2) In support of this contention, it cites a single decision of a California state court, *Britz, Inc. v. Dow Chemical Co.*, 73 Cal. App.

1

#13283444 v1

4th 177 (Cal. Ct. App. 1999). This decision does not support the point. In *Britz*, the court applied the substantive law of contribution—there, a California state statute barring contribution actions after settlement. It did not enter an order changing any non-party's rights to contribution. *Id.* at 182 ("Thus, section 877, as interpreted by the Supreme Court—not the San Francisco Superior Court—deprived Britz of the right to seek indemnity from the manufacturers once they settled in good faith."). Thus, PwC's point stands: Every court to have considered the issue has determined that the settlement of a lawsuit cannot be used to bind the rights of non-parties. The Trustee and the defendants have not cited a single decision that disagrees with these authorities.[1]

2.  Further, unlike the objecting party in *Britz*, who was a party to the lawsuit in question and participated in the hearing on the good faith of the settlement, PwC did not do so here. Rather, as explained at the hearing, PwC lodged its objection and appeared before the Court for the limited purpose of explaining that the Court should not issue the proposed order. As a non-party to this lawsuit, PwC was not permitted to participate in document discovery, deposition discovery, the discussions that the Trustee has reportedly had with the defendants about their net worth, or the analyses by the parties as to why it is fair that the Trustee is accepting $10 million less than the defendants' insurance coverage (in exchange for the defendants' agreement to assist the Trustee in pursuing the deep-pocket PwC). Thus, PwC cannot take a position on the fairness of the proposed settlement, including the fairness of the proposed contribution bar, because it lacks the information with which to do so. PwC's lack of ability to evaluate the fairness of the settlement is precisely why its rights should not be

---

[1] This distinguishes *In re Silicone Gel Breast Implant Products Liability Litig.*, 1994 WL 578353, at *18 (N.D. Ala. 1994) (cited at Reply 8), which did not consider the court's power to bind non-parties, only whether it was fair to do so in that particular circumstance.

#13283444 v1

adjudicated by this Court. Rather, PwC's contribution rights should be determined only when the issue is ripe—at the conclusion of the Oklahoma case the Trustee has brought against PwC.[2]

3. The argument that there is no due process issue because the proposed contribution bar does not alter Oklahoma law (Reply at 2-3) lacks credibility for two reasons. First, if there were no difference between Oklahoma law and the contribution bar, there would be no need for the Trustee and the defendants to press the issue. Plainly, the defendants are seeking the bar to remove uncertainty as to whether their interpretation of Oklahoma law is correct. That the uncertainty exists demonstrates that the bar would affect PwC's rights. Thus, application of Oklahoma's law regarding contribution to any claim by PwC should await the development of the particular record that will be made in the Oklahoma litigation. It should not be done through an advisory opinion here, especially with no discovery or trial record. Second, even if the reply brief were correct about the current state of Oklahoma law, that would not support the proposed bar because Oklahoma law could change before PwC's contribution action becomes ripe—the Oklahoma Legislature could change the statute or courts could interpret the statute or the common law differently. Affixing PwC's future contribution rights now would deprive PwC of the benefit of any future changes in Oklahoma law.

4. Put simply, if the Trustee and the defendants' position is that the language in the proposed order makes no substantive difference to PwC's rights, then there is simply no reason to order it. This is particularly true where, in order to bind PwC, the Court would need to

---

[2] The reply brief additionally argues that the "adversarial relationship between the parties and the court's involvement further serve to protect PwC's rights." (Reply at 5 n.3) This is nonsensical. The parties to the settlement have struck a deal that affects rights other than their own and now have banded together to defend it. Their relationship as to the contribution bar is not adversarial. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621-22 (1997) (a settlement is "a bargain proffered for [court] approval without benefit of adversarial investigation"); *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1200 (9th Cir. 2007) (same); *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005) (noting that the court was "deprived of an adversarial setting" in which to determine the validity of a forum selection clause where the parties had a "common concern in the settlement").

address a serious constitutional concern that could be avoided by not entering the contribution bar language that the Trustee and the defendants say is meaningless anyway. "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable." *Spector Motor Service v. McLaughlin,* 323 U.S. 101, 105 (1944); *Ashwander v. TVA,* 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.")).

5.   *Second*, the parties' reply brief argues that "numerous contribution bar statutes" exist, which proves that contribution bars are permissible. (Reply at 5) This position confuses the substantive law of contribution with the question whether courts can *override* that substantive law in individual cases. The reply brief cites an Oklahoma contribution statute (already cited in PwC's initial objection), the Uniform Contribution Among Tortfeasors Act, the Private Securities Litigation Reform Act, and other state contribution statutes. (*Id.* at 5-6) These are all instances where legislatures addressed the substantive issue whether to permit contribution claims as a right of action.[3] They are definitively *not* examples of courts altering these rights in an individual lawsuit. Thus, the statutes cited in the reply brief are not relevant to the question presented here.[4]

---

[3] The description of the PSLRA in the reply brief is particularly significant. At oral argument, counsel for the Trustee represented to the Court that the PSLRA grants courts discretion to decide whether to enter a contribution bar. (*See* 9/30/10 Tr. at 46 ("But what Congress said in that instance is courts *can* do it." (emphasis added)) The reply brief now concedes (implicitly) that PwC's explanation of the statute as a substantive rule that contribution actions are not permitted in securities cases was accurate. (Reply at 6 (quoting from the PSLRA: "Upon entry of the settlement by the court, the court *shall enter a bar order*") (emphasis in reply brief)) The PSLRA's contribution bar is mandatory; it is a substantive rule prescribing whether parties have contribution rights after a settlement. Its rule does not undermine PwC's point here.

