IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : |
| SEMCRUDE, L.P., et al., | : Bankr. Case Nos. 08-11525-BLS |
| | : |
| Debtors. | : AP No. 09-92 |
| | : |
| LUKE OIL COMPANY, C&S OIL/CROSS PROPERTIES INC., WAYNE THOMAS OIL AND GAS, and WILLIAM R. EARNHARDT, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 09-935-LPS |
| | : |
| SEMCRUDE, L.P., et al., | : |
| | : |
| Appellees. | : |

Brian S. Hermann, Esquire of PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, New York, New York.
K. John Shaffer, Esquire of STUTMAN, TREISTER & GLATT PC, Los Angeles, California.
Pauline K. Morgan, Esquire and Erin Edwards, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Appellant, Manchester Securities, Corp.

Martin A. Sosland, Esquire and Vance L. Beagles, Esquire of WEIL, GOTSHAL & MANGES LLP, Dallas, Texas.
Mark D. Collins, Esquire; John H. Knight, Esquire and L. Katherine Good, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Appellees/Reorganized Debtors.

**MEMORANDUM OPINION**

February 18, 2011
Wilmington, Delaware.

**Stark, District Judge.**

Pending before the Court is an appeal filed by Manchester Securities Corp. ("Manchester") of the October 28, 2009 Order of the Bankruptcy Court confirming the Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan") and overruling Manchester's Objection to the Plan. The Reorganized Debtors have filed a Motion To Dismiss Appeal Of Confirmation Order As Equitably Moot (D.I. 4). For the reasons discussed, the Court will grant the Motion.

## I. PARTIES' CONTENTIONS

By its Motion, the Reorganized Debtors contend that Manchester's appeal should be dismissed as equitably moot. The Reorganized Debtors point out that the Confirmation Order was not stayed, and the Plan was consummated on November 30, 2009. According to the Reorganized Debtors, they entered into numerous complex and intricate transactions consistent with the Plan and distributed $500 million in cash and $1 billion in value of new common stock and warrants to thousands of creditors, all of which would be almost impossible to unravel. To the extent the Reorganized Debtors could provide monetary relief to Manchester, the Reorganized Debtors maintain that such a cash payout would deplete them of their entire working capital and would result in a scenario that neither their creditors nor their exit lender would have approved in agreeing to compromise their claims and provide financing, respectively.

In response, Manchester contends that the doctrine of equitable mootness does not apply to this appeal. According to Manchester, its administrative claim only pertains to one of the twenty-five joint debtors and represents only $50 million, a small fraction of the $2 billion distributed to creditors under the Plan and the $1 billion in equity of the Reorganized Debtors. Manchester maintains that this small amount would not drain the Reorganized Debtors' working capital, which consists of $500 million, and would not have a substantial impact on the Reorganized

Debtors' credit-worthiness or liquidity. Because relief could be granted to Manchester that would not undermine the foundation of the Plan or result in its unraveling, Manchester contends that this appeal should not be dismissed as equitably moot.

## II. DISCUSSION

"Under the doctrine of equitable mootness, an appeal should be dismissed, even if the court has jurisdiction and could fashion relief, if the implementation of that relief would be inequitable." *In re Continental Airlines ("Continental II")*, 203 F.3d 203, 209 (3d Cir. 2000). The determination of whether an appeal is equitably moot requires a "discretionary balancing of equitable and prudential factors." *In re Continental Airlines ("Continental I")*, 91 F.3d 553, 560 (3d Cir. 1996). Specifically, the Court of Appeals for the Third Circuit has recognized five factors that courts should consider in evaluating whether an appeal should be dismissed under the doctrine of equitable mootness:

> (1) whether the reorganized plan has been substantially consummated; (2) whether a stay has been obtained; (3) whether the relief requested would affect the rights of parties not before the Court; (4) whether the relief requested would affect the success of the plan; and (5) the public policy of affording finality of bankruptcy judgments.

*Id.*

Applying these factors here, the Court concludes that Manchester's appeal is equitably moot. The Plan has been substantially consummated, and Manchester did not obtain a stay of the Confirmation Order.[1] In addition, the Court is persuaded that granting Manchester the relief it

---

[1] Manchester orally moved the Bankruptcy Court for a stay of the Confirmation Order, but the Bankruptcy Court denied the stay "without prejudice to [Manchester's] right to renew that request on a full record." (Tr. at 403:16-17, A-171) Manchester did not seek further relief and a

2

seeks would impact numerous third parties not before the Court, including the Reorganized Debtors' creditors and stockholders. Manchester seeks payment of a $50 million administrative claim against the Reorganized Debtors. Although the Reorganized Debtors have funds available for withdrawal to satisfy the claim, the amount sought by Manchester constitutes 100% of the cash that the Reorganized Debtors were permitted to retain upon their exit from Bankruptcy. The Reorganized Debtors are only projected to have generated $50 million in new cash by the end of 2010, and no funds were reserved to pay Manchester's claim, which was denied by the Bankruptcy Court. In the Court's view, depleting the Reorganized Debtors of their free cash flow would have a material impact on the value of the stock which was issued as part of the Plan and has been freely traded since its issuance. In addition, the relief Manchester seeks will increase the likelihood that the Reorganized Debtors will require additional sums from their lending facilities, which, in turn, creates a heightened risk to the lender and the creditors that was not bargained for by these third parties. In light of these heightened risks, the Court further finds that the public policy affording finality to bankruptcy judgments weighs in favor of dismissing this appeal.

To the extent Manchester relies on the Third Circuit's decision in *U.S. Trustee v. The Official Committee of Equity Security Holders (In re Zenith Elecs. Corp.)*, 329 F.3d 338 (3d Cir. 2003) ("*Zenith II*"), the Court finds *Zenith II* to be distinguishable. In *Zenith II*, the Third Circuit concluded that the appeal of the United States Trustee seeking the disgorgement of $76,500 in

---

stay was never obtained – two factors weighing in favor of dismissal of this appeal. *See Nordhoff Invs., Inc. v. Zenith Elecs. Corp.*, 258 F.3d 180, 186-187 (3d Cir. 2001) (recognizing that failure to seek stay with diligence weighs heavily in favor of dismissing appeal as equitably moot); *In re Cont'l Airlines*, 91 F.3d at 562 (recognizing that seeking stay may not be enough to avoid dismissal on grounds of equitable mootness because "a stay not sought, and a stay sought and denied, lead equally to the implementation of the plan of reorganization").

professional fees was not equitably moot despite substantial consummation of the debtor's plan of reorganization. Notably, the result of a successful appeal in *Zenith II* would be the return of money to the estate, a result beneficial to the debtor, its lenders, and its creditors. In contrast, Manchester's appeal here carries the detrimental potential of depleting funds from the Reorganized Debtor, a result which would require an amendment of the Plan and a negative shift in the financial landscape of the Reorganized Debtors that was not anticipated by the Reorganized Debtors, their lender, or their creditors, all of whom have relied on the confirmed Plan.

The Court's conclusion here is consistent with numerous cases from this District and others dismissing appeals on the grounds of equitable mootness. *See Magten Asset Management Corp. v. Northwestern Corp. (In re Northwestern Corp.)*, 2006 WL 2801871, at *2 (D. Del. Sept. 29, 2006) (dismissing appeal as equitably moot when creditor sought payment of $18.5 million from reorganized debtor's current operations, concluding that relief sought "will negatively impact [the debtor's] shareholders and its new lenders and creditors"); *Grimes v. Genesis Health Ventures, Inc (In re Genesis Health Ventures, Inc.)*, 280 B.R. 339 (D. Del. 2002) (dismissing appeal as equitably moot where appellant sought issuance of additional shares of stock on grounds that exit lenders and secured lenders who extended financing in exchange for common stock would be negatively impacted); *BNP Paribas v. National Restaurants Management, Inc. (In re National Restaurants Management, Inc.)*, 2001 WL 220023, at *4 (S.D.N.Y. Mar. 7, 2001) (dismissing as equitably moot appeal that would require debtors to pay their post-confirmation profits to unsecured lenders).

Accordingly, the Court is persuaded that the *Continental* factors weigh in favor of the dismissal of this appeal on the grounds of equitable mootness, and that the Third Circuit's holding

in *Zenith II* is inapplicable here.

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss Manchester's appeal.

An appropriate Order will be entered.