# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEMCRUDE, L.P.,** *et al.,* | : | Case No. 08-11525 (BLS) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | Ref. Docket Nos. 5808, 6347, 8495, 8592, 8593, 8594 |

## JOINDER OF THE SEMGROUP LITIGATION TRUST IN THOMAS KIVISTO'S EMERGENCY MOTION TO ENFORCE THE PROVISIONS OF THE ORDER CONFIRMING DEBTORS' FOURTH AMENDED JOINT PLAN AND TO ENFORCE THE PROVISIONS OF <u>THE CONFIRMED PLAN AND FOR OTHER RELIEF</u>

The SemGroup Litigation Trust ("the Trust"), by and through his undersigned counsel, hereby joins, as set forth below, the motion ("Motion") made by Thomas Kivisto ("Kivisto") requesting that the Court enter an order enforcing the provisions of the Court's October 28, 2009 *Order Confirming Debtors' Fourth Amended Joint Plan of Affiliated Debtors Pursuant To Chapter 11 Of The Bankruptcy Code* (Docket No. 6347) ("Confirmation Order") and enforcing the provisions of the Debtors' Fourth Amended Joint Plan of Affiliated Debtors Pursuant To Chapter 11 Of The Bankruptcy Code (Docket No. 5808) ("Confirmed Plan") with regard to the litigation brought by former limited partners of SemGroup L.P. styled *Cottonwood Partnership, L.L.P. et al. v. Pricewaterhouse Coopers LLP, et al.,* 11-CV-061-JHP-PJC (N.D. Okla.) ("Cottonwood Action").

As set forth in the Motion, the claims asserted in the Cottonwood Action are derivative claims that belong to the Trust – which may assert them or not at its option – and such claims may not be brought by any party other than the Trust under the Confirmed Plan and Confirmation Order. Accordingly the Trust respectfully submits that the Motion should be

granted irrespective whether the claims brought by the Trust in its actions against Kivisto[1] and PricewaterhouseCoopers ("PwC")[2] – or the factual circumstances underlying them – are found to be "similar" or "identical" to those asserted in the Cottonwood Action.

The Trust further notes that it has asserted separate and distinct claims in its action against Kivisto (which has settled as to certain parties but is proceeding against the remainder), on the one hand, and against PwC, on the other, each of which will be proven based on whatever specific facts are relevant thereto. To be sure, both cases relate to the collapse of SemGroup as a general matter, but the Trust takes no position on the extent of the overlap, if any, between what facts are relevant to its action against Kivisto as compared to its action against PwC, and for that reason does not join any particular statements in the Motion that could be interpreted as taking any position on such matters. *See* Motion ¶¶ 8-10, 21, 27, 30, 38-40.

Separately, as noted in the Motion (at ¶ 23, n.3), the Trust argued in the PwC Action that there is no federal "related to" jurisdiction over the state tort claims asserted therein.[3] Although the Court there did find that jurisdiction is present, it held that it must abstain under 28 U.S.C. § 1334(c)(2), and it therefore granted the Trust's motion to abstain and remand to state court on that basis. *See Whyte v. PricewaterhouseCoopers LLP*, No. 10-CV-485-GKF-FHM, 2011 WL 1104527 (N.D. Okla. March 22, 2011). With respect to the present Motion, whether or not there is federal "related to" jurisdiction to hear the *merits* of the state tort claims asserted in the Cottonwood Action, it is beyond peradventure that this Court has core jurisdiction to decide the

---

[1] *Bettina M. Whyte, as Trustee for the SemGroup Litigation Trust v. Thomas L. Kivisto, et al.*, Adv. No. 09-50189 (BLS) Bankr. D. Del.

[2] *Bettina M. Whyte, as Trustee of the SemGroup Litigation Trust v. PricewaterhouseCoopers LLP,* CJ-2010-04042, Tulsa County Okla. ("PwC Action").

[3] For this reason, the Trust does not join Kivisto's argument that there is "related to" jurisdiction here. *See* Motion ¶¶ 22-26.

04036.23000/4113214.1
134962.01600/22023835v.1

*standing* issue of whether the Confirmed Plan and Confirmation Order prohibit the former limited partners from asserting those derivative claims. *See* Motion ¶¶ 18-21.

The Trust joins the Motion in all other respects and accordingly respectfully requests that the Court grant the Motion for the reasons set forth therein.

Dated: Wilmington, Delaware
       May 19, 2011

**BLANK ROME LLP**

*/s/ David A. Dorey*
Bonnie Glantz Fatell (DE No. 3809)
David A. Dorey (DE No. 5283)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: fatell@blankrome.com
Email: dorey@blankrome.com

       and

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
R. Brian Timmons
David Grable
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3669
Facsimile: (213) 443-3100

       and

Terry L. Wit, Esquire
*(Pro Hac Motion filing pending)*
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6331
Facsimile: (415) 875-6700

*Counsel for The Litigation Trust*