

Phone: (302) 425-6418
Fax: (302) 425-6464
Email: Dorey@BlankRome.com

July 7, 2011

**VIA HAND DELIVERY**
The Honorable Brendan L. Shannon
United States Bankruptcy Court
  for the District of Delaware
824 North Market Street
Wilmington, DE 19801

    Re:    *In re: SemCrude, L.P., et al.*, No. 08-11525 (BLS) (Bankr. D. Del.)

Dear Judge Shannon:

    During the June 23, 2011, hearing on the motion of Thomas Kivisto ("Kivisto") to enforce the provisions of the order (the "Confirmation Order") confirming the above-captioned debtors' fourth amended joint plan (the "Plan") and to enforce the provisions of the confirmed Plan, this Court requested that, if there was activity in the proceedings in Oklahoma (either the Trust's action against Pricewaterhouse Coopers ("PwC") or the Cottonwood Plaintiffs' ("Plaintiffs") action against Kivisto and PwC), the Court be provided with an update.

    As reflected in the enclosed Minute Order, following briefing and oral argument on June 29, on July 1 the Tulsa District Court (the Oklahoma state court presiding over the Trust's action against PwC) denied PwC's motion to dismiss the Trust's claim for breach of fiduciary duty, and granted PwC's motion to dismiss the Trust's claim for violation of the Oklahoma Accountancy Act. On the latter claim, the Tulsa District Court accepted, as a matter of first impression, PwC's argument that the Oklahoma legislature did not intend to imply a private right of action under the Accountancy Act. PwC did not move to dismiss the Trust's professional malpractice claim, which will proceed together with its breach of fiduciary duty claim.

    As this Court is aware, the Plaintiffs have asserted claims for professional malpractice and breach of the Oklahoma Accountancy Act against PwC that are similar to the claims asserted by the Trust in its PwC action. Plaintiffs have not asserted a claim against PwC for breach of fiduciary duty. We respectfully submit that the Tulsa District Court's ruling dismissing the Trust's Accountancy Act claim should not alter this Court's analysis of the Trust's argument that Plaintiffs' Accountancy Act and professional malpractice claims are derivative of the Trust's claims. Accordingly, as we explained to Your Honor on June 23, the Plaintiffs' pending claims should be enjoined pursuant to the Plan and Confirmation Order.



We are of course available at the Court's convenience to provide further information regarding the Tulsa District Court's decision should Your Honor determine that would assist the Court in any way. If Your Honor so desires, we will arrange for a telephone conference with the parties to respond to any questions you may have.

                                                  Respectfully submitted,

                                                  */s/ David A. Dorey*

                                                  David A. Dorey
                                                  (DE # 5283)

DAD/mcl
Enclosure

cc:    Michael Busenkell, Esquire
       Thomas M. Horan, Esquire
       Andrew S. Hicks, Esquire
       Kimberly G. Davis, Esquire
       Scott D. Cousins, Esquire
       Dennis A. Meloro, Esquire
       Eric Winston, Esquire
       Terry L. Wit, Esquire