

WOMBLE
CARLYLE
SANDRIDGE
& RICE
A PROFESSIONAL LIMITED
LIABILITY COMPANY

222 Delaware Avenue
Wilmington, DE 19801

www.wcsr.com

Direct Dial: 302-252-4339
Direct Fax: 302-661-7707
E-mail: THoran@wcsr.com

August 29, 2011

**Via Hand Delivery**

The Honorable Brendan Linehan Shannon
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, Delaware 19801

　　　Re:　*In re: SemCrude, L.P., et al.*, No. 08-11525 (BLS) (Bankr. D. Del)

Dear Judge Shannon:

　　We write to provide the Court an update on the parties' pending litigation and a recent ruling from the United States District Court for the Northern District of Oklahoma, which we believe is dispositive of Thomas L. Kivisto's Emergency Motion to Enforce the Provisions of the Order Confirming the Debtors' Fourth Amended Joint Plan and to Enforce the Provisions of the Confirmed Plan and for Other Relief, Joinder of the SemGroup Litigation Trust, and Joinder of SemGroup Corporation (collectively "Kivisto's Motion") currently pending before the Court. We represent Cottonwood Partnership, LLP, et al. (collectively, the "Cottonwood Plaintiffs"), respondents to Kivisto's Motion.

　　On August 26, 2011, United States District Judge James H. Payne granted Cottonwood Plaintiffs' Motion to Remand the Oklahoma Litigation, which is the subject of Kivisto's Motion. *See* Judgment attached as Exhibit A. In the Minute Order issued by the United States District Court for the Northern District of Oklahoma, Judge Payne concluded that "federal bankruptcy jurisdiction does not exist" as to the Cottonwood Plaintiffs' claims. *See* Minute Order attached as Exhibit B. Judge Payne also ruled that, "[a]lternatively, the mandatory abstention provisions of 28 U.S.C. §1334(c)(2) require remand" of the Cottonwood Plaintiffs' Oklahoma Litigation, and "[f]inally, remand is permissively proper under 28 U.S.C. §1334(c)(1). *Id.*

　　Because the United States District Court for the Northern District of Oklahoma has concluded that bankruptcy jurisdiction does not exist over Cottonwood Plaintiffs' claims in the Oklahoma Litigation (and thus the subject matter of Kivisto's Motion), the Cottonwood Plaintiffs respectfully submit that the United States Bankruptcy Court for the District of Delaware lacks jurisdiction to consider Kivisto's Motion.


WOMBLE
CARLYLE
SANDRIDGE
& RICE
PLLC

August 29, 2011
Page 2

The Cottonwood Plaintiffs respectfully request a conference with the Court and the other parties to discuss (i) the effect of the Minute Order and, (ii) if the Court may find it helpful, a schedule for further briefing on this issue.

Respectfully submitted,

Thomas M. Horan

cc: David A. Dorey, Esq.
Kimberly G. Davis, Esq.
Scott D. Cousins, Esq.
Dennis A. Meloro, Esq.
Eric Winston, Esq.
Terry L. Wit, Esq.
Andrew S. Hicks, Esq.
Michael G. Busenkell, Esq.

WCSR 6941664v2

# EXHIBIT A

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

COTTONWOOD PARTNERSHIP, LLP,
DUNBAR FAMILY PARTNERSHIP, LP,
ROSENE FAMILY LLC., WARREN F.
KRUGER, KATHERINE A. KRUGER, DAVID
S. KRUGER, AND KATHRYN E. SHELLEY,

Case Number: 11-CV-061-JHP-PJC

Plaintiff(s),

vs.

PRICE WATERHOUSECOOPERS LLP,
THOMAS KIVISTO, AND JOHN DOES 1-25,

Defendant(s).

### JUDGMENT

This matter has come before the Court and an Order (Dkt.# 34) remanding the case to the Tulsa County District Court has been entered. Judgment remanding this case is hereby entered for the Plaintiffs, and against the Defendants.

**IT IS SO ORDERED** this 26th of August, 2011.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma

1

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

COTTONWOOD PARTNERSHIP, LLP,
DUNBAR FAMILY PARTNERSHIP, LP,
ROSENE FAMILY LLC., WARREN F.
KRUGER, KATHERINE A. KRUGER, DAVID
S. KRUGER, AND KATHRYN E. SHELLEY,

Case Number: 11-CV-061-JHP-PJC

           Plaintiff(s),

vs.

PRICE WATERHOUSECOOPERS LLP,
THOMAS KIVISTO, AND JOHN DOES 1-25,

           Defendant(s).

## MINUTE ORDER

At the direction of James H. Payne, U.S. District Judge, it is hereby ordered that: Plaintiff's Motion for Remand and for Abstention is granted because federal bankruptcy jurisdiction does not exist. Alternatively, the mandatory abstention provisions of 28 U.S.C. §1334(c)(2) require remand of this action. Finally, remand is permissively proper under 28 U.S.C. §1334(c)(1). Accordingly, this case is remanded to the District Court of Tulsa County, Oklahoma.

           Phil Lombardi,
           Clerk of Court, United States District Court

           s/P. Lynn
           By: P. Lynn, Deputy Clerk