[4] For that reason, the reply brief's argument that "[t]o uphold PwC's objection in this arena would require reasoning that the analogous contribution framework of the PSLRA, which has been applied in countless cases, is unconstitutional" is incorrect. (Reply at 9) Likewise, the *Rohm & Haas Co.* decision cited in the reply is inapt

4

#13283444 v1

6.  *Third*, the reply brief cites a string of decisions that it contends prove that orders like the one here have been entered by "[n]umerous other courts." (Reply at 7-8) None of these decisions is applicable, for two reasons:

7.  First, many of the decisions that the reply brief cites entered contribution bars in cases where contribution bars are *mandatory*, such as the Private Securities Litigation Reform Act (see *supra* ¶ 5). (Reply at 7-8 (citing *In re Parmalat Sec. Litig.*, No. 04 MD 1653 (S.D.N.Y.) (PSLRA); *Cuevas v. Atlas Realty/Fin. Servs.*, 2008 WL 2699974, at *1 (N.D. Cal. 2008) (Cal. Code of Civ. Pro. § 887.6); *Ameripride Services, Inc. v. Valley Indust. Services, Inc.*, 2007 WL 1946635, at *3-4 (E.D. Cal. 2007) (CERCLA and Cal. Code of Civ. Pro. § 887.6); *In re IBP Inc. Sec. Litig.*, 328 F. Supp. 2d 1056, 1066 (D.S.D. 2004) (PSLRA); *Colorado Sch. of Mines v. AK Steel Corp.*, 2001 WL34041780, at *3 (D. Colo. 2001) (CERCLA))[5] Plainly these decisions are not authority for the proposition that courts are free to alter contribution laws.

8.  Second, many of the decisions were situations where a contribution bar affecting non-parties was entered, but no one objected to it so the courts did not consider whether such an order was proper. (Reply at 7-8 (citing *In re Healthsouth Corp. Sec. Litig.*, 572 F.3d 854, 856 (11th Cir. 2009); *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 494 (11th Cir. 1992); *Cuevas*, 2008 WL 2699974, at *1; *Ameripride Services, Inc.*, 2007 WL 1946635, at *3-4; *In re IBP Securities Litig.*, 328 F. Supp. 2d at 1057; *Colorado Sch. of Mines*, 2001 WL34041780, at *3; *BP Amoco*

---

because it held only that Congress's refusal to allow contribution claims under the Comprehensive Environmental Response, Compensation, and Liability Act was constitutional, not that courts could *alter* the contribution regime set out by Congress in that Act. *See United States v. Rohm & Haas Co.*, 721 F. Supp. 666, 700 n.41 (D.N.J. 1989) (cited at Reply 9-10).

[5] Additionally, the *BP Amoco Oil* decision applied to non-settling parties *to the same litigation. See United States v. BP Amoco Oil*, 2000 WL 35503251 (S.D. Iowa 2000) ("CERCLA's contribution bar could not deprive *the nonsettling PRPs* of any constitutionally protected interest") (emphasis added). And the objector in *Davis v. Coopers & Lybrand*, 1994 WL 325783 (N.D. Ill. 1994) (cited at Reply 8) was not a party to the litigation, but rather to a bankruptcy case brought by the same plaintiffs before the same judge. Thus, the court held that "[t]here is no reason that the estate should not be subject to the same limitations on seeking contribution or indemnity as any nonsettling defendant." *Id.* at *3.

#13283444 v1

*Oil*, 2000 WL 35503251, at *4; *McAteer v. Parr Contracting Co.*, 2009 WL 1332091, at *1-2 (Cal. Ct. App. 2009); *Troyer v. Adams*, 77 P.3d 83, 85-86 (Haw. 2003)) These decisions are not persuasive (and certainly not binding) authority that an order affecting a non-party's rights is permissible—particularly in the face of the well-reasoned and directly on-point authority cited by PwC, to which the reply brief's only response is that those decisions "misapplied" Supreme Court precedent. (Reply at 9) The Trustee and the defendants' failure to cite any decisions disagreeing with these decisions speaks volumes.

## Conclusion

In sum, PwC respectfully requests that the Court deny the motion to approve the settlement with regard to proposed contribution bar in paragraphs 5 and 7 of the proposed order.

Dated: October 8, 2010

Respectfully submitted,

*/s/ James C. Carignan*
David B. Stratton (No. 960)
James C. Carignan (No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, Delaware 19899
(302) 777-6500
(302) 421-8390 (fax)

-and-

Emily Nicklin, P.C. (admitted pro hac vice)
Gabor Balassa, P.C. (admitted pro hac vice)
Joshua Z. Rabinovitz (pro hac pending)
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200 (facsimile)

*Counsel for Non-Party
PricewaterhouseCoopers LLP*

#13283444 v